# IN THE UNITED STATES DISTICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ELLA MADANELLA DWI MUSTIKA, Special Administrator of the Estate of Achmad Chotib Syamsur, deceased, NIA ASTRINA, Special Administrator of the Estate of Agus Salim, deceased, EFNI SYAHRIL, Special Administrator of the Estate of Amirruddin, deceased, DIANA POHAN NJO, Special Administrator of the Estate of Andy Rudyanto, deceased, ZAHARA AINI BINTI ALI HAMZAH, Special Administrator of the Estate of Aminuddin Muhammad, deceased, GUNAWAN PRIBADI, Special Administrator of the Estate of Burhanuddin, deceased, YENTI, Special Administrator of the Estate of Bambang Sistiyanto, deceased, IRVAN, Special Administrator of the Estate of Jully Chandra, deceased, NURLAELASARI, Special Administrator of the Estate of Didi Zakaria, deceased, MARIANA PANGGABEAN, Special Administrator of the Estate of Firdaus Panjaitan, deceased, NENI DWI ASTUTI HUTAGALUNG, Special Administrator of the Estate of Manalup Pardamean Hutagalung, deceased, HOLIDAH WATI LUBIS, Special Administrator of the Estate of Ismed Nasution, deceased, ANDI JUFRI, Special Administrator of the Estate of Jufri Abu Bakar, deceased, NURVINA ARFA, Special Administrator of the Estate of Khaliful Johar, deceased, UTRI RAHAYU TEJANSINGSIH LIKHOMSATUN, Special Administrator of the Estate of Muslich, deceased, ARJUNAIDI MARBUN, Special Administrator of the Estate of Maraden Marbun, deceased, PAINGOT MARPAUNG, Special Administrator of the Estate of Martha Lucya, deceased, SUARMI, Special Administrator of the Estate of Nokarto, deceased, YANTI FARIDAH NASUTION, Special Administrator of the Estate of Chaidir Nasution, deceased, SRI ROHANI, Special Administrator of the Estate of Purwoko bin Suwarno, deceased, SRI ELVI HERIYATI, Special Administrator of the Estate of Subakti, deceased, RORO PUTRI LYSTIA, Special Administrator of the Estate of Roro Subandriana, deceased, YULIE AYU UTARI,

No.

Filed:: APRIL 16, 2008
08CV2178   J. N.
JUDGE GUZMAN
MAG. JUDGE COX

Special Administrator of the Estate of Sutara, deceased, SYARIFAH LUBIS, Special Administrator of the Estate of Parulian Simanjuntak, deceased, BEGENING BELOW SUMIATI, Special Administrator of the Estate of Suripno, deceased, NGATMI, Special Administrator of the Estate of Syahrial Pohan, deceased, HJ, SITI JULIANA DALIMUNTHE, Special Administrator of the Estate of Ir. Armen Syahputra, deceased, SUYANTI, Special Administrator of the Estate of Sopianto, deceased, HANAFI GUCIANO, Special Administrator of the Estate of Titin Ayuasih Suwandi, deceased, JULIANA KURNIAWAN, Special Administrator of the Estate of Tosimin, deceased, ELIZA MAMINTA WIJAYA and RUSMIN WIJAYA, Co-Administrators of the Estate of Julian Mura Wijaya, deceased, IQBAL, Special Administrator of the Estate of Ir. Muhammad Yasmin, deceased, TUTIK HERYANTINAH, Special Administrator of the Estate of Yance Iskandar, deceased, YUDI RELAWANTO, Special Administrator of the Estate of Widhi Pramesti Tirtaningrum, deceased, SALMIAH, Special Administrator of the Estate of Zubir bin Abdulraof, deceased, LINA TARUDDIN, Special Administrator of the Estate of Jony Taruddin, deceased, HAJI T.R. MALIKUL, Special Administrator of the Estate of Darwis, deceased, RADEN HERI SUGIHARTO, Special Administrator of the Estate of Seslinazti, deceased, DRA. NUR HAYATI, Special Administrator of the Estate of Imran Manda Tikupadang, deceased, NURHASNI, Special Administrator of the Estate of Marlis, deceased, IR. AGUS IRAWAN, Special Administrator of the Estate of Retno Winarni, deceased, MIFIE SOERADJIE, Special Administrator of the Estate of Moeljono Oskan Soenjoto, deceased, EFFENDI, Special Administrator of the Estate of Hasnah, deceased, KHAIRUNISAK, Special Administrator of the Estate of Zulkifli Muhammad, deceased, WENILA, Special Administrator of the Estate of Sellaya Siwasangker, deceased, LUDWINA BARISE DAKHI, Special Administrator of the Estate of Eligius Anselmus Fa'Atulo Fau, deceased, ROSWITA TAMBUNAN, Special Administrator of the Estate of Elferia Siahaan, deceased, EDI JUNAIDI, Special Administrator of the Estate of Azhari Idris, deceased, NURLELY, Special Administrator of the Estate of Lovyta Sari, deceased, BAGINDA NABABAN, Special Administrator of the Estates of Polin Nababan and Serilena Sebayang, deceased, HOTMAN BUTAR BUTAR, Special Administrator of the Estate of Wasinton

Butar Butar, deceased, WILIATER SITUMORANG,
Special Administrator of the Estate of Bergman Situmorang,
deceased, TAUHIDDIAH, Special Administrator of the
Estates of Nurbaidah and Dahlan Ram, deceased, BARISAH,
Special Administrator of the Estate of Sofyan Ahmad, deceased,
HAMID SIREGAR, Special Administrator of the Estate of
Dra. Endang Dwi Putranti Hamid, deceased,

     Plaintiffs

 v.

HONEYWELL, INTERNATIONAL, a corporation,

     Defendant

## COMPLAINT

 Plaintiffs, through undersigned counsel, for their complaint against defendant state as follows:

## COUNT I

 1. Plaintiff Eliza Maminta Wijaya is a resident of Singapore. The remaining plaintiffs are residents of Indonesia. Plaintiffs Eliza Maminta Wijaya and Rusmin Wijaya were appointed Co-Administrators of the Estate of Julian Mura Wijaya by order of a court in Singapore. The remaining plaintiffs were appointed Special Administrators of their respective decedents' estates by orders of the Circuit Court of Cook County, Illinois. All plaintiffs also have been given the authority to act by all the beneficiaries of their respective decedents' estates on whose behalf this action is brought.

 2. Defendant Honeywell, International (hereinafter "Honeywell") is, upon information and belief, a foreign corporation which does business in this state and district.

3. This Court has jurisdiction over this action under 28 U.S.C. 1332. This is an action for wrongful death arising from an airplane crash. The amount in issue far exceeds the jurisdictional minimum of this Court as to each plaintiff. Venue is proper in this district under 28 U.S.C. 1391(a).

4. At some time prior to July 1993, Sundstrand Data Control, a division of Sundstrand Corp.(Sundstrand), designed, manufactured, assembled, tested and sold a certain Ground Proximity Warning Computer (GPWC) or Ground Proximity Warning System (GPWS), known as a MKII GPWC or GPWS (MKII). Sundstrand sold one such MKII, serial number 2689, to Airbus Industries and this MKII thereafter was installed in an Airbus A300 aircraft.

5. Sundstrand promised and warranted that the MKII would give timely alerts of approaching terrain to flight crews and thereby avoid air crashes caused by controlled flight into terrain.

6. However, the Sundstrand MKII was defective and unreasonably dangerous at the time it left the control of Sundstrand Data Control in that, among other defects, it failed to give timely aural and visual warnings in areas of precipitous terrain; it failed to give the warnings promised and warranted by Sundstrand; it gave an unreasonable number of false or nuisance warnings which interfered with the safe operation of flights; and it provided a mechanism by which the aural and visual warnings could be inhibited, deactivated or cancelled.

7. Sundstrand negligently failed to warn users of the MKII of these defects and the unreasonably dangerous condition of this product.

8. In July 1993, Sundstrand sold its Sundstrand Data Control division to Allied Signal Co. which later came to be known as defendant Honeywell.

9. Sundstrand states that it did not retain any employees or any records concerning the business of its former division. Rather, it states that all such employees and documents became a part of Honeywell.

10. Subsequent to the sale, Sundstrand states that it has had no involvement with the design, manufacture, sale or servicing of GPWC's or GPWS', including the MKII. Honeywell has completely assumed that former part of Sundstrand's business and, specifically, Honeywell has assumed responsibility for providing customer service and advice concerning products sold by Sundstrand Data Control, including the MKII.

11. Honeywell, through its employees who formerly were employees of Sundstrand, knew of the defective and dangerous condition of the MKII, as of the date of the sale of Sundstrand Data Control to Allied Signal, n/k/a Honeywell.

12 Further, subsequent to its purchase of Sundstrand Data Control, Honeywell acquired additional knowledge of the defective and unreasonably dangerous condition of the MKII.

13. Honeywell owed a duty to users of the MKII to warn of the defective and unreasonably dangerous conditions of that product, to advise as to necessary modifications to the MKII, and to warn and instruct as to the safe and proper operation of the product.

14. In breach of its duty owed, Honeywell negligently failed to warn of the defective and unreasonably dangerous conditions of the MKII, failed to advise as to necessary modifications to the MKII, and failed to warn and instruct as to the safe and

proper operation of the product. Further, instead of correcting the dangerous condition presented by the unreasonably large number of false and nuisance warnings provided by the MKII, Honeywell negligently advised users of the MKII to inhibit, deactivate and cancel warnings, which would include valid warnings, and instructed users of the MKII how to inhibit, deactivate and cancel warnings.

15. On September 26, 1997, the MKII, serial number 2689, was installed and in working condition on an Airbus A300 aircraft being operated by P.T. Garuda Indonesia Airlines as Flight GA 152 from Jakarta to Medan, Indonesia.

16. Plaintiffs' decedents were either fare-paying passengers or flight attendants aboard this aircraft.

17. As the direct and proximate result of one or more negligent acts or omissions by defendant Honeywell, in breach of its duty owed, the subject aircraft was caused to, and did, crash violently into the ground near Medan, Indonesia and, as a consequence thereof, plaintiffs' decedents were killed.

18. Plaintiffs' decedents left surviving minor beneficiaries for whose benefit this action is brought.

19. The minor beneficiaries of the decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort and companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

20. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment in their favor against defendant Honeywell, International for an amount in excess of the jurisdictional minimum of this Court, together with costs and such other damages as may be allowed by law.

/s/ Floyd A. Wisner
_____
Floyd A. Wisner
Attorney for Plaintiffs

Floyd A. Wisner
Wisner Law Firm
934 S 4th St
St Charles, IL 60174
630-513-9434
630-513-6287 (fax)