## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ELLA MANDELA DWI MUSTIKA, Special Administrator of the Estate of Achmad Chotib Syamsur, deceased, et al. | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 2178 |
| -v- | ) ) ) | |
| HONEYWELL, INTERNATIONAL, a corporation, | ) ) ) | |
| Defendant. | ) ) | |

## HAMILTON SUNDSTRAND'S MOTION
## FOR CONSOLIDATION AND REASSIGNMENT

NOW COMES DEFENDANT HAMILTON SUNDSTRAND CORPORATION ("Hamilton Sundstrand"), by and through its attorneys, William F. DeYoung, Loretto M. Kennedy, Mark A. Stang, and Kendall E. Woods, and moves the Court to enter an order, pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 40.4, finding that *Sumiati v. Hamilton Sundstrand Corporation,* No. 08 C 3289 ("*Sumiati*") and *Mustika v. Honeywell, International,* No. 08 C 2178 ("*Mustika*") are related, and reassigning *Sumiati* to this Court for the purposes of consolidation with *Mustika*. In support, Hamilton Sundstrand states as follows:

1. These two actions for which consolidation is sought arise out of the same airline accident, the crash of Garuda Indonesia Flight GA-152 near Medan, Indonesia on September 26, 1997.

2. Plaintiffs' attorneys brought eight cases in the Circuit Court of Cook County against Hamilton Sundstrand, which were consolidated by that court into a single action, *Sumiati*, as they involve common questions of law and fact. *Sumiati* has been removed to this District

Court and is pending before the Honorable William Hibbler. (Copies of the complaints in *Sumiati* are attached hereto as Exhibit A, and the notice of removal is attached hereto as Exhibit B.)

3.    *Mustika* was filed in this Court on April 16, 2008. *Sumiati* was removed to this Court on June 5, 2008.

4.    Federal Rule of Civil Procedure 42(a) provides in pertinent part: "When actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated . . . ." In addition, Local Rule 40.4(b) provides for assignment of "related" actions to a single judge where "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." Actions are related if the cases involve some of the same issues of fact or law or the cases grow out of the same transaction or occurrence. See Local Rule 40.4(a)(2)-(3).

5.    Because *Mustika* and *Sumiati* arise out of the same airline accident, they grow out of the same occurrence and involve many identical issues of fact and law, and are therefore "related" actions within the meaning of Local Rule 40.4(a)(2) – (3).

6.    Each of the four above-quoted criteria for reassignment of these related cases under Local Rule 40.4(b) have also been met. *First*, both actions are pending in the Northern District of Illinois. *Second*, the handling of these actions by one judge in a single proceeding will save judicial time and effort. These actions arise out of the same airline crash in Indonesia; moreover, the plaintiffs in *Sumiati* include all of the 53 plaintiffs in *Mustika*. Reassignment and

consolidation would mean that only one judge would have to preside over discovery, pretrial motions, and, most importantly, one trial relating to the crash of Garuda Indonesia Flight GA-152. *Third, Mustika* is at its very beginning stage, so it has not progressed to the point where reassignment and consolidation of *Sumiati* will delay the proceedings in this case at all, let alone substantially. *Fourth*, these cases may be disposed of in a single proceeding. Indeed, they should be disposed of in a single proceeding to avoid potentially inconsistent rulings and scheduling conflicts by two different judges.

7.      Because these related actions with common legal and factual issues meet all four conditions of Local Rule 40.4(b), *Sumiati* should be reassigned to this Court based on relatedness and consolidated with *Mustika*, in accordance with Fed. R. Civ. P. 42(a).

WHEREFORE, Defendant Hamilton Sundstrand Corporation respectfully requests the Court to enter an order finding that *Sumiati v. Hamilton Sundstrand Corporation*, No. 08 C 3289 is related to this action, and reassigning the *Sumiati* action to this Court for the purpose of consolidation with *Mustika*.

/s/ William F. DeYoung

One of the Attorneys for Defendant

HAMILTON SUNDSTRAND CORPORATION

William F. DeYoung
Loretto M. Kennedy
Mark A. Stang
Kendall E. Woods
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 444-9300

771822\1\14158\26934

STATE OF ILLINOIS     )
                       ) ss:
COUNTY OF COOK     )

## AFFIDAVIT OF SERVICE

I, Laura Cahill, a non-attorney, state that I caused a true and correct copy of **Defendant Hamilton Sundstrand's Motion For Consolidation And Reassignment,** a copy of said document having been simultaneously served upon the parties, to be served via hand delivery before 4:00 p.m. on the 10th day of June, 2008, upon the following counsel of record:

David J. Gubbins                      Donald Nolan, Esq.
221 N. LaSalle                        Paul R. Borth, Esq.
Suite 2100                            Nolan Law Group
Chicago, IL 60601              20 N. Clark Street, 30th Floor
Telephone: (773) 742-2236      Chicago, IL 60602
Facsimile: (312) 236-3613       Telephone: (312) 630-4000
                                     Facsimile: (312) 630-4011

I, Laura Cahill, a non-attorney, state that I caused a true and correct copy of **Defendant Hamilton Sundstrand's Motion For Consolidation And Reassignment,** a copy of said document having been simultaneously served upon the parties, to be served via the CM/ECF system, which will send notification of such filing to all parties listed as attorneys of record, before 4:00 p.m. on the 10th day of June, 2008, upon the following counsel of record:

Floyd A. Wisner, Esq.
Wisner Law Firm
934 S. 4th St.
St. Charles, IL 60174
Telephone: (630) 513-9434
Facsimile: (630) 513-0716

SUBSCRIBED and SWORN to before
me this 10th day of June, 2008.

NOTARY PUBLIC

"OFFICIAL SEAL"
Diana M. Boyer
Notary Public, State of Illinois
My Commission Exp. 11/09/2008

-4-

# EXHIBIT A

(part 1 of 4 parts)

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

CLAIRE A. SLATER, Special          )
Administrator of the Estate        )
of CLIVE SLATER, deceased,         )
                                   )
              Plaintiff,     )
                                   )
      -vs-                        )    Case No.
                                   )
SUNDSTRAND CORPORATION, a          )
corporation, now known as          )
HAMILTON SUNDSTRAND CORPORATION,   )
                                   )
             Defendant.     )

04L 002545
CALENDAR E
PRODUCT LIABILITY

## COMPLAINT AT LAW

Now comes the plaintiff, CLAIRE A. SLATER, Special Administrator of the Estate of CLIVE SLATER, deceased, by and through her attorneys, NOLAN LAW GROUP, and complaining against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION ("Sundstrand"), states as follows:

### COUNT I

### WRONGFUL DEATH – STRICT LIABILITY

1.  On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2.  Plaintiff, CLAIRE A. SLATER, was born on March 5, 1984, and is the daughter of decedent, CLIVE SLATER.  This action is brought for the benefit of Claire A. Slater and Allana Slater, minor daughter of decedent, CLIVE SLATER.

3.  On September 26, 1997, plaintiff's decedent, CLIVE SLATER, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

4.  Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit Sundstrand Mark 2 GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

5.  At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

a)  Said GPWS was designed, manufactured, assembled, sold and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain;

b)  Said GPWS was designed, manufactured, assembled, sold and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

c)  Said GPWS was designed, manufactured, assembled, sold and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component part;

d)  Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

6.  As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiff's decedent, CLIVE SLATER, was injured and caused to expire.

7.  At the time of the death of plaintiff's decedent, he left surviving his daughters, CLAIRE A. SLATER, who will be 20 years of age on March 5, 2004, and ALLANA SLATER, a minor, for whose benefit this action is brought.

8.  By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services and loss of support resulting from the death of plaintiffs' decedent, CLIVE SLATER.

9.  Plaintiff, CLAIRE A. SLATER, is the duly appointed special administrator of the estate of CLIVE SLATER, deceased, by order of this Court.

10.  This action is being brought pursuant to 740 ILCS 180/0.01, et seq., commonly known as the *Illinois Wrongful Death Act.*

WHEREFORE, plaintiff, CLAIRE A. SLATER, Special Administrator of the Estate of CLIVE SLATER, deceased, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of

the Circuit Court of Cook County, Illinois, together with cost

this action.

## COUNT II

### SURVIVAL ACTION - STRICT LIABILITY

1.-5.    Plaintiff hereby adopts and realleges paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

6.    As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiff's decedent, CLIVE SLATER, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death.

7.    Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

8.    Plaintiff, CLAIRE A. SLATER, is the duly appointed special administrator of the estate of CLIVE SLATER, deceased, by order of this Court.

9.    This action is being brought pursuant to 755 ILCS 5/27-6, commonly known as the *Illinois Survival Act*.

4

WHEREFORE, plaintiff, CLAIRE A. SLATER, Special Administrator of the Estate of CLIVE SLATER, deceased, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT III

### WRONGFUL DEATH - NEGLIGENCE

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2. Plaintiff, CLAIRE A. SLATER, was born on March 5, 1984, and is the daughter of decedent, CLIVE SLATER. This action is brought for the benefit of Claire A. Slater and Allana Slater, minor daughter of decedent, CLIVE SLATER.

3. On September 26, 1997, plaintiff's decedent, CLIVE SLATER, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

4. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts; to-wit

5

Sundstrand Mark 2 GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

5.    It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, CLIVE SLATER.

6.    Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

a)    Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain;

b)    Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

c)    Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

d)    Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without first properly or adequately inspecting and testing the same.

7.    As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and

that as a consequence thereof, plaintiff's decedent, CLIVE SLATER, was injured and caused to expire.

8. At the time of the death of plaintiff's decedent, he left surviving his daughters, CLAIRE A. SLATER, who will be 20 years of age on March 5, 2004, and ALLANA SLATER, a minor, for whose benefit this action is brought.

9. By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services and loss of support from the death of plaintiff's decedent, CLIVE SLATER.

10. Plaintiff, CLAIRE A. SLATER, is the duly appointed special administrator of the estate of CLIVE SLATER, deceased, by order of this Court.

11. This action is being brought pursuant to 740 ILCS 180/0.01, et. seq., commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiff, CLAIRE A. SLATER, Special Administrator of the Estate of CLIVE SLATER, deceased, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT IV

### SURVIVAL ACTION - NEGLIGENCE

1.6.    Plaintiff hereby adopts and realleges paragraphs 1 through 6, inclusive, of Count III as and for paragraphs 1 through 6, inclusive, as Count IV of this Complaint at Law as though fully set forth herein.

7.    As direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiff's decedent, CLIVE SLATER, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death.

8.    Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

9.    Plaintiff, CLAIRE A. SLATER, is the duly appointed special administrator of the estate of CLIVE SLATER, deceased, by order of this Court.

10.    This action is being brought pursuant to 755 ILCS 5/27-6, commonly known as the *Illinois Survival Act.*

WHEREFORE, plaintiff, CLAIRE A. SLATER, Special Administrator of the Estate of CLIVE SLATER, deceased, prays for entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation,

8

now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

Floyd A. Wisner

(# 36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
NOLAN LAW GROUP
20 North Clark Street
30th Floor
Chicago, IL  60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CLAIRE A. SLATER and ALLANA       )
SLATER, Special Co-Administrators )
of the Estate of CLIVE SLATER,    )
deceased,                         )
                                  )
              Plaintiffs,         )
                                  )
        -vs-                      )   Case No. 04 L 002545
                                  )
SUNDSTRAND CORPORATION, a         )
corporation, now known as         )
HAMILTON SUNDSTRAND CORPORATION,  )
                                  )
              Defendant.          )

### FIRST AMENDED
### COMPLAINT AT LAW

Now come plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, Special Co-Administrators of the Estate of CLIVE SLATER, deceased, by and through their attorneys, NOLAN LAW GROUP, and complaining against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION ("Sundstrand"), state as follows:

### COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1.  On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2.  Plaintiff, CLAIRE A. SLATER, was born on March 5, 1984, and is the daughter of decedent, CLIVE SLATER.  Plaintiff, ALLAN

SLATER, was born on April 5, 1984, and is the daughter of decedent, CLIVE SLATER. This action is brought for the benefit of Clair A. Slater and Allana Slater, the surviving daughters of decedent, CLIVE SLATER.

3. On September 26, 1997, plaintiffs' decedent, CLIVE SLATER, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

4. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit Sundstrand Mark 2 GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

5. At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

   a) Said GPWS was designed, manufactured, assembled, sold and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain;

   b) Said GPWS was designed, manufactured, assembled, sold and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

   c) Said GPWS was designed, manufactured, assembled, sold and distributed without proper and adequate warnings of the unsafe and

2

dangerous conditions then and there existing on or about said GPWS and its component part;

d) Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

6.  As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedent, CLIVE SLATER, was injured and caused to expire.

7.  At the time of the death of plaintiffs decedent, he left surviving his daughters, CLAIRE A. SLATER, who reached her majority on March 5, 2004, and ALLANA SLATER, who reached her majority on April 5, 2004, and for whose benefit this action is brought.

8.  By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services and loss of support resulting from the death of plaintiffs' decedent, CLIVE SLATER.

9.  Plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, are the duly appointed special co-administrators of the estate of CLIVE SLATER, deceased, by order of this Court.

10.  This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act.*

WHEREFORE, plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, Special Co-Administrator of the Estate of CLIVE SLATER, deceased, pray for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

### COUNT II

### SURVIVAL ACTION - STRICT LIABILITY

1.-5.   Plaintiffs hereby adopt and reallege paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

6.   As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedent, CLIVE SLATER, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death.

7.   Had plaintiffs' decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

8.  Plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, are the duly appointed special co-administrators of the estate of CLIVE SLATER, deceased, by order of this Court.

9.  This action is being brought pursuant to 755 ILCS 5/27-6, commonly known as the *Illinois Survival Act*.

WHEREFORE, plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, Special Co-Administrator of the Estate of CLIVE SLATER, deceased, pray for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT III

### WRONGFUL DEATH - NEGLIGENCE

1.  On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2.  Plaintiff, CLAIRE A. SLATER, was born on March 5, 1984, and is the daughter of decedent, CLIVE SLATER.  Plaintiff, ALLANA SLATER, was born on April 5, 1984, and is the daughter of decedent, CLIVE SLATER.  This action is brought for the benefit of Claire A. Slater and Allana Slater, the surviving daughters of the decedent, CLIVE SLATER.

5

3. On September 26, 1997, plaintiffs' decedent, CLIVE SLATER, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

4. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts; to-wit Sundstrand Mark 2 GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

5. It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale and/or distribution of said GPWS so as not to cause injury to or death of plaintiffs' decedent, CLIVE SLATER.

6. Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

a) Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain;

b) Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

c) Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

6

   d)   Negligently and carelessly designed,
        manufactured, assembled, sold and distributed
        said GPWS without first properly or adequately
        inspecting and testing the same.

7.   As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedent, CLIVE SLATER, was injured and caused to expire.

8.   At the time of the death of plaintiff's decedent, he left surviving his daughters, CLAIRE A. SLATER, who reached her majority on March 5, 2004, and ALLANA SLATER, who reached her majority on April 5, 1984, and for whose benefit this action is brought.

9.   By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services and loss of support from the death of plaintiffs' decedent, CLIVE SLATER.

10.   Plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, are the duly appointed special co-administrators of the estate of CLIVE SLATER, deceased, by order of this Court.

11.   This action is being brought pursuant to 740 ILCS 180/0.01, et. seq., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, Special Co-Administrators of the Estate of CLIVE SLATER, deceased, pray for the entry of a judgment against defendant, SUNDSTRAND

ORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

**COUNT IV**

**SURVIVAL ACTION - NEGLIGENCE**

1.6.    Plaintiffs hereby adopt and reallege paragraphs 1 through 6, inclusive, of Count III as and for paragraphs 1 through 6, inclusive, as Count IV of this Complaint at Law as though fully set forth herein.

7.    As direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedent, CLIVE SLATER, was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death.

8.    Had plaintiffs' decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

9.    Plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, are the duly appointed special co-administrators of the estate of CLIVE SLATER, deceased, by order of this Court.

10.   This action is being brought pursuant to 755 ILCS 5/27-6, commonly known as the *Illinois Survival Act*.

WHEREFORE, plaintiffs, CLAIRE A. SLATER and ALLANA SLATER, Special Co-Administrators of the Estate of CLIVE SLATER, deceased, pray for entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

Floyd A. Wisner

(# 36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

BARBARA SLATER, Administrator of    )
the Estate of CLIVE SLATER,          )
deceased,                            )
                                     )
                Plaintiff,           )
                                     )
        -vs-                         )    Case No. 04 L 2545
                                     )
SUNDSTRAND CORPORATION, a            )
corporation, now known as            )
HAMILTON SUNDSTRAND CORPORATION,     )
                                     )
                Defendant.           )

FILED-18
05 DEC -1 PM 3 43
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION
DOROTHY BROWN
CLERK

## SECOND AMENDED COMPLAINT AT LAW

Now comes plaintiff, BARBARA SLATER, Administrator of the
Estate of CLIVE SLATER, deceased, by and through her attorneys,
NOLAN LAW GROUP, and complaining against defendant, SUNDSTRAND
CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND
CORPORATION ("Sundstrand"), states as follows:

### COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1.  On September 26, 1997, and for a long time prior thereto,
defendant Sundstrand was a corporation duly authorized to conduct
business within the County of Cook and State of Illinois and was so
doing.

2.  Claire A. Slater was born on March 5, 1984, and is the
daughter of plaintiff's decedent, CLIVE SLATER.  Allana Slater was
born on April 5, 1984, and is the daughter of plaintiff's decedent,
CLIVE SLATER.  Plaintiff, BARBARA SLATER, is the wife of decedent,

CLIVE SLATER.    This action is brought for the sole benefit of Claire A. Slater and Allana Slater, the surviving daughters of plaintiff's decedent, CLIVE SLATER.

3.    On September 26, 1997, plaintiff's decedent, CLIVE SLATER, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

4.    Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

5.    At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

    (a)    Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

    (b)    Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

2

    (c)  Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts;

    (d)  Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

6. As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiff's decedent, CLIVE SLATER, was injured and caused to expire.

7. At the time of the death of plaintiff's decedent, he left surviving his daughters, Claire A. Slater and Allana Slater, for whose sole benefit this action is brought.

8. By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, CLIVE SLATER.

9. Plaintiff, BARBARA SLATER, is the administrator of the estate of CLIVE SLATER, deceased, by order of a court in Australia. Plaintiff, BARBARA SLATER, brings this action as administrator of the estate of CLIVE SLATER, deceased, for the sole benefit of Claire A. Slater and Allana Slater.

3

10.    This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act.*

WHEREFORE, plaintiff, BARBARA SLATER, Administrator of the Estate of CLIVE SLATER, deceased, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.  On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2.  Claire A. Slater was born on March 5, 1984, and is the daughter of plaintiff's decedent, CLIVE SLATER.  Allana Slater was born on April 5, 1984, and is the daughter of plaintiff's decedent, CLIVE SLATER.  Plaintiff, BARBARA SLATER, is the wife of decedent, CLIVE SLATER.   This action is brought for the sole benefit of Claire A. Slater and Allana Slater, the surviving daughters of plaintiff's decedent, CLIVE SLATER.

3.  On September 26, 1997, plaintiff's decedent, CLIVE SLATER, was a passenger aboard an Airbus A300 aircraft being operated as

4

P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

4.    Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts; to-wit Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

5.    It then and there became and was the duly of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, CLIVE SLATER.

6.    Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

   (a) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

   (b) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

   (c) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

5

(d)   Negligently   and   carelessly   designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

7.   As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiff's decedent, CLIVE SLATER, was injured and caused to expire.

8.   At the time of the death of plaintiff's decedent, CLIVE SLATER, he left surviving his daughters, Claire A. Slater and Allana Slater, for whose sole benefit this action is brought.

9.   By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support from the death of plaintiff's decedent, CLIVE SLATER.

10.   Plaintiff, BARBARA SLATER, is the administrator of the estate of CLIVE SLATER, deceased, by order of a court in Australia. Plaintiff, BARBARA SLATER, brings this action as administrator of the estate of CLIVE SLATER, deceased, for the sole benefit of Claire A. Slater and Allana Slater.

11.   This action is being brought pursuant to 740 ILCS 180/0.01, et seq., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiff, BARBARA SLATER, Administrator of the Estate of CLIVE SLATER, deceased, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

Floyd A. Wisner

(#36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

7

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

MRS. SUMIATI, Special Administrator of ) <br>
the Estate of MR. SURIPNO, deceased, ) <br>
et al., )

                Plaintiffs, )

       -vs- )     Case No. 04 L 13895

SUNDSTRAND CORPORATION, a corporation, ) <br>
now known as HAMILTON SUNDSTRAND ) <br>
CORPORATION, )

                Defendant. )

**NOTICE OF FILING**

TO:   Mr. William F. DeYoung, Esq. <br>
      *CHUHAK & TECSON, P.C.* <br>
      30 South Wacker Drive - Suite 2600 <br>
      Chicago, IL   60606

     **PLEASE TAKE NOTICE** that on the 7th day of January, 2005, there was filed with the Clerk of the Circuit Court of Cook County, County Department, Law Division, *Proof of Service from the State Marshall of Windsor Locks, Connecticut upon Defendant*, a copy of which is attached hereto and served upon you.

                By:   Floyd A. Wisner <br>
                One of the Attorneys for Plaintiffs

(# 36211) <br>
*NOLAN LAW GROUP* <br>
Attorneys for Plaintiffs <br>
20 North Clark Street - 30th Floor <br>
Chicago, IL   60602 <br>
Telephone: 312.630.4000 <br>
Facsimile: 312.630.4011

**CERTIFICATE OF SERVICE**

     Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that copies of this notice with attachment were mailed to the attorney whose name appears above at his address by placing them in an envelope duly addressed, with postage fully prepaid, and by depositing the same in the U.S. Mail located at 20 North Clark Street, Chicago, Illinois, at or before the hour of 5:00 PM on this 7th day of January, 2005.

                     Paula L. Jett

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (Rev.12/3/01) CCG 0001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ LAW _____ DIVISION

(Name all parties)

MRS. SUMIATI, Special Administrator of the Estate of
MR. SURIPNO, deceased, et al.,

Plaintiffs,

v.

SUNDSTRAND CORPORATION, a corporation,
now known as HAMILTON SUNDSTRAND
CORPORATION,

Defendant.

No. 04L 013895
CALENDAR E
PRODUCT LIABILITY

FILED-1
2005 JAN -7 PM 3:57
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

### SUMMONS

To each defendant:

      YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

    ☒  Richard J. Daley Center, 50 W. Washington, Room _____ 801 _____, Chicago, Illinois 60602

| ❑ District 2 - Skokie | ❑ District 3 - Rolling Meadows | ❑ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |

| ❑ District 5 - Bridgeview | ❑ District 6 - Markham | |
|---|---|---|
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | |
| Bridgeview, IL 60455 | Markham, IL 60426 | |

You must file within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

      This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: 36211

Name: NOLAN LAW GROUP

Atty. for: Plaintiffs

Address: 20 North Clark Street - 30th Floor

City/State/Zip: Chicago, IL  60602

Telephone: 312.630.4000 - Facsimile:  312.630.4011

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ DEC 1 1 2004 _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**STATE OF CONNECTICUT** )

                       )ss: WINDSOR LOCKS         JANUARY 3, 2004

**COUNTY OF HARTFORD** )

       Then and by virtue thereof and by the direction of the Plaintiff's Attorney, I left a verified true and attested copy of the original summons and complaint with and in the hands Jeffrey Chanin Associate General Counsel who is duly authorized to accept service for Sundstrand Corporation a Corporation now known as Hamilton Sundstrand Corporation at One Hamilton Road in Windsor Locks, CT.

       The within is the original summons and complaint with my doings hereon endorsed.

                             **ATTEST:**

                             **GRANT S. CARRAGHER**
                             **CT/STATE/MARSHAL**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MRS. SUMIATI, Special Administrator,      )
of the Estate of MR. SURIPNO, deceased;   )
DESI PRIHARTINI, individually, and        )
successor in interest and heir of         )
MR. SURIPNO, deceased; RIKI GUSTIAWAN,    )
a minor, and successor in interest and    )
heir of MR. SURIPNO, deceased, by his     )
mother, MRS. SUMIATI, as guardian and     )
next friend of RIKI GUSTIAWAN, a minor;   )
TRI SUSILAWATI, a minor, and successor    )
in interest and heir of MR. SURIPNO,      )
deceased, by her mother, MRS. SUMIATI,    )
as guardian and next friend of TRI        )
SUSILAWATI, a minor; DIANA POHAN NJO,     )
Special Administrator of the Estate of    )
ANDY RUDYANTO, deceased; SHELLY           )
RUDYANTO, individually, and successor     )
in interest and heir of ANDY RUDYANTO,    )
deceased; and EVANS GEK, a minor, and     )
successor in interest and heir of ANDY    )
RUDYANTO, deceased, by her mother,        )
DIANA POHAN NJO, as guardian and next     )
friend of EVANS GEK, a minor,             )
                                          )
                    Plaintiffs,           )
                                          )        04L 013895
                                          )        CALENDAR E
             -vs-                         )   Case NO.
                                          )        PRODUCT LIABILITY
SUNDSTRAND CORPORATION, a corporation,    )
now known as HAMILTON SUNDSTRAND          )
CORPORATION,                              )
                                          )
                    Defendants.           )

## COMPLAINT AT LAW

Now come plaintiffs, MRS. SUMIATI, Special Administrator of

the Estate of MR. SURIPNO, deceased, DESI PRIHARTINI, individually,

and successor in interest and heir of MR. SURIPNO, deceased, RIKI

GUSTIAWAN, a minor, and successor in interest and heir of MR.

SURIPNO, deceased, by his mother, MRS. SUMIATI, as guardian and

next friend of RIKI GUSTIAWAN, a minor, TRI SUSILAWATI, a minor,

and successor in interest and heir of MR. SURIPNO, deceased, by her mother, MRS. SUMIATI, as guardian and next friend of TRI SUSILAWATI, a minor, DIANA POHAN NJO, Special Administrator of the Estate of ANDY RUDYANTO, deceased, SHELLY RUDYANTO, individually, and successor in interest and heir of ANDY RUDYANTO, deceased, and EVANS GEK, a minor, and successor in interest and heir of ANDY RUDYANTO, deceased, by her mother, DIANA POHAN NJO, as guardian and next friend of EVANS GEK, a minor, and each of them, by and through their attorneys, NOLAN LAW GROUP, and complaining against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION ("Sundstrand"), state as follows:

### COUNT I

#### WRONGFUL DEATH - STRICT LIABILITY

1.  On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2.  Plaintiff, DESI PRIHARTINI, was born on December 14, 1984, and is the daughter of decedent, MR. SURIPNO. Plaintiff, RIKI GUSTIAWAN, was born on July 16, 1987, and is the minor son of decedent, MR. SURIPNO. Plaintiff, TRI SUSILAWATI, was born on September 25, 1993, and is the minor daughter of decedent, MR. SURIPNO. Plaintiff, MRS. SUMIATI is the wife of decedent, MR. SURIPNO, and is the mother of plaintiff, DESI PRIHARTINI, and is

the mother and natural guardian of plaintiffs, RIKI GUSTIAWAN, a minor, and TRI SUSILAWATI, a minor.

3.  This cause of action is brought by all plaintiffs for the sole benefit of these surviving children of MR. SURIPNO, deceased, plaintiffs, DESI PRIHARTINI, RIKI GUSTIAWAN, a minor, by his mother, MRS. SUMIATI, as guardian and next friend of RIKI GUSTIAWAN, and TRI SUSILAWATI, a minor, by her mother, MRS. SUMIATI, as guardian and next friend of TRI SUSILAWATI, a minor.

4.  Plaintiff, SHELLY RUDYANTO, was born on December 14, 1984, and is the daughter of decedent, ANDY RUDYANTO.  Plaintiff, EVANS GEK, was born on August 29, 1988, and is the minor daughter of decedent, ANDY RUDYANTO.  Plaintiff, DIANA POHAN NJO is the wife of decedent, ANDY RUDYANTO, and is the mother of plaintiff, SHELLY RUDYANTO, and is the mother and natural guardian of plaintiff, EVANS GEK, a minor.

5.  This cause of action is brought by all plaintiffs for the sole benefit of these surviving children of ANDY RUDYANTO, deceased, plaintiffs, SHELLY RUDYANTO and EVANS GEK, a minor, by her mother, DIANA POHAN NJO, as guardian and next friend of EVANS GEK, a minor.

6.  On September 26, 1997, plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them, were passengers aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

3

7.    Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark 2 GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

8.    At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

(a)    Said GPWS was designed, manufactured, assembled, sold and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)    Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)    Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)    Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

9.    As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently

4

crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them, were injured and caused to expire.

10.   At the time of the death of plaintiffs' decedent, MR. SURIPNO, he left surviving DESI PRIHARTINI, his daughter, RIKI GUSTIAWAN, his minor son, and TRI SUSILAWATI, his minor daughter, for whose sole benefit this action is brought.

11.   At the time of the death of plaintiffs' decedent, ANDY RUDYANTO, he left surviving SHELLY RUDYANTO, his daughter, and EVANS GEK, his minor daughter, for whose sole benefit this action is brought.

12.   By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them.

13.   Plaintiff, MRS. SUMIATI, is the duly appointed special administrator of the estate of MR. SURIPNO, deceased, by order of this Court.   These plaintiffs bring this action for the sole benefit of DESI PRIHARTINI, RICKY GUSTIAWAN, a minor, and TRI SUSILAWATI, a minor, and each of them, as surviving children of MR. SURIPNO, deceased.

14.   Plaintiff, DIANA POHAN NJO, is the duly appointed special administrator of the estate of ANDY RUDYANTO, deceased, by order of

5

this Court.   These plaintiffs bring this action for the sole benefit of SHELLY RUDYANTO and EVANS GEK, a minor, and each of them, as surviving children of ANDY RUDYANTO, deceased.

15.   This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act.*

WHEREFORE, plaintiffs, MRS. SUMIATI, Special Administrator of the Estate of MR. SURIPNO, deceased, DESI PRIHARTINI, individually, and successor in interest and heir of MR. SURIPNO, deceased, RIKI GUSTIAWAN, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by his mother, MRS. SUMIATI, as guardian and next friend of RIKI GUSTIAWAN, a minor, TRI SUSILAWATI, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by her mother, MRS. SUMIATI, as guardian and next friend of TRI SUSILAWATI, a minor, DIANA POHAN NJO, Special Administrator of the Estate of ANDY RUDYANTO, deceased, SHELLY RUDYANTO, individually, and successor in interest and heir of ANDY RUDYANTO, deceased, and EVANS GEK, a minor, and successor in interest and heir of ANDY RUDYANTO, deceased, by her mother, DIANA POHAN NJO, as guardian and next friend of EVANS GEK, a minor, and each of them, pray for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law

Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### SURVIVAL ACTION - STRICT LIABILITY

1.-8.  Plaintiffs, and each of them, hereby adopt and reallege paragraphs 1 through 8, inclusive, of Count I as and for paragraphs 1 through 8, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

9.  As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

10.  Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such actions have survived them.

11.  Plaintiff, MRS. SUMIATI, is the duly appointed special administrator of the estate of MR. SURIPNO, deceased, by order of this Court.   These plaintiffs bring this action for the sole benefit of DESI PRIHARTINI, RIKI GUSTIAWAN, a minor, and TRI

SUSILAWATI, a minor, and each of them, as surviving children of MR. SURIPNO, deceased.

12. Plaintiff, DIANA POHAN NJO, is the duly appointed special administrator of the estate of ANDY RUDYANTO, deceased, by order of this Court. These plaintiffs bring this action for the sole benefit of SHELLY RUDYANTO and EVANS GEK, a minor, and each of them, as surviving children of ANDY RUDYANTO, deceased.

13. This action is being brought pursuant to 755 ILCS 5/27-6, commonly known as the *Illinois Survival Act*.

WHEREFORE, plaintiffs, MRS. SUMIATI, Special Administrator of the Estate of MR. SURIPNO, deceased, DESI PRIHARTINI, individually, and successor in interest and heir of MR. SURIPNO, deceased, RIKI GUSTIAWAN, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by his mother, MRS. SUMIATI, as guardian and next friend of RIKI GUSTIAWAN, a minor, TRI SUSILAWATI, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by her mother, MRS. SUMIATI, as guardian and next friend of TRI SUSILAWATI, a minor, DIANA POHAN NJO, Special Administrator of the Estate of ANDY RUDYANTO, deceased, SHELLY RUDYANTO, individually, and successor in interest and heir of ANDY RUDYANTO, deceased, and EVANS GEK, a minor, and successor in interest and heir of ANDY RUDYANTO, deceased, by her mother, DIANA POHAN NJO, as guardian and next friend of EVANS GEK, a minor, and each of them, pray for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a

corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT III

### WRONGFUL DEATH - NEGLIGENCE

1.  On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2.  Plaintiff, DESI PRIHARTINI, was born on December 14, 1984, and is the daughter of decedent, MR. SURIPNO.  Plaintiff, RIKI GUSTIAWAN, was born on July 16, 1987, and is the minor son of decedent, MR. SURIPNO.  Plaintiff, TRI SUSILAWATI, was born on September 25, 1993, and is the minor daughter of decedent, MR. SURIPNO.  Plaintiff, MRS. SUMIATI is the wife of decedent, MR. SURIPNO, and is the mother of plaintiff, DESI PRIHARTINI, and is the mother and natural guardian of plaintiffs, RIKI GUSTIAWAN, a minor, and TRI SUSILAWATI, a minor.

3.  This cause of action is brought for the sole benefit of these surviving children of MR. SURIPNO, deceased, plaintiffs, DESI PRIHARTINI, RIKI GUSTIAWAN, a minor, by his mother, MRS. SUMIATI, as guardian and next friend of RIKI GUSTIAWAN, and TRI SUSILAWATI,

a minor, by her mother, MRS. SUMIATI, as guardian and next friend of TRI SUSILAWATI, a minor.

4. Plaintiff, SHELLY RUDYANTO, was born on December 14, 1984, and is the daughter of decedent, ANDY RUDYANTO. Plaintiff, EVANS GEK, was born on August 29, 1988, and is the minor daughter of decedent, ANDY RUDYANTO. Plaintiff, DIANA POHAN NJO is the wife of decedent, ANDY RUDYANTO, and is the mother of plaintiff, SHELLY RUDYANTO, and is the mother and natural guardian of plaintiff, EVANS GEK, a minor.

5. This cause of action is brought for the sole benefit of these surviving children of ANDY RUDYANTO, deceased, plaintiffs, SHELLY RUDYANTO and EVANS GEK, a minor, by her mother, DIANA POHAN NJO, as guardian and next friend of EVANS GEK, a minor.

6. On September 26, 1997, plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them, were passengers aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

7. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts; to-wit: Sundstrand Mark 2 GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

8. It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture,

assembly, sale, and/or distribution of said GPWS so as not to cause

injury to or death of plaintiffs' decedents, MR. SURIPNO and ANDY

RUDYANTO, and each of them.

9.   Notwithstanding the aforesaid duty, defendant Sundstrand

committed one or more of the following acts or omissions:

(a)   Negligently   and   carelessly   designed,
manufactured, assembled, sold, and distributed
said GPWS such that the system did not provide
timely aural and visual warnings in areas of
precipitous terrain and, specifically, did not
provide such aural and visual warnings as
represented and warranted by defendant;

(b)   Negligently   and   carelessly   designed,
manufactured, assembled, sold, and distributed
said GPWS without proper and adequate
instructions regarding the inspection and
testing of said GPWS and its component parts;

(c)   Negligently   and   carelessly   designed,
manufactured, assembled, sold, and distributed
said GPWS without proper and adequate warnings
of the unsafe and dangerous conditions then
and there existing on or about said GPWS and
its component parts; and

(d)   Negligently   and   carelessly   designed,
manufactured, assembled, sold, and distributed
said GPWS without first properly or adequately
inspecting and testing the same.

10.   As a direct and proximate result of one or more of the

foregoing acts or omissions, said aircraft was caused to and did

violently crash into the ground in the Republic of Indonesia, and

that as a consequence thereof, plaintiffs' decedents, MR. SURIPNO

and ANDY RUDYANTO, and each of them, were injured and caused to

expire.

11.    At the time of the death of plaintiffs' decedent, MR. SURIPNO, he left surviving DESI PRIHARTINI, his daughter, RIKI GUSTIAWAN, his minor son, and TRI SUSILAWATI, his minor daughter, for whose sole benefit this action is brought.

12.    At the time of the death of plaintiffs' decedent, ANDY RUDYANTO, he left surviving SHELLY RUDYANTO, his daughter, and EVANS GEK, his minor daughter, for whose sole benefit this action is brought.

13.    By reason of the premises, said next of kin, and each of them, have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them.

14.    Plaintiff, MRS. SUMIATI, is the duly appointed special administrator of the estate of MR. SURIPNO, deceased, by order of this Court.    These plaintiffs bring this action for the sole benefit of DESI PRIHARTINI, RIKI GUSTIAWAN, a minor, and TRI SUSILAWATI, a minor, and each of them, as surviving children of MR. SURIPNO, deceased.

15.    Plaintiff, DIANA POHAN NJO, is the duly appointed special administrator of the estate of ANDY RUDYANTO, deceased, by order of this Court.    These plaintiffs bring this action for the sole benefit of SHELLY RUDYANTO and EVANS GEK, a minor, and each of them, as surviving children of ANDY RUDYANTO, deceased.

WHEREFORE, plaintiffs, MRS. SUMIATI, Special Administrator of the Estate of MR. SURIPNO, deceased, DESI PRIHARTINI, individually, and successor in interest and heir of MR. SURIPNO, deceased, RIKI GUSTIAWAN, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by his mother, MRS. SUMIATI, as guardian and next friend of RIKI GUSTIAWAN, a minor, TRI SUSILAWATI, a minor, and successor in interest and heir of MR. SURIPNO, deceased, by her mother, MRS. SUMIATI, as guardian and next friend of TRI SUSILAWATI, a minor, DIANA POHAN NJO, Special Administrator of the Estate of ANDY RUDYANTO, deceased, SHELLY RUDYANTO, individually, and successor in interest and heir of ANDY RUDYANTO, deceased, and EVANS GEK, a minor, and successor in interest and heir of ANDY RUDYANTO, deceased, by her mother, DIANA POHAN NJO, as guardian and next friend of EVANS GEK, a minor, and each of them, pray for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook county, Illinois, together with costs of this action.

## COUNT IV

### SURVIVAL ACTION - NEGLIGENCE

1.-9.   Plaintiffs hereby adopt and reallege paragraphs 1 through 9, inclusive, of Count III as and for paragraphs 1 through

9, inclusive, as Count IV of this Complaint at Law as though fully set forth herein.

10.  As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia, and that as a consequence thereof, plaintiffs' decedents, MR. SURIPNO and ANDY RUDYANTO, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their death, and property damage.

11.  Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such actions have survived them.

12.  Plaintiff, MRS. SUMIATI, is the duly appointed special administrator of the estate of MR. SURIPNO, deceased, by order of this Court.  These plaintiffs bring this action for the sole benefit of DESI PRIHARTINI, RIKI GUSTIAWAN, a minor, and TRI SUSILAWATI, a minor, and each of them, as surviving children of MR. SURIPNO, deceased.

13.  Plaintiff, DIANA POHAN NJO, is the duly appointed special administrator of the estate of ANDY RUDYANTO, deceased, by order of this Court.  These plaintiffs bring this action for the sole benefit of SHELLY RUDYANTO and EVANS GEK, a minor, and each of them, as surviving children of ANDY RUDYANTO, deceased.

14

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MRS. SUMIATI and DIANA POHAN NJO,  )
                                    )
                Plaintiffs,         )
                                    )
            -vs-                    )    Case No.   04L 013895
                                    )               CALENDAR E
SUNDSTRAND CORPORATION, a           )               PRODUCT LIABILITY
corporation, now known as HAMILTON  )
SUNDSTRAND CORPORATION,             )
                                    )
                Defendant.          )

## ORDER

THIS MATTER coming on to be heard on plaintiffs' Petition for Appointment of Special Administrator, the Court being fully advised in the premises, and having jurisdiction of the parties and subject matter hereof;

IT IS HEREBY ORDERED that plaintiff, MRS. SUMIATI, be and is hereby appointed special administrator of the estate of MR. SURIPNO, deceased, and plaintiff, DIANA POHAN NJO, be and is hereby appointed special administrator of the estate of ANDY RUDYANTO, deceased, pursuant to 740 ILCS 180/2.1.

JUDGE WILLIAM MADDUX

DEC 14 2004

CIRCUIT COURT - 1559 2004

*NOLAN LAW GROUP*
Attorneys for Plaintiffs
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

ENTER:

_____      _____
Judge                    Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

MR. MURSAL, Special Administrator )
of the Estate of ANSIAH ANSARI, )
deceased, et al., )
                         )
            Plaintiff, )
                         )
        -vs-            )    Case No.   05 L 000121
                         )
SUNDSTRAND CORPORATION, a )
corporation, now known as )
HAMILTON SUNDSTRAND CORPORATION, )
                         )
            Defendant. )

### NOTICE OF FILING

TO:  William F. DeYoung, Esq.     TO:  Loretto M. Kennedy, Esq.
      *CHUHAK & TECSON, P.C.*               *CHUHAK & TECSON, P.C.*
      30 South Wacker Drive           30 South Wacker Drive
      Suite 2600                      Suite 2600
      Chicago, IL   60606            Chicago, IL   60606

     **PLEASE TAKE NOTICE** that on the 19th day of January, 2005, there was filed with the Clerk of the Circuit Court of Cook County, County Department, Law Division, *Proof Of Service Upon Defendant, Sundstrand Corporation, n/k/a Hamilton Sundstrand Corporation, By The State Marshall Of Windsor Locks, Connecticut*, copies of which are attached hereto and served upon you.

                      BY: _____
                               Floyd A. Wisner

(# 36211)
*NOLAN LAW GROUP*
Attorneys for Plaintiffs
20 North Clark Street - 30th Floor
Chicago, IL   60602
Tel: 312.630.4000/Fax: 312.630.4011

### CERTIFICATE OF SERVICE

     Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that copies of this notice with attachment were mailed to the attorneys whose names appear above at their address by placing them in an envelope duly addressed, with postage fully prepaid, and by depositing the same in the U.S. Mail located at 20 North Clark Street, Chicago, Illinois, at or before the hour of 5:00 PM on the 19th day of January, 2005.

                               _____
                               Paula L. Jett

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | **(Rev.12/3/01) CCG 0001** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

**(Name all parties)**

MR. MURSAL, Special Administrator of the Estate of
ANSIAH ANSARI, deceased, and of the Estate of
T. MAHMUDDIN ANSARI, deceased, et al.,

v.

SUNDSTRAND CORPORATION, a corporation,
now known as HAMILTON SUNDSTRAND
CORPORATION,

No. _____

05L 000121
CALENDAR E
PRODUCT LIABILITY

### SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is
hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at
the following location:

☐  Richard J. Daley Center, 50 W. Washington, Room __801_____, Chicago, Illinois 60602

| ☐ **District 2 - Skokie** | ☐ **District 3 - Rolling Meadows** | ☐ **District 4 - Maywood** |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |

| ☐ **District 5 - Bridgeview** | ☐ **District 6 - Markham** |
|---|---|
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. |
| Bridgeview, IL 60455 | Markham, IL 60426 |

**You must file within 30 days after service of this summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
REQUESTED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with
endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall
be returned so endorsed. This summons may not be served later than 30 days after its date.

JAN 0 5 2005

Atty. No.: _36211_____            WITNESS, _____

Name: _NOLAN LAW GROUP_____

Atty. for: _Plaintiff_____            _____
                                                          Clerk of Court
Address: _20 North Clark Street - 30th Floor___

City/State/Zip: _Chicago, IL  60602___     Date of service: _____, _____

Telephone: _312.630.4000 - Facsimile:  31.630.4011_     (To be inserted by officer on copy left with defendant
                                                                                      or other person)

Service by Facsimile Transmission will be accepted at: _____
                                                                          (Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**STATE OF CONNECTICUT)**
                         )ss: WINDSOR LOCKS              JANUARY 11, 2005
**COUNTY OF HARTFORD    )**


Then and by virtue thereof and by the direction of the Plaintiff's
Attorney, I left a verified true and attested copy of the original
summons and complaint with in the hands of Attorney Jeff Chanin
Associate General Counsel for Hamilton Sundstrand Corporation who
is duly authorized to accept service at One Hamilton Road in
Windsor Locks, Ct.


The within is the original Summons and Complaint with my doings
hereon endorsed.


                                        **ATTEST:**



                                        **GRANT S. CARRAGHER**

                                        **CONN/STATE/MARSHAL**

# EXHIBIT A

## (Part 2 of 4)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MRS. SUMIATI and DIANA POHAN NJO,  )
                                    )
                 Plaintiffs,        )
                                    )
            -vs-                    )    Case No.    04L 013895
                                    )                CALENDAR E
SUNDSTRAND CORPORATION, a           )                PRODUCT LIABILITY
corporation, now known as HAMILTON  )
SUNDSTRAND CORPORATION,             )
                                    )
                 Defendant.         )

## ORDER

THIS MATTER coming on to be heard on plaintiffs' Petition for Appointment of Special Administrator, the Court being fully advised in the premises, and having jurisdiction of the parties and subject matter hereof;

IT IS HEREBY ORDERED that plaintiff, MRS. SUMIATI, be and is hereby appointed special administrator of the estate of MR. SURIPNO, deceased, and plaintiff, DIANA POHAN NJO, be and is hereby appointed special administrator of the estate of ANDY RUDYANTO, deceased, pursuant to 740 ILCS 180/2.1.

**JUDGE WILLIAM MADDUX**

DEC 1 4 2004

CIRCUIT COURT - 1559

NOLAN LAW GROUP
Attorneys for Plaintiffs
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

ENTER:

_____
Judge              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

MR. MURSAL, Special Administrator )
of the Estate of ANSIAH ANSARI, )
deceased, and of the Estate of )
T. MAHMUDDIN ANSARI, deceased, )
and as Guardian and Next Friend )
of MS. NURLAILY, a minor, )
)
              Plaintiff, )
)
       -vs- )    Case No.
)
SUNDSTRAND CORPORATION, a )    05L 000121
corporation, now known as )    CALENDAR E
HAMILTON SUNDSTRAND CORPORATION, )    PRODUCT LIABILITY
)
              Defendant. )

### COMPLAINT AT LAW

Now comes the plaintiff, MR. MURSAL, Special Administrator of
the Estate of ANSIAH ANSARI, deceased, and of the Estate of T.
MAHMUDDIN ANSARI, deceased, and as Guardian and Next Friend of MS.
NURLAILY, a minor, by and through his attorneys, NOLAN LAW GROUP,
and complaining against defendant, SUNDSTRAND CORPORATION, a
corporation, now known as HAMILTON SUNDSTRAND CORPORATION
("Sundstrand"), states as follows:

### COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1.  On September 26, 1997, and for a long time prior thereto,
defendant Sundstrand was a corporation duly authorized to conduct
business within the County of Cook and State of Illinois and was so
doing.

2. Plaintiff, MS. NURLAILY, was born on January 6, 1985, and is the minor daughter of the decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI.

3. This cause of action is brought by plaintiff, MR. MURSAL, as Special Administrator of the Estate of ANSIAH ANSARI, deceased, and of the Estate of T. MAHMUDDIN ANSARI, deceased, and as Guardian and Next Friend of MS. NURLAILY, the surviving minor child of decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, for the sole benefit of this surviving minor child of decedents.

4. On September 26, 1997, plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them, were passengers aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

5. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

6. At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

2

(a)  Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)  Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)  Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)  Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

7.  As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedents, ANSIAH ANSARI, deceased, and T. MAHMUDDIN ANSARI, deceased, and each of them, were injured and caused to expire.

8.  At the time of the deaths of plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them, they left surviving MS. NURLAILY, their minor daughter, for whose sole benefit this action is brought.

9.  By reason of the premises, said next of kin has sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them.

10.  Plaintiff, MR. MURSAL, is the duly appointed special administrator of the estate of ANSIAH ANSARI, deceased, and of the estate of T. MAHMUDDIN ANSARI, deceased, by order of this Court. This plaintiff brings this action for the sole benefit of MS. NURLAILY, a minor, as the surviving child of the decedents.

11.  This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiff, MR. MURSAL, Special Administrator of the Estate of ANSIAH ANSARI, deceased, and of the Estate of T. MAHMUDDIN ANSARI, deceased, and as Guardian and Next Friend of MS. NURLAILY, a minor, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-5.   Plaintiff hereby adopts and realleges paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

6.   It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them.

7.   Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

    (a)   Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

    (b)   Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

    (c)   Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

    (d)   Negligently   and   carelessly   designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

8.   As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them, were injured and caused to expire.

9.   At the time of the deaths of plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them, they left surviving MS. NURLAILY, their minor daughter, for whose sole benefit this action is brought.

10.   By reason of the premises, said next of kin has sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiff's decedents, ANSIAH ANSARI and T. MAHMUDDIN ANSARI, and each of them.

11.   Plaintiff, MR. MURSAL, is the duly appointed special administrator of the estate of ANSIAH ANSARI, deceased, and of the estate of T. MAHMUDDIN ANSARI, deceased, by order of this Court. This plaintiff brings this action for the sole benefit of MS. NURLAILY, a minor, as the surviving child of ANSIAH ANSARI, deceased, and T. MAHMUDDIN ANSARI, deceased.

6

WHEREFORE, the plaintiff, MR. MURSAL, Special Administrator of the Estate of ANSIAH ANSARI, deceased, and of the Estate of T. MAHMUDDIN ANSARI, deceased, and as Guardian and Next Friend of MS. NURLAILY, a minor, prays for the entry of a judgment against defendant, SUNDSTRAND CORPORATION, a corporation, now known as HAMILTON SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

Respectfully submitted,

NOLAN LAW GROUP

Floyd A. Wisner

(# 36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL    60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

7

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

ANDRI JUFRI, Special Administrator )
of the Estate of MR. JUFRI ABU )
BAKAR, deceased, )
                Plaintiff, )
)
      -vs- )    Case No.
)
HAMILTON SUNDSTRAND CORPORATION, )
a corporation, f/k/a SUNDSTRAND )
CORPORATION, )
)
         Defendant. )

2005L002003
CALENDAR/ROOM X
TIME 00:00
Product Liability

## COMPLAINT AT LAW

Now comes the plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, by and through his attorneys, NOLAN LAW GROUP, and complaining against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION ("Sundstrand"), states as follows:

## COUNT I

## WRONGFUL DEATH - STRICT LIABILITY

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2. Plaintiff, ANDRI JUFRI, born on February 18, 1985, plaintiff, ANDHIKA JUFRI, born on March 20, 1990, and plaintiff, ANZIA JUFRI, born on November 30, 1992, are the surviving sons of plaintiff's decedent, MR. JUFRI ABU BAKAR.

This cause of action is brought by plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, for the sole benefit of these surviving sons of decedent.

4. On September 26, 1997, plaintiff's decedent, MR. JUFRI ABU BAKAR, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

5. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

6. At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

(a) Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b) Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection, testing, maintenance, and repair of said GPWS and its component parts;

(c) Said GPWS was designed, manufactured, assembled, sold, and distributed without

2

proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d) Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

7. As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. JUFRI ABU BAKAR, was injured and caused to expire.

8. At the time of the death of plaintiff's decedent, MR. JUFRI ABU BAKAR, he left surviving plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI and ANZIA JUFRI, for whose sole benefit this action is brought.

9. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. JUFRI ABU BAKAR.

10. Plaintiff, ANDRI JUFRI, is the duly appointed special administrator of the estate of MR. JUFRI ABU BAKAR, deceased, by order of this Court. This plaintiff brings this cause of action for the sole benefit of plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI, and ANZIA JUFRI, as the surviving sons of decedent.

11.   This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-5.   Plaintiff hereby adopts and realleges paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

6.   It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, MR. JUFRI ABU BAKAR.

7.   Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a)   Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide

4

timely ral and visual warnings i areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection, testing, maintenance, and repair of said GPWS and its component parts;

(c) Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

8. As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. JUFRI ABU BAKAR, was injured and caused to expire.

9. At the time of the death of plaintiff's decedent, MR. JUFRI ABU BAKAR, he left surviving plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI and ANZIA JUFRI, for whose sole benefit this action is brought.

10. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society,

5

services, and loss of support resulting from the death of plaintiff's decedent, MR. JUFRI ABU BAKAR.

11.  Plaintiff, ANDRI JUFRI, is the duly appointed special administrator of the estate of MR. JUFRI ABU BAKAR, deceased, by order of this Court.  This plaintiff brings this action for the sole benefit of plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI, and ANZIA JUFRI, as the surviving sons of MR. JUFRI ABU BAKAR, deceased.

WHEREFORE, plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

Floyd A. Wisner

(# 36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
NOLAN LAW GROUP
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

6

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

| | | |
|---|---|---|
| ANDRI JUFRI, Special Administrator ) | | |
| of the Estate of MR. JUFRI ABU ) | | |
| BAKAR, deceased, ) | | |
| Plaintiff, ) | | |
| ) | | |
| -vs- ) | Case No. | |
| ) | | |
| HAMILTON SUNDSTRAND CORPORATION, ) | | |
| a corporation, f/k/a SUNDSTRAND ) | | |
| CORPORATION, ) | | |
| ) | | 2005L002003 |
| Defendant. ) | | CALENDAR/ROOM X |
| | | TIME 00:00 |
| | | Product Liability |

**SUPREME COURT RULE 222 AFFIDAVIT**

Now comes the plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, by and through his attorneys, NOLAN LAW GROUP, and pursuant to Supreme Court Rule 222, states and attests, under oath, that the amount of damages sought in the above captioned matter exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000).

NOLAN LAW GROUP

_____
Floyd A. Wisner

(# 36211)
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

ANDRI JUFRI, Special Administrator )
of the Estate of MR. JUFRI ABU )
BAKAR, deceased, )
     Plaintiff, )
          )
    -vs- )  Case No.  05 L 2003
          )
HAMILTON SUNDSTRAND CORPORATION, )
a corporation, f/k/a SUNDSTRAND )
CORPORATION, )
          )
     Defendant. )

## FIRST AMENDED COMPLAINT AT LAW

Now comes the plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, by and through his attorneys, NOLAN LAW GROUP, and complaining against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION ("Sundstrand"), states as follows:

### COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1.  On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2.  Plaintiff, ANDRI JUFRI, born on February 18, 1985, plaintiff, ANDHIKA JUFRI, born on March 20, 1990, and plaintiff, ANZIA JUFRI, born on November 30, 1992, are the surviving sons of plaintiff's decedent, MR. JUFRI ABU BAKAR.

3.  This cause of action is brought by plaintiff, ANDRI JUFRI, as Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, for the sole benefit of these surviving sons of decedent.

4.  On September 26, 1997, plaintiff's decedent, MR. JUFRI ABU BAKAR, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

5.  Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

6.  At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

    (a)  Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

    (b)  Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

2

(c) Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d) Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

7. As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. JUFRI ABU BAKAR, was injured and caused to expire.

8. At the time of the death of plaintiff's decedent, MR. JUFRI ABU BAKAR, he left surviving plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI and ANZIA JUFRI, for whose sole benefit this action is brought.

9. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. JUFRI ABU BAKAR.

10. Plaintiff, ANDRI JUFRI, is the duly appointed special administrator of the estate of MR. JUFRI ABU BAKAR, deceased, by order of this Court. This plaintiff brings this cause of action for the sole benefit of plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI, and ANZIA JUFRI, as the surviving sons of decedent.

3

11. This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act.*

WHEREFORE, plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-5. Plaintiff hereby adopts and realleges paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

6. It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, MR. JUFRI ABU BAKAR.

7. Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of

4

precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c) Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

8. As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. JUFRI ABU BAKAR, was injured and caused to expire.

9. At the time of the death of plaintiff's decedent, MR. JUFRI ABU BAKAR, he left surviving plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI and ANZIA JUFRI, for whose sole benefit this action is brought.

10. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. JUFRI ABU BAKAR.

5

11.   Plaintiff, ANDRI JUFRI, is the duly appointed special administrator of the estate of MR. JUFRI ABU BAKAR, deceased, by order of this Court.   This plaintiff brings this action for the sole benefit of plaintiffs, ANDRI JUFRI, ANDHIKA JUFRI, and ANZIA JUFRI, as the surviving sons of MR. JUFRI ABU BAKAR, deceased.

WHEREFORE, plaintiff, ANDRI JUFRI, Special Administrator of the Estate of MR. JUFRI ABU BAKAR, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

Floyd A. Wisner

(# 36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
NOLAN LAW GROUP
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

6

# EXHIBIT A

**(Part 3 of 4)**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

MS. ELLA MADANELA DWI MUSTIKA, Special   )
Administrator of the Estate of MR.          )
ACHMAD CHOTIB SYAMSUR, deceased;        )
                                   )
MRS. EFNI SYAHRIL, Special           )
Administrator of the Estate of       )
MR. AMIRRUDDIN, deceased;            )
                                   )  Case No.
MR. ADI DHARMAWAN ARDJASOEBRATA,     )
Special Administrator of the Estate of  )
MR. APON RENDI ARDJASOEBRATA, deceased, )
and of the Estate of MRS. ELLY YULIANI, )
deceased;                             )
                                   )
MRS. BELINDA ADELIN, Special        )
Administrator of the Estate of       )
MR. AGUSTONO DJUNAIDI, deceased;     )
                                   )
MR. BUDI ASHSIDDIQ MANGGALA, Special   )
Administrator of the Estate of MR.      )
ALDYS ASBIRAN, deceased;            )
                                   )
MRS. ZAHARA AINI BINTI ALI HAMZAH,    )
Special Administrator of the Estate   )
of MR. AMINUDDIN MUHAMMAD, deceased;   )
                                   )
MR. GUNAWAN PRIBADI, Special        )
Administrator of the Estate of       )
MR. BURHANUDDIN, deceased;          )
                                   )
MRS. YENTI, Special Administrator of   )
the Estate of MR. BAMBANG SISTIYANTO,  )
YSM., deceased;                  )
                                   )
MS. ADE RINANDA LUBIS, Special      )
Administrator of the Estate of       )
MR. BACHRI SYAHNAN LUBIS, deceased;    )
                                   )
MR. IRVAN, Special Administrator of    )
the Estate of MRS. JULLY CHANDRA,     )
deceased;                             )
                                   )
MR. RAJA HERU PERMADI, Special      )
Administrator of the Estate of       )
MR. RAJA DJUMHANA JOHAN, deceased;    )
                                   )

2005L003774
CALENDAR/ROOM G
RE 60180
Other

CLERK OF CIRCUIT COURT
LAW DIVISION

2005 APR -5  PM 12: 04

MRS. NORIATA BORU LUMBAN TERUAN,          )
Special Administrator of the Estate of    )
MR. DONALD MANAMPIN HUTASOIT, deceased;   )
                                          )
MRS. NURLAELASARI, Special                )
Administrator of the Estate of            )
MR. DIDI ZAKARIA, deceased;               )
                                          )
MRS. MARIANA PANGGABEAN, Special          )
Administrator of the Estate of MR.        )
FIRDAUS PANJAITAN, deceased;              )
                                          )
MRS. NENI DWI ASTUTI HUTAGALUNG,          )
Special Administrator of the Estate       )
of MR. MANALUP PARDAMEAN HUTAGALUNG,      )
deceased;                                 )
                                          )
MRS. TRIANA SARI, Special Administrator   )
of the Estate of MR. R. HEDDY             )
HADIWINATA, deceased;                     )
                                          )
MRS. HOLIDAH WATI LUBIS, Special          )
Administrator of the Estate of            )
MR. ISMED NASUTION, deceased;             )
                                          )
MRS. SALMAH AISYAH, Special               )
Administrator of the Estate of            )
MR. ILHAMSYAH OWIE, deceased;             )
                                          )
MR. NURVINA ARFA, Special Administrator   )
of the Estate of MR. KHALIFUL JOHAR,      )
deceased;                                 )
                                          )
MRS. UTRI RAHAYU TEJANINGSIH              )
LIKHOMSATUN, Special Administrator        )
of the Estate of MR. MUSLICH, deceased;   )
                                          )
MR. RICARDO SIMAMORA, Special             )
Administrator of the Estate of            )
MRS. MARTHA MANIK SH., deceased;          )
                                          )
MR. PAINGOT MARPAUNG, Special             )
Administrator of the Estate of            )
MRS. MARTHA LUCYA, deceased;              )
                                          )
MRS. SUARMI, Special Administrator of     )
the Estate of MR. NOKARTO, deceased;      )
                                          )

MRS. SALIAH, Special Administrator of )
the Estate of MR. NIMROT HAPOSAN )
PANJAITAN, deceased; )
)
MR. ARJUNA ROUSDHIE, Special )
Administrator of the Estate of MRS. )
NURLINA SARI NASUTION, deceased; )
)
MRS. YANTI FARIDAH NASUTION, Special )
Administrator of the Estate of MR. )
CHAIDIR NASUTION, deceased; )
)
MRS. SRI ROHANI, Special Administrator )
of the Estate of MR. PURWOKO BIN )
SUWARNO, deceased; )
)
MS. MARISSA SYLVIA REGINA, Special )
Administrator of the Estate of MR. )
RISMAN ANWAR, deceased; )
)
MR. AMANSYAH SITEPU, Special )
Administrator of the Estate of )
MR. RASNASSAIBU SITEPU, deceased; )
)
MRS. KHAIRANI, Special Administrator )
of the Estate of MR. SUTRISNO, )
deceased; )
)
MRS. SRI ELVI HERIYATI, Special )
Administrator of the Estate of )
MR. SUBAKTI, deceased; )
)
MS. RORO PUTRI LYSTIA, Special )
Administrator of the Estate of MRS. )
RORO SUBANDRIANA, deceased; )
)
YULIE AYU UTARI, Special Administrator )
of the Estate of MR. SUTARA, deceased; )
)
MRS. SYARIFAH LUBIS, Special )
Administrator of the Estate of MR. )
PARULIAN SIMANJUNTAK, deceased; )
)
MS. EKA YUNITA, Special Administrator )
of the Estate of MR. M. SALIM, deceased;)
)

3

HJ. SITI JULIANA DALIMUNTHE, Special )
Administrator of the Estate of MR. IR. )
ARMEN SYAHPUTRA, deceased; )
)
MRS. SUYANTI, Special Administrator of )
the Estate of MR. SOPIANTO, deceased; )
)
CRISTINE CORY ISABELA S., Special )
Administrator of the Estate of MR. )
IR. RADJIN JOP SIBERO, deceased; )
)
MRS. ROSMIATI, Special Administrator of )
the Estate of MR. SABARUDDIN, deceased; )
)
MRS. ERIKA SITANGGANG, Special )
Administrator of the Estate of MR. )
BONAHARA LUMBAN TOBING, deceased; )
)
MR. HANAFI S. GUCIANO, Special )
Administrator of the Estate of MRS. )
TITIN AYUASIH SUWANDI, deceased; )
)
MRS. JULIANA KURNIAWAN, Special )
Administrator of the Estate of )
MR. TOSIMIN, deceased; )
)
MRS. INDRAWATI, Special Administrator )
of the Estate of MR. WARIDI, deceased; )
)
MRS. ELIZA MAMINTA WIJAYA, Special )
Administrator of the Estate of MR. )
JULIAN MURA WIJAYA, deceased; )
)
MR. IQBAL, Special Administrator of )
the Estate of MR. IR. MUHAMMAD YAMIN, )
deceased; )
)
MRS. TUTIK HERYANTINAH, Special )
Administrator of the Estate of MR. )
YANCE ISKANDAR, deceased; )
)
MRS. NURFACHIYAH NINGSIH, Special )
Administrator of the Estate of MR. )
TAHTA YUWALDI, deceased; )
)
MS. PANGESTY ANGGRAENY, Special )
Administrator of the Estate of )
MR. SUTOMO, deceased; )

4

MR. ARJUNAIDI MARBUN, Special          )
Administrator of the Estate of         )
MR. MARADEN MARBUN, deceased;          )
                                       )
MRS. NGTAMI, Special Administrator     )
of the Estate of MR. SYAHRIAL POHAN,   )
deceased;                              )
                                       )
                      Plaintiffs,      )
                                       )
            -vs-                        )
                                       )
HAMILTON SUNDSTRAND CORPORATION,       )
a corporation, formerly known as       )
SUNDSTRAND CORPORATION,                )
                                       )
                      Defendants.      )

## COMPLAINT AT LAW

Now come plaintiffs, MS. ELLA MADANELA DWI MUSTIKA, et al., by and through their attorneys, NOLAN LAW GROUP, and complaining against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION ("Sundstrand"), state as follows:

## COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1.   On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2.   Plaintiff, Ms. Ella Madanela Dwi Mustika, was born on December 23, 1986, and is the daughter of decedent, Mr. Achmad Chotib Syamsur.  Ms. Ditta Mandella Dwi R. was born on April 17,

1990, and is the minor daughter of decedent, Mr. Achmad Chotib Syamsur.

3.   This cause of action is brought by plaintiff, Ms. Ella Madanela Dwi Mustika, Special Administrator of the Estate of Mr. Achmad Chotib Syamsur, deceased, for the sole benefit of these surviving children of decedent.

4.   Plaintiff, Mrs. Efni Syahril, is the spouse of decedent, Mr. Amirruddin.  Ms. Latifa Ashila Ardani was born on May 10, 1997, and is the minor daughter of decedent, Mr. Amirruddin.

5.   This cause of action is brought by plaintiff, Mrs. Efni Syahril, Special Administrator of the Estate of Mr. Amirruddin, deceased, for the sole benefit of this surviving minor child of decedent.

6.   Plaintiff, Mr. Adi Dharmawan Ardjasoebrata, is the son of decedents, Mr. Apon Rendi Ardjasoebrata and Mrs. Elly Yuliani. Ardi Riawan Ardjasoebrata was born on August 18, 1986, and is the daughter of decedents, Mr. Apon Rendi Ardjasoebrata and Mrs. Elly Yuliani.

7.   This cause of action is brought by plaintiff, Mr. Adi Dharmawan Ardjasoebrata, Special Administrator of the Estate of Mr. Apon Rendi Ardjasoebrata, deceased, and of the Estate of Mrs. Elly Yuliani, deceased, for the sole benefit of this surviving child of decedents.

6

8.   Plaintiff, Mrs. Belinda Adelin, is the spouse of decedent, Mr. Agustono Djunaidi.  Ms. Mabela Nobel was born on May 11, 1996, and Ms. Marcella Nobel was born on May 20, 1998, and they are the minor daughters of decedent, Mr. Agustono Djunaidi.

9.   This cause of action is brought by plaintiff, Mrs. Belinda Adelin, Special Administrator of the Estate of Mr. Agustono Djunaidi, deceased, for the sole benefit of these surviving minor children of decedents.

10.   Plaintiff, Mr. Budi Ashsiddiq Manggala, was born on November 26, 1985, and is the son of decedent, Mr. Aldys Asbiran. Ms. Wulandari Rizky Thawafany was born on December 4, 1992, and Ms. Andhiny Umra Verona was born on January 20, 1995, and they are the minor daughters of decedent, Mr. Aldys Asbiran.

11.   This cause of action is brought by plaintiff, Mr. Budi Ashsiddiq Manggala, Special Administrator of the Estate of Mr. Aldys Asbiran, deceased, for the sole benefit of these surviving children of decedent.

12.   Plaintiff, Mrs. Zahara Aini binti Ali Hamzah, is the spouse of decedent, Mr. Amminuddin Muhammad.  Ms. Lydia Ananda was born on August 11, 1991, and Ms. Yunisa Permata Hatimi was born on June 25, 1997, and they are the minor daughters of decedent, Mr. Aminuddin Muhammad.

13.   This cause of action is brought by plaintiff, Mrs. Zahara Aini binti Ali Hamzah, Special Administrator of the Estate of Mr.

7

Aminuddin Muhammad, deceased, for the sole benefit of these surviving minor children of decedent.

14.  Plaintiff, Mr. Gunawan Pribadi, was born on May 30, 1985, and is the son of decedent, Mr. Burhanuddin.  Budi Guanda was born on March 31, 1990, and Tiara Purnama Sari was born on May 15, 1997, and they are the minor children of decedent, Mr. Burhanuddin.

15.  This cause of action is brought by plaintiff, Mr. Gunawan Pribadi, Special Administrator of the Estate of Mr. Burhanuddin, deceased, for the sole benefit of these surviving children of decedent.

16.  Plaintiff, Mrs. Yenti, is the spouse of decedent, Mr. Bambang Sistiyanto, YSM.  Ms. Sesa Nova Puja Kesuma was born on November 15, 1994, and is the minor daughter of decedent, Mr. Bambang Sistiyanto, YSM.

17.  This cause of action is brought by plaintiff, Mrs. Yenti, Special Administrator of the Estate of Mr. Bambang Sistiyanto, YSM., deceased, for the sole benefit of this surviving minor child of decedent.

18.  Plaintiff, Ms. Ade Rinanda Lubis, is the daughter of decedent, Mr. Bachri Syahnan Lubis.  Ms. Febrinafarisyah Lubis was born on February 20, 1988, and Ms. Vika Dayani Lubis was born on January 9, 1993, and they are the minor daughters of decedent, Mr. Bachri Syahnan Lubis.

8

19.   This cause of action is brought by plaintiff, Ms. Ade Rinanda Lubis, Special Administrator of the Estate of Mr. Bachri Syahnan Lubis, deceased, for the sole benefit of these surviving minor children of decedent.

20.   Plaintiff, Mr. Irvan, is the spouse of decedent, Mrs. Jully Chandra.  Mr. Steven Tanoto was born on September 11, 1989, and Ms. Stephanie Tanoto was born on December 31, 1993, and are the minor children of decedent, Mrs. Jully Chandra.

21.   This cause of action is brought by plaintiff, Mr. Irvan, Special Administrator of the Estate of Mrs. Jully Chandra, deceased, for the sole benefit of these surviving minor children of decedent.

22.   Plaintiff, Mr. Raja Heru Permadi, was born on April 6, 1985, and is the son of decedent, Mr. Raja Djumhana Johan.  Ms. Raja Sabrina Adiati was born on April 27, 1991, and is the minor daughter of decedent, Mr. Raja Djumhana Johan.

23.   This cause of action is brought by plaintiff, Mr. Raja Heru Permadi, Special Administrator of the Estate of Mr. Raja Djumhana Johan, deceased, for the sole benefit of these surviving children of decedent.

24.   Plaintiff, Mrs. Noriata Boru Lumban Teruan, is the spouse of decedent, Mr. Donald Manampin Hutasoit.  Mr. Leoner Fredy Hutasoit was born on October 24, 1986, and Mr. Luhut Hutasoit was

9

born on April 7, 1993, and are the minor sons of decedent, Mr. Donald Manampin Hutasoit.

25.    This cause of action is brought by plaintiff, Mrs. Noriata Boru Lumban Teruan, Special Administrator of the Estate of Mr. Donald Manampin Hutasoit, deceased, for the sole benefit of these surviving minor children of decedent.

26.    Plaintiff, Mrs. Nurlaelasari, is the spouse of decedent, Mr. Didi Zakaria.  Mr. Lazuardy Ramadhan Zakaria was born on April 1, 1990, and Mr. Giovanni Anggrada Zakaria was born on May 17, 1994, and are the minor sons of decedent, Mr. Didi Zakaria.

27.    This cause of action is brought by plaintiff, Mrs. Nurlaelasari, Special Administrator of the Estate of Mr. Didi Zakaria, deceased, for the sole benefit of these surviving minor children of decedent.

28.    Plaintiff, Mrs. Mariana Panggabean, is the spouse of decedent, Mr. Firdaus Panjaitan.  Mr. Dawnson Marius Panjaitan was born on March 22, 1995, and Mr. Danny Darius Panjaitan was born on March 14, 1996, and are the minor sons of decedent, Mr. Firdaus Panjaitan.

29.    This cause of action is brought by plaintiff, Mrs. Mariana Panggabean, Special Administrator of the Estate of Mr. Firdaus Panjaitan, deceased, for the sole benefit of these surviving minor children of decedent.

30.  Plaintiff, Mrs. Neni Dwi Astuti Hutagalung, is the spouse of decedent, Mr. Manalup Pardamean Hutagalung.  Mr. Bonggal Jordan Hutagalung was born on July 28, 1988, Mr. Girgir Samuel Hutagalung was born on May 21, 1992, and Ms. Ruth Hutagalung was born on January 28, 1997, and are the minor children of decedent, Mr. Manalup Pardamean Hutagalung.

31.  This cause of action is brought by plaintiff, Mrs. Neni Dwi Astuti Hutagalung, Special Administrator of the Estate of Mr. Manalup Pardamean Hutagalung, deceased, for the sole benefit of these surviving minor children of decedent.

32.  Plaintiff, Mrs. Triana Sari, is the spouse of decedent, Mr. R. Heddy Hadiwinata.  Ms. Anisah Nurditasar was born on November 21, 1990, and Mr. Mohammad Arditya Hadiwinata was born on November 22, 1994, and are the minor children of decedent, Mr. R. Heddy Hadiwinata.

33.  This cause of action is brought by plaintiff, Mrs. Triana Sari, Special Administrator of the Estate of Mr. R. Heddy Hadiwinata, deceased, for the sole benefit of these surviving minor children of decedent.

34.  Plaintiff, Mrs. Holidah Wati Lubis, is the spouse of decedent, Mr. Ismed Nasution.  Ms. Karina Amelia Nasution was born on April 20, 1996, and is the minor daughter of decedent, Mr. Ismed Nasution.

35.   This cause of action is brought by plaintiff, Mrs. Holidah Wati Lubis, Special Administrator of the Estate of Mr. Ismed Nasution, deceased, for the sole benefit of this surviving minor child of decedent.

36.   Mrs. Salmah Aisyah, is the spouse of decedent, Mr. Ilhamsyah Owie.  Ms. Ledy Sofia Leoni was born on August 20, 1987, Mr. Al Kautsar Prawira Sailanov was born on November 19, 1988, and Ms. Putri Raudhatul Astari was born on December 24, 1993, and are the minor children of decedent, Mr. Ilhamsyah Owie.

37.   This cause of action is brought by plaintiff, Mrs. Salmah Aisyah, Special Administrator of the Estate of Mr. Ilhamsyah Owie, deceased, for the sole benefit of these surviving minor children of decedent.

38.   Plaintiff, Mr. Nurvina Arfa, was born on May 25, 1985, and is the son of decedent, Mr. Khaliful Johar.   Mr. Mohammad Raziev Taneka was born on August 20, 1989, and Mr. Mohammad Qadri Al Kharana was born on December 21, 1991, and are the minor sons of decedent, Mr. Khaliful Johar.

39.   This cause of action is brought by plaintiff, Mr. Nurvina Arfa, Special Administrator of the Estate of Mr. Khaliful Johar, deceased, for the sole benefit of these surviving children of decedent.

40.   Plaintiff, Mrs. Utri Rahayu Tejaningsih Likhomsatun, is the spouse of decedent, Mr. Muslich.  Mr. Adin Wahyu Pratama was

born on August 25, 1994, and Ms. Armi Winda Pratiwi was born on November 13, 1997, and are the minor children of decedent, Mr. Muslich.

41.   This cause of action is brought by plaintiff, Mrs. Utri Rahayu Tejaningsih Likhomsatun, Special Administrator of the Estate of Mr. Muslich, deceased, for the sole benefit of these surviving minor children of decedent.

42.   Plaintiff, Mr. Ricardo Simamora, is the spouse of decedent, Mrs. Martha Manik SH.  Ms. Sovia Febrina Tamaulina Simamora was born on February 10, 1989, Ms. Grace Notarica Simamora was born on February 27, 1992, and Ms. Vanie Dathani Simamora was born on November 15, 1994, and are the minor daughters of decedent, Mrs. Martha Manik SH.

43.   This cause of action is brought by plaintiff, Mr. Ricardo Simamora, Special Administrator of the Estate of Mrs. Martha Manik SH., deceased, for the sole benefit of these surviving minor children of decedent.

44.   Plaintiff, Mr. Paingot Marpaung, is the spouse of decedent, Mrs. Martha Lucya.  Mr. Christian Paulus was born on November 27, 1988, Ms. Revina Ester Triani Marpaung was born on November 3, 1992, and Ms. Puspita Witria Merikristina was born on December 28, 1996, and are the minor children of decedent, Mrs. Martha Lucya.

13

45. This cause of action is brought by plaintiff, Mr. Paingot Marpaung, Special Administrator of the Estate of Mrs. Martha Lucya, deceased, for the sole benefit of these surviving minor children of decedent.

46. Plaintiff, Mrs. Suarmi, is the spouse of decedent, Mr. Nokarto. Mr. Muhammad Ichsan was born on January 7, 1989, and is the minor son of decedent, Mr. Nokarto.

47. This cause of action is brought by plaintiff, Mrs. Suarmi, Special Administrator of the Estate of Mr. Nokarto, deceased, for the sole benefit of this surviving minor child of decedent.

48. Plaintiff, Mrs. Saliah, is the spouse of decedent, Mr. Nimrot Haposan Panjaitan. Ms. Vera Sari Panjaitan was born on July 14, 1991, and Mr. Dedi Arisandi Panjaitan was born on July 24, 1996, and are the minor children of decedent, Mr. Nimrot Haposan Panjaitan.

49. This cause of action is brought by plaintiff, Mrs. Saliah, Special Administrator of the Estate of Mr. Nimrot Haposan Panjaitan, deceased, for the sole benefit of these surviving minor children of decedent.

50. Plaintiff, Mr. Arjuna Rousdhie, is the spouse of decedent, Mrs. Nurlina Sari Nasution. Faridah Amalia Mandaga was born on November 14, 1987, and is the minor daughter of decedent, Mrs. Nurlina Sari Nasution.

14

51.  This cause of action is brought by plaintiff, Mr. Arjuna Rousdhie, Special Administrator of the Estate of Mrs. Nurlina Sari Nasution, for the sole benefit of this surviving minor child of decedent.

52.  Plaintiff, Mrs. Yanti Faridah Nasution, is the spouse of decedent, Mr. Chaidir Nasution.  Ms. Ridha Pradha Nasution was born on July 7, 1989, and is the minor daughter of decedent, Mr. Chaidir Nasution.

53.  This cause of action is brought by plaintiff, Mrs. Yanti Faridah Nasution, Special Administrator of the Estate of Mr. Chaidir Nasution, deceased, for the sole benefit of this surviving minor child of decedent.

54.  Plaintiff, Mrs. Sri Rohani, is the spouse of decedent, Mr. Purwoko bin Suwarno.  Ms. Ryska Purnamasari was born on October 7, 1991, and Ms. Safira Aprianti Balqis was born on April 9, 1997, and are the minor daughters of decedent, Mr. Purwoko bin Suwarno.

55.  This cause of action is brought by plaintiff, Mrs. Sri Rohani, Special Administrator of the Estate of Mr. Purwoko bin Suwarno, deceased, for the sole benefit of these surviving minor children of decedent.

56.  Plaintiff, Ms. Marissa Sylvia Regina, was born on March 12, 1986, and is the daughter of decedent, Mr. Risman Anwar.  Ms. Vicky Yulvian Rinaldi was born on July 4, 1987, and is the minor daughter of decedent, Mr. Risman Anwar.

57. This cause of action is brought by plaintiff, Ms. Marissa Sylvia Regina, Special Administrator of the Estate of Mr. Risman Anwar, deceased, for the sole benefit of these surviving children of decedent.

58. Plaintiff, Mr. Amansyah Sitepu, was born on August 5, 1986, and is the son of decedent, Mr. Rasnassaibu Sitepu.

59. This cause of action is brought by plaintiff, Mr. Amansyah Sitepu, Special Administrator of the Estate of Mr. Rasnassaibu Sitepu, deceased, for the sole benefit of this surviving child of decedent.

60. Plaintiff, Mrs. Khairani, is the spouse of decedent, Mr. Sutrisno. Ms. Dona Rischa Pratiwi was born on March 14, 1988, Reidha Ade Juliana was born on July 10, 1989, and Tribowo Setiawan was born on November 3, 1994, and are the minor children of decedent, Mr. Sutrisno.

61. This cause of action is brought by plaintiff, Mrs. Khairani, Special Administrator of the Estate of Mr. Sutrisno, deceased, for the sole benefit of these surviving minor children of decedent.

62. Plaintiff, Mrs. Sri Elvi Heriyati, is the spouse of decedent, Mr. Subakti. Tiara Lukita Dewi was born on August 30, 1988, and Thomi Falahan was born on December 29, 1992, and are the minor children of decedent, Mr. Subakti.

63.   This cause of action is brought by plaintiff, Mrs. Sri Elvi Heriyati, Special Administrator of the Estate of Mr. Subakti, deceased, for the sole benefit of these surviving minor children of decedent.

64.   Plaintiff, Ms. Roro Putri Lystia, was born on September 1, 1986, and is the daughter of decedent, Mrs. Roro Subandriana. Ms. Roro Dinda Listya was born on May 22, 1989, and Ms. Roro Dhaniar Entys Ayuningtias was born on September 26, 1991, and are the minor daughters of decedent, Mrs. Roro Subandriana.

65.   This cause of action is brought by plaintiff, Ms. Roro Putri Lystia, Special Administrator of the Estate of Mrs. Roro Subandriana, deceased, for the sole benefit of these surviving children of decedent.

66.   Plaintiff, Yulie Ayu Utari, was born on September 8, 1985, and is the son of decedent, Mr. Sutara. Astrid Siska Pratiwi was born on September 4, 1992, and is the minor daughter of decedent, Mr. Sutara.

67.   This cause of action is brought by plaintiff, Yulie Ayu Utari, Special Administrator of the Estate of Mr. Sutara, deceased, for the sole benefit of these surviving children of decedent.

68.   Plaintiff, Mrs. Syarifah Lubis, is the spouse of decedent, Mr. Parulian Simanjuntak. Ms. Khosalia Devi Simanjuntak was born on September 2, 1989, and is the minor daughter of decedent, Mr. Parulian Simanjuntak.

17

69.   This cause of action is brought by plaintiff, Mrs. Syarifah Lubis, Special Administrator of the Estate of Mr. Parulian Simanjuntak, deceased, for the sole benefit of this surviving minor child of decedent.

70.   Plaintiff, Ms. Eka Unita, is the daughter of decedent, Mr. M. Salim.   Ade Syavera Citra Qoriah was born on August 19, 1992, and is the minor daughter of decedent, Mr. M. Salim.

71.   This cause of action is brought by plaintiff, Ms. Eka Unita, Special Administrator of the Estate of Mr. M. Salim, for the sole benefit of this surviving minor child of decedent.

72.   Plaintiff, HJ. Siti Juliana Dalimunthe, is the spouse of decedent, Mr. IR. Armen Syahputra.   Ms. Fithia Kharmima Putri was born on May 27, 1992, and Ms. Sarah Chairunnisa Arsy was born on July 30, 1994, and are the minor daughters of decedent, Mr. IR. Armen Syahputra.

73.   This cause of action is brought by plaintiff, HJ. Siti Juliana Dalimunthe, Special Administrator of the Estate of Mr. IR. Armen Syahputra, deceased, for the sole benefit of these surviving minor children of decedent.

74.   Plaintiff, Mrs. Suyanti, is the spouse of decedent, Mr. Sopianto.   Mr. Septian Nugraha was born on September 9, 1996, and is the minor son of decedent, Mr. Sopianto.

75.   This cause of action is brought by plaintiff, Mrs. Suyanti, Special Administrator of the Estate of Mr. Sopianto,

18

deceased, for the sole benefit of this surviving minor child of decedent.

76.   Plaintiff, Cristine Cory Isabela S., was born on December 13, 1985, and is the daughter of decedent, Mr. IR. Radjin Jop Sibero.

77.   This cause of action is brought by plaintiff, Cristine Cory Isabela S., Special Administrator of the Estate of Mr. IR. Radjin Jop Sibero, deceased, for the sole benefit of this surviving child of decedent.

78.   Plaintiff, Mrs. Rosmiati, is the spouse of decedent, Mr. Sabaruddin.  Ms. Sari Ekawati was born on April 28, 1987, Ms. Sari Dwiyanti was born on April 28, 1987, and Ms. Tri Ayu Puspita Sari was born on January 24, 1993, and are the minor daughters of decedent, Mr. Sabaruddin.

79.   This cause of action is brought by plaintiff, Mrs. Rosmiati, Special Administrator of the Estate of Mr. Sabaruddin, deceased, for the sole benefit of these surviving minor children of decedent.

80.   Plaintiff, Mrs. Erika Sitanggang, is the spouse of decedent, Mr. Bonahara Lumban Tobing.  Ms. Rini Agnes Mutiara Lumban Tobing was born on August 6, 1986, Ms. Kristin Lumban Tobing was born on October 17, 1987, Mr. Berry SML Tobing was born on

March 15, 1990, and Ms. Chintya Luman Tobing was born on August 7, 1993, and are the children of decedent, Mr. Bonahara Lumban Tobing.

81.   This cause of action is brought by plaintiff, Mrs. Erika Sitanggang, Special Administrator of the Estate of Mr. Bonahara Lumban Tobing, deceased, for the sole benefit of these surviving children of decedent.

82.   Plaintiff, Mr. Hanafi S. Guciano, is the spouse of decedent, Mrs. Titin Ayuasih Suwandi.   Mr. Palemo Mahesa Guciano was born on June 11, 1994, and is the minor son of decedent, Mrs. Titin Ayuasih Suwandi.

83.   This cause of action is brought by plaintiff, Mr. Hanafi S. Guciano, Special Administrator of the Estate of Mrs. Titin Ayuasih Suwandi, deceased, for the sole benefit of this surviving minor child of decedent.

84.   Plaintiff, Mrs. Juliana Kurniawan, is the spouse of decedent, Mr. Tosimin.   Mr. Tenshiro was born on September 14, 1993, and Mr. Sachiko Inaba was born on August 11, 1996, and are the minor sons of decedent, Mr. Tosimin.

85.   This cause of action is brought by plaintiff, Mrs. Juliana Kurniawan, Special Administrator of the Estate of Mr. Tosimin, deceased, for the sole benefit of these surviving minor children of decedent.

20

86.   Plaintiff, Mrs. Indrawati, is the spouse of decedent, Mr. Waridi.  Nia Permatasari was born on November 5, 1995, and is the minor daughter of decedent, Mr. Waridi.

87.   This cause of action is brought by plaintiff, Mrs. Indrawati, Special Administrator of the Estate of Mr. Waridi, deceased, for the sole benefit of this surviving minor child of decedent.

88.   Plaintiff, Mrs. Eliza Maminta Wijaya, is the spouse of decedent, Mr. Julian Mura Wijaya.  Ms. Kullian Maminta Wijaya was born on July 12, 1991, and Mr. Russel Maminta Wijaya was born on June 11, 1993, and are the minor children of decedent, Mr. Julian Mura Wijaya.

89.   This cause of action is brought by plaintiff, Mrs. Eliza Maminta Wijaya, Special Administrator of the Estate of Mr. Julian Mura Wijaya, deceased, for the sole benefit of these surviving minor children of decedent.

90.   Plaintiff, Mr. Iqbal, was born on March 7, 1986, and is the son of decedent, Mr. IR. Muhammad Yamin.  Mirza Mustaqim was born on August 14, 1990, and Maudi Mauliza was born on November 15, 1995, and are the minor children of decedent, Mr. IR. Muhammad Yamin.

91.   This cause of action is brought by plaintiff, Mr. Iqbal, Special Administrator of the Estate of Mr. IR. Muhammad Yamin,

21

deceased, for the sole benefit of these surviving children of decedent.

92.   Plaintiff, Mrs. Tutik Heryantinah, is the spouse of decedent, Mr. Yance Iskandar.  Ms. Claresta Febristi was born on February 18, 1997, and is the minor daughter of decedent, Mr. Yance Iskandar.

93.   This cause of action is brought by plaintiff, Mrs. Tutik Heryantinah, Special Administrator of the Estate of Mr. Yance Iskandar, deceased, for the sole benefit of this surviving minor child of decedent.

94.   Plaintiff, Mrs. Nurfachiyah Ningsih, is the spouse of decedent, Mr. Tahta Yuwaldi.  Alief Nochtavio was born on July 22, 1990, and Achmed Apprinikov was born on April 21, 1992, and are the minor sons of decedent, Mr. Tahta Yuwaldi.

95.   This cause of action is brought by plaintiff, Mrs. Nurfachiyah Ningsih, Special Administrator of the Estate of Mr. Tahta Yuwaldi, deceased, for the sole benefit of these surviving minor children of decedent.

96.   Plaintiff, Ms. Pangesty Anggraeny, was born on August 20,1985, and is the daughter of decedent, Mr. Sutomo.

97.   This cause of action is brought by plaintiff, Ms. Pangesty Anggraeny, Special Administrator of the Estate of Mr. Sutomo, deceased, for the sole benefit of this surviving child of decedent.

22

98.    Plaintiff, Mr. Arjunaidi Marbun, was born on October 5, 1986, and is the son of decedent, Mr. Maraden Marbun.  Mr. Ahmad Fernando Marbun was born on May 11, 1988, and Mr. Karya Sipandi Marbun was born on July 6, 1990, and are the minor sons of decedent, Mr. Maraden Marbun.

99.    This cause of action is brought by plaintiff, Mr. Arjunaidi Marbun, Special Administrator of the Estate of Mr. Maraden Marbun, deceased, for the sole benefit of these surviving children of decedent.

100.    Plaintiff, Mrs. Ngtami, is the spouse of decedent, Mr. Syahrial Pohan.  Mr. Ria Jelita Pohan was born on July 12, 1988, and is the minor son of decedent, Mr. Syahrial Pohan.

101.    This cause of action is brought by plaintiff, Mrs. Ngtami, Special Administrator of the Estate of Mr. Syahrial Pohan, deceased, for the sole benefit of this surviving minor child of decedent.

102.    On September 26, 1997, plaintiffs' decedents: MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL

JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR.

NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION;

MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR;

MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO

SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM;

MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO;

MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH

SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR.

MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO;

MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them, were

passengers aboard an Airbus A300 aircraft being operated as P.T.

Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan,

Indonesia.

103.   Prior to said date, defendant Sundstrand designed,

manufactured, assembled, sold, and/or distributed a certain Ground

Proximity Warning System ("GPWS") and its component parts, to-wit:

Sundstrand Mark II GPWS, which was then and there installed on the

aforesaid Airbus A300 aircraft.

104.   At the time the said GPWS left the control of defendant

Sundstrand, said GPWS contained a condition which rendered it

defective and not reasonably safe when used in a reasonably

foreseeable manner in one or more of the following ways:

        (a)   Said GPWS was designed, manufactured,
              assembled, sold, and distributed such that the
              system did not provide timely aural and visual
              warnings in areas of precipitous terrain and,

specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)   Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)   Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)   Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

105.   As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiffs' decedents:   MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR

25

NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR. MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them, were injured and caused to expire.

106. At the time of the deaths of plaintiffs' decedents: MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH

SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR. MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them, they each left surviving children, as set forth in paragraphs 2 through 101, above, for whose sole benefit this action is brought.

107. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support, resulting from the deaths of plaintiffs' decedents: MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR.

MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them.

108. Plaintiff, Ms. Ella Madanela Dwi Mustika, is the duly appointed special administrator of the estate of Mr. Achmad Chotib Syamsur, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and Ms. Ditta Mandella Dwi R., a minor, as the surviving children of this decedent.

109. Plaintiff, Mrs. Efni Syahril, is the duly appointed special administrator of the estate of Mr. Amirruddin, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Latifa Ashila Ardani, a minor, as the surviving child of this decedent.

110. Plaintiff, Mr. Adi Dharmawan Ardjasoebrata, is the duly appointed special administrator of the estate of Mr. Apon Rendi Ardjasoebrata, deceased, and of the Estate of Mrs. Elly Yuliani, deceased, by order of this Court. This action is brought for the sole benefit of Ardi Riawan Ardjasoebrata, as the surviving child of this decedent.

111. Plaintiff, Mrs. Belinda Adelin, is the duly appointed special administrator of the estate of Mr. Agustono Djunaidi, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Mabela Nobel, a minor, and Ms. Marcella Nobel, a minor, as the surviving children of this decedent.

112. Plaintiff, Mr. Budi Ashsiddiq Manggala, is the duly appointed special administrator of the estate of Mr. Aldys Asbiran, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and Ms. Wulandari Rizky Thawafany, a minor, and Ms. Andhiny Umra Verona, a minor, as the surviving children of this decedent.

113. Plaintiff, Mrs. Zahara Aini binti Ali Hamzah, is the duly appointed special administrator of the estate of Mr. Aminuddin Muhammad, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Lydia Ananda, a minor, and Ms. Yunisa Permata Hatimi, a minor, as the surviving children of this decedent.

114. Plaintiff, Mr. Gunawan Pribadi, is the duly appointed special administrator of the estate of Mr. Burhanuddin, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and Budi Guanda, a minor, and Tiara Purnama Sari, a minor, as the surviving children of this decedent.

115. Plaintiff, Mrs. Yenti, is the duly appointed special administrator of the estate of Mr. Bambang Sistiyanto, YSM., deceased, by order of this Court. This action is brought for the sole benefit of Ms. Sesa Nova Puja Kesuma, a minor, as the surviving child of this decedent.

116. Plaintiff, Ms. Ade Rinanda Lubis, is the duly appointed special administrator of the estate of Mr. Bachri Syahnan Lubis,

29

deceased, by order of this Court. This action is brought for the sole benefit of Ms. Febrinafarisyah Lubis, a minor, and Ms. Vika Dayani Lubis, a minor, as the surviving children of this decedent.

117. Plaintiff, Mr. Irvan, is the duly appointed special administrator of the estate of Mrs. Jully Chandra, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Steven Tanoto, a minor, and Ms. Stephanie Tanoto, a minor, as the surviving children of this decedent.

118. Plaintiff, Mr. Raja Heru Permadi, is the duly appointed special administrator of the estate of Mr. Raja Djumhana Johan, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and Ms. Raja Sabrina Adiati, a minor, as the surviving children of this decedent.

119. Plaintiff, Mrs. Noriata Boru Lumban Teruan, is the duly appointed special administrator of the estate of Mr. Donald Manampin Hutasoit, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Leoner Fredy Hutasoit, a minor, and Mr. Luhut Hutasoit, a minor, as the surviving children of this decedent.

120. Plaintiff, Mrs. Nurlaelasari, is the duly appointed special administrator of the estate of Mr. Didi Zakaria, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Lazuardy Ramadhan Zakaria, a minor, and Mr. Giovanni

Anggrada Zakaria, a minor, as the surviving children of this decedent.

121.    Plaintiff, Mrs. Mariana Panggabean, is the duly appointed special administrator of the estate of Mr. Firdaus Panjaitan, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Dawnson Marius Panjaitan, a minor, and Mr. Danny Darius Panjaitan, a minor, as the surviving children of this decedent.

122.  Mrs. Neni Dwi Astuti Hutagalung, is the duly appointed special administrator of the estate of Mr. Manalup Pardamean Hutagalung, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Bonggal Jordan Hutagalung, a minor, Mr. Girgir Samuel Hutagalung, a minor, and Ms. Ruth Hutagalung, a minor, as the surviving children of this decedent.

123.    Mrs. Triana Sari, is the duly appointed special administrator of the estate of Mr. R. Heddy Hadiwinata, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Anisah Nurditasar, a minor, and Mr. Mohammad Arditya Hadiwinata, a minor, as the surviving children of this decedent.

124.    Mrs. Holidah Wati Lubis, is the duly appointed special administrator of the estate of Mr. Ismed Nasution, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Karina Amelia Nasution, a minor, as the surviving child of this decedent.

31

125.   Mrs. Salmah Aisyah, is the duly appointed special administrator of the estate of Mr. Ilhamsyah Owie, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Ledy Sofia Leoni, a minor, Mr. Al Kautsar Prawira Sailanov, a minor, and Ms. Putri Raudhatul Astari, a minor, as the surviving children of this decedent.

126.   Plaintiff, Mr. Nurvina Arfa, is the duly appointed special administrator of the estate of Mr. Khaliful Johar, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Mr. Mohammad Raziev Taneka, a minor, and Mr. Mohannad Qadri Al Kharana, a minor, as the surviving children of this decedent.

127.  Plaintiff, Mrs. Utri Rahayu Tejaningsih Likhomsatun, is the duly appointed special administrator of the estate of Mr. Muslich, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Adin Wahyu Pratama, a minor, and Ms. Armi Winda Pratiwi, a minor, as the surviving children of this decedent.

128.  Plaintiff, Mr. Ricardo Simamora, is the duly appointed special administrator of the estate of Mrs. Martha Manik SH., deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Sovia Febrina Tamaulina Simamora, a minor, Ms. Grace Notarica Simamora, a minor, and Ms. Vanie Dathani Simamora, a minor, as the surviving children of this decedent.

129.   Plaintiff, Mr. Paingot Marpaung, is the duly appointed special administrator of the estate of Mrs. Martha Lucya, deceased, by order of this Court.   This action is brought for the sole benefit of Mr. Christian Paulus, a minor, Ms. Revina Ester Triani Marpaung, a minor, and Ms. Puspita Witria Merikristina, a minor, as the surviving children of this decedent.

130.   Plaintiff, Mrs. Suarmi, is the duly appointed special administrator of the estate of Mr. Nokarto, deceased, by order of this Court.   This action is brought for the sole benefit of Mr. Muhammad Ichsan, a minor, as the surviving child of this decedent.

131.   Plaintiff, Mrs. Saliah, is the duly appointed special administrator of the estate of Mr. Nimrot Haposan Panjaitan, deceased, by order of this Court.   This action is brought for the sole benefit of Ms. Vera Sari Panjaitan, a minor, and Mr. Dedi Arisandi Panjaitan, a minor, as the surviving children of this decedent.

132.   Plaintiff, Mr. Arjuna Rousdhie, is the duly appointed special administrator of the estate of Mrs. Nurlina Sari Nasution, deceased, by order of this Court.   This action is brought for the sole benefit of Faridah Amalia Mandaga, a minor, as the surviving child of this decedent.

133.   Plaintiff, Mrs. Yanti Faridah Nasution, is the duly appointed special administrator of the estate of Mr. Chaidir Nasution, deceased, by order of this Court.   This action is brought

33

for the sole benefit of Ms. Ridha Pradha Nasution, a minor, as the surviving child of this decedent.

134.    Plaintiff, Mrs. Sri Rohani, is the duly appointed special administrator of the estate of Mr. Purwoko bin Suwarno, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Ryska Purnamasari, a minor, and Ms. Safira Aprianti Balqis, a minor, as the surviving children of this decedent.

135.    Plaintiff, Ms. Marissa Sylvia Regina, is the duly appointed special administrator of the estate of Mr. Risman Anwar, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Vicky Yulvian Rinaldi, a minor, as the surviving child of this decedent.

136.    Plaintiff, Mr. Amansyah Sitepu, is the duly appointed special administrator of the estate of Mr. Rasnassaibu Sitepu, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff as the surviving child of this decedent.

137.    Plaintiff, Mrs. Khairani, is the duly appointed special administrator of the estate of Mr. Sutrisno, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Dona Rischa Pratiwi, a minor, Reidha Ade Juliana, a minor, and Tribowo Setiawan, a minor, as the surviving children of this decedent.

34

138. Plaintiff, Mrs. Sri Elvi Heriyati, is the duly appointed special administrator of the estate of Mr. Subakti, deceased, by order of this Court. This action is brought for the sole benefit of Tiara Lukita Dewi, a minor, and Thomi Falahan, a minor, as the surviving children of this decedent.

139. Plaintiff, Ms. Roro Putri Lystia, is the duly appointed special administrator of the estate of Mrs. Roro Subandriana, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and Ms. Roro Dinda Listya, a minor, and Ms. Roro Dhaniar Entys Ayuningtias, a minor, as the surviving children of this decedent.

140. Plaintiff, Yulie Ayu Utari, is the duly appointed special administrator of the estate of Mr. Sutara, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and Astrid Siska Pratiwi, a minor, as the surviving children of this decedent.

141. Plaintiff, Mrs. Syarifah Lubis, is the duly appointed special administrator of the estate of Mr. Parulian Simanjuntak, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Khosalia Devi Simanjuntak, a minor, as the surviving child of this decedent.

142. Plaintiff, Ms. Eka Yunita, is the duly appointed special administrator of the estate of Mr. M. Salim, deceased, by order of this Court. This action is brought for the sole benefit of Ade

35

Syavera Citra Qoriah, a minor, as the surviving child of this decedent.

143.    Plaintiff, HJ. Siti Juliana Dalimunthe, is the duly appointed special administrator of the estate of Mr. IR. Armen Syahputra, deceased, by order of this Court.    This action is brought for the sole benefit of Ms. Fithia Kharmima Putri, a minor, and Ms. Sarah Chairunnisa Arsy, a minor, as the surviving children of this decedent.

144.    Plaintiff, Mrs. Suyanti, is the duly appointed special administrator of the estate of Mr. Sopianto, deceased, by order of this Court.    This action is brought for the sole benefit of Mr. Septian Nugraha, a minor, as the surviving child of this decedent.

145.    Plaintiff, Cristine Cory Isabela S., is the duly appointed special administrator of the estate of Mr. IR. Radjin Jop Sibero, deceased.    This action is brought for the sole benefit of plaintiff as the surviving child of this decedent.

146.    Plaintiff, Mrs. Rosmiati, is the duly appointed special administrator of the estate of Mr. Sabaruddin, deceased, by order of this Court.    This action is brought for the sole benefit of Ms. Sari Ekawati, a minor, Ms. Sari Dwiyanti, a minor, and Ms. Tri Ayu Puspita Sari, a minor, as the surviving children of this decedent.

147.    Plaintiff, Mrs. Erika Sitanggang, is the duly appointed special administrator of the estate of Mr. Bonahara Lumban Tobing, deceased, by order of this Court.    This action is brought for the

36

sole benefit of Ms. Rini Agnes Mutiara Lumban Tobing, Ms. Kristin Lumban Tobing, a minor, Mr. Berry SML Tobing, a minor, and Ms. Chintya Luman Tobing, a minor, as the surviving children of this decedent.

148. Plaintiff, Mr. Hanafi S. Guciano, is the duly appointed special administrator of the estate of Mrs. Titin Ayuasih Suwandi, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Palemo Mahesa Guciano, a minor, as the surviving child of this decedent.

149. Plaintiff, Mrs. Juliana Kurniawan, is the duly appointed special administrator of the estate of Mr. Tosimin, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Tenshiro, a minor, and Mr. Sachiko Inaba, a minor, as the surviving children of this decedent.

150. Plaintiff, Mrs. Indrawati, is the duly appointed special administrator of the estate of Mr. Waridi, deceased, by order of this Court. This action is brought for the sole benefit of Nia Permatasari, a minor, as the surviving child of this decedent.

151. Plaintiff, Mrs. Eliza Maminta Wijaya, is the duly appointed special administrator of the estate of Mr. Julian Mura Wijaya, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Kullian Maminta Wijaya, a minor, and Mr. Russel Maminta Wijaya, a minor, as the surviving children of this decedent.

37

152. Plaintiff, Mr. Iqbal, is the duly appointed special administrator of the estate of Mr. IR. Muhammad Yamin, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and Mirza Mustaqin, a minor, and Maudi Mauliza, a minor, as the surviving children of this decedent.

153. Plaintiff, Mrs. Tutik Heryantinah, is the duly appointed special administrator of the estate of Mr. Yance Iskandar, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Claresta Rebristi, a minor, as the surviving child of this decedent.

154. Plaintiff, Mrs. Nurfachiyah Ningsih, is the duly appointed special administrator of the estate of Mr. Tahta Yuwaldi, deceased, by order of this Court. This action is brought for the sole benefit of Alief Nochtavio, a minor, and Achmed Apprinikov, a minor, as the surviving children of this decedent.

155. Plaintiff, Mr. Pangesty Anggraeny, is the duly appointed special administrator of the estate of Mr. Sutomo, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff as the surviving child of this decedent.

156. Plaintiff, Mr. Arjunaidi Marbun, is the duly appointed special administrator of the estate of Mr. Maraden Marbun, deceased, by order of th is Court. This action is brought for the sole benefit of plaintiff and Mr. Ahmad Fernando Marbun, a minor,

and Mr. Karya Sipandi Marbun, a minor, as the surviving children of this decedent.

157.  Plaintiff, Mrs. Ngtami, is the duly appointed special administrator of the estate of Mr. Syahrial Pohan, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Ria Jelita Pohan, a minor, as the surviving child of this decedent.

158.  This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiffs, MS. ELLA MADANELA DWI MUSTIKA, Special Administrator of the Estate of MR. ACHMAD CHOTIB SYAMSUR, deceased; MRS. EFNI SYAHRIL, Special Administrator of the Estate of MR. AMIRRUDDIN, deceased; MR. ADI DHARMAWAN ARDJASOEBRATA, Special Administrator of the Estate of MR. APON RENDI ARDJASOEBRATA, deceased, and of the Estate of MRS. ELLY YULIANI, deceased; MRS. BELINDA ADELIN, Special Administrator of the Estate of MR. AGUSTONO DJUNAIDI, deceased; MR. BUDI ASHSIDDIQ MANGGALA, Special Administrator of the Estate of MR. ALDYS ASBIRAN, deceased; MRS. ZAHARA AINI BINTI ALI HAMZAH, Special Administrator of the Estate of MR. AMINUDDIN MUHAMMAD, deceased; MR. GUNAWAN PRIBADI, Special Administrator of the Estate of MR. BURHANUDDIN, deceased; MRS. YENTI, Special Administrator of the Estate of MR. BAMBANG SISTIYANTO, YSM., deceased; MS. ADE RINANDA LUBIS, Special

Administrator of the Estate of MR. BACHRI SYAHNAN LUBIS, deceased;
MR. IRVAN, Special Administrator of the Estate of MRS. JULLY
CHANDRA, deceased; MR. RAJA HERU PERMADI, Special Administrator of
the Estate of MR. RAJA DJUMHANA JOHAN, deceased; MRS. NORIATA BORU
LUMBAN TERUAN, Special Administrator of the Estate of MR. DONALD
MANAMPIN HUTASOIT, deceased; MRS. NURLAELASARI, Special
Administrator of the Estate of MR. DIDI ZAKARIA, deceased; MRS.
MARIANA PANGGABEAN, Special Administrator of the Estate of MR.
FIRDAUS PANJAITAN, deceased; MRS. NENI DWI ASTUTI HUTAGALUNG,
Special Administrator of the Estate of MR. MANALUP PARDAMEAN
HUTAGALUNG, deceased; MRS. TRIANA SARI, Special Administrator of
the Estate of MR. R. HEDDY HADIWINATA, deceased; MRS. HOLIDAH WATI
LUBIS, Special Administrator of the Estate of MR. ISMED NASUTION,
deceased; MRS. SALMAH AISYAH, Special Administrator of the Estate
of MR. ILHAMSYAH OWIE, deceased; MR. NURVINA ARFA, Special
Administrator of the Estate of MR. KHALIFUL JOHAR, deceased; MRS.
UTRI RAHAYU TEJANINGSIH LIKHOMASATUN, Special Administrator of the
Estate of MR. MUSLICH, deceased; MR. RICARDO SIMAMORA, Special
Administrator of the Estate of MRS. MARTHA MANIK SH., deceased; MR.
PAINGOT MARPAUNG, Special Administrator of the Estate of MRS.
MARTHA LUCYA, deceased; MRS. SUARMI, Special Administrator of the
Estate of MR. NOKARTO, deceased; MRS. SALIAH, Special Administrator
of the Estate of MR. NIMROT HAPOSAN PANJAITAN, deceased; MR. ARJUNA
ROUSDHIE, Special Administrator of the Estate of MRS. NURLINA SARI

40

NASUTION, deceased; MRS. YANTI FARIDAH NASUTION, Special Administrator of the Estate of MR. CHAIDIR NASUTION, deceased; MRS. SRI ROHANI, Special Administrator of the Estate of MR. PURWOKO BIN SUWARNO, deceased; MS. MARISSA SYLVIA REGINA, Special Administrator of the Estate of MR. RISMAN ANWAR, deceased; MR. AMANSYAH SITEPU, Special Administrator of the Estate of MR. RASNASSAIBU SITEPU, deceased; MRS. KHAIRANI, Special Administrator of the Estate of MR. SUTRISNO, deceased; MRS. SRI ELVI HERIYATI, Special Administrator of the Estate of MR. SUBAKTI, deceased; MS. RORO PUTRI LYSTIA, Special Administrator of the Estate of MRS. RORO SUBANDRIANA, deceased; YULIE AYU UTARI, Special Administrator of the Estate of MR. SUTARA, deceased; MRS. SYARIFAH LUBIS, Special Administrator of the Estate of MR. PARULIAN SIMANJUNTAK, deceased; MS. EKA YUNITA, Special Administrator of the Estate of MR. M. SALIM, deceased; HJ. SITI JULIANA DALIMUNTHE, Special Administrator of the Estate of MR. IR. ARMEN SYAHPUTRA, deceased; MRS. SUYANTI, Special Administrator of the Estate of MR. SOPIANTO, deceased; CRISTINE CORY ISABELA S., Special Administrator of the Estate of MR. IR. RADJIN JOP SIBERO, deceased; MRS. ROSMIATI, Special Administrator of the Estate of MR. SABARUDDIN, deceased; MRS. ERIKA SITANGGANG, Special Administrator of the Estate of MR. BONHARA LUMBAN TOBING, deceased; MR. HANAFI S. GUCIANO, Special Administrator of the Estate of MRS. TITIN AYUASIH SUWANDI, deceased; MRS. JULIANA KURNIAWAN, Special Administrator of the Estate of MR. TOSIMIN, deceased; MRS. INDRAWATI, Special

41

Administrator of the Estate of MR. WARIDI, deceased; MRS. ELIZA MAMINTA WIJAYA, Special Administrator of the Estate of MR. JULIAN MURA WIJAYA, deceased; MR. IQBAL, Special Administrator of the Estate of MR. IR. MUHAMMAD YAMIN, deceased; MRS. TUTIK HERYANTINAH, Special Administrator of the Estate of MR. YANCE ISKANDAR, deceased; MRS. NURFACHIYAH NINGSIH, Special Administrator of the Estate of MR. TAHTA YUWALDI, deceased; MS. PANGESTY ANGGRAENY, Special Administrator of the Estate of MR. SUTOMO, deceased; MR. ARJUNAIDI MARBUN, Special Administrator of the Estate of MR. MARADEN MARBUN, deceased; MRS. NGTAMI, Special Administrator of the Estate of MR. SYAHRIAL POHAN, deceased, and each of them, pray for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of th is action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-103.   Plaintiffs hereby adopt and reallege paragraphs 1 through 103, inclusive, of Count I as and for paragraphs 1 through 103, inclusive, as Count II of ths Complaint at Law as though fully set forth herein.

104.   It then and there became and was the duly of defendant Sundstrand to exercise ordinary care in the design, manufacture,

42

assembly, sale, and/or distribution of said GPWS so as not to cause

injury to or death of plaintiffs' decedents:   MR. ACHMAD CHOTIB

SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY

YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN

MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI

SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR.

DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN;

MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR.

ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR.

MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR.

NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR

NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR.

RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO

SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM;

MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO;

MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH

SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR.

MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO;

MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them.

105. Notwithstanding the aforesaid duty, defendant Sundstrand

committed one or more of the following acts or omissions:

    (a) Negligently  and  carelessly  designed,
        manufactured, assembled, sold, and distributed
        said GPWS such that the system did not provide
        timely aural and visual warnings in areas of
        precipitous terrain and, specifically, did not

provide such aural and visual warnings as represented and warranted by defendant;

(b)  Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)  Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)  Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

106.  As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiffs' decedents:  MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR;

44

MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR. MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them, were injured and caused to expire.

107. At the time of the deaths of plaintiffs' decedents: MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR.

MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them, they each left surviving children, as set forth in Count I, paragraphs 2 through 101, above, for whose sole benefit this action is brought.

108. By reason of the premises, said next of kin has sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiffs' decedents: MR. ACHMAD CHOTIB SYAMSUR; MR. AMIRRUDDIN; MR. APON RENDI ARDJASOEBRATA; MRS. ELLY YULIANI; MR. AGUSTONO DJUNAIDI; MR. ALDYS ASBIRAN; MR. AMINUDDIN MUHAMMAD; MR. BURHANUDDIN; MR. BAMBANG SISTIYANTO, YSM.; MR. BACHRI SYAHNAN LUBIS; MRS. JULLY CHANDRA; MR. RAJA DJUMHANA JOHAN; MR. DONALD MANAMPIN HUTASOIT; MR. DIDI ZAKARIA; MR. FIRDAUS PANJAITAN; MR. MANALUP PARDAMEAN HUTAGALUNG; MR. R. HEDDY HADIWINATA; MR. ISMED NASUTION; MR. ILHAMSYAH OWIE; MR. KHALIFUL JOHAR; MR. MUSLICH; MRS. MARTHA MANIK SH.; MRS. MARTHA LUCYA; MR. NOKARTO; MR. NIMROT HAPOSAN PANJAITAN; MRS. NURLINA SARI NASUTION; MR. CHAIDIR NASUTION; MR. PURWOKO bin SUWARNO; MR. RISMAN ANWAR; MR. RASNASSAIBU SITEPU; MR. SUTRISNO; MR. SUBAKTI; MRS. RORO SUBANDRIANA; MR. SUTARA; MR. PARULIAN SIMANJUNTAK; MR. M. SALIM; MR. IR. ARMEN SYAHPUTRA; MR. SOPIANTO; MR. IR. RADJIN JOP SIBERO; MR. SABARUDDIN; MR. BONAHARA LUMBAN TOBING, MRS. TITIN AYUASIH SUWANDI; MR. TOSIMIN; MR. WARIDI; MR. JULIAN MURA WIJAYA; MR. IR.

46

MUHAMMAD YAMIN; MR. YANCE ISKANDAR; MR. TAHTA YUWALDI; MR. SUTOMO; MR. MARADEN MARBUN; and MR. SYAHRIAL POHAN, and each of them.

109.  Plaintiff, Ms. Ella Madanela Dwi Mustika, is the duly appointed special administrator of the estate of Mr. Achmad Chotib Syamsur, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Ditta Mandella Dwi R., a minor, as the surviving children of this decedent.

110.  Plaintiff, Mrs. Efni Syahril, is the duly appointed special administrator of the estate of Mr. Amirruddin, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Latifa Ashila Ardani, a minor, as the surviving child of this decedent.

111.  Plaintiff, Mr. Adi Dharmawan Ardjasoebrata, is the duly appointed special administrator of the estate of Mr. Apon Rendi Ardjasoebrata, deceased, and of the Estate of Mrs. Elly Yuliani, deceased, by order of this Court.  This action is brought for the sole benefit of Ardi Riawan Ardjasoebrata, as the surviving child of this decedent.

112.  Plaintiff, Mrs. Belinda Adelin, is the duly appointed special administrator of the estate of Mr. Agustono Djunaidi, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Mabela Nobel, a minor, and Ms. Marcella Nobel, a minor, as the surviving children of this decedent.

47

113.   Plaintiff, Mr. Budi Ashsiddiq Manggala, is the duly appointed special administrator of the estate of Mr. Aldys Asbiran, deceased, by order of this Court.   This action is brought for the sole benefit of plaintiff and Ms. Wulandari Rizky Thawafany, a minor, and Ms. Andhiny Umra Verona, a minor, as the surviving children of this decedent.

114.   Plaintiff, Mrs. Zahara Aini binti Ali Hamzah, is the duly appointed special administrator of the estate of Mr. Aminuddin Muhammad, deceased, by order of this Court.   This action is brought for the sole benefit of Ms. Lydia Ananda, a minor, and Ms. Yunisa Permata Hatimi, a minor, as the surviving children of this decedent.

115.   Plaintiff, Mr. Gunawan Pribadi, is the duly appointed special administrator of the estate of Mr. Burhanuddin, deceased, by order of this Court.   This action is brought for the sole benefit of plaintiff and Budi Guanda, a minor, and Tiara Purnama Sari, a minor, as the surviving children of this decedent.

116.   Plaintiff, Mrs. Yenti, is the duly appointed special administrator of the estate of Mr. Bambang Sistiyanto, YSM., deceased, by order of this Court.   This action is brought for the sole benefit of Ms. Sesa Nova Puja Kesuma, a minor, as the surviving child of this decedent.

117.   Plaintiff, Ms. Ade Rinanda Lubis, is the duly appointed special administrator of the estate of Mr. Bachri Syahnan Lubis,

deceased, by order of this Court. This action is brought for the sole benefit of Ms. Febrinafarisyah Lubis, a minor, and Ms. Vika Dayani Lubis, a minor, as the surviving children of this decedent.

118. Plaintiff, Mr. Irvan, is the duly appointed special administrator of the estate of Mrs. Jully Chandra, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Steven Tanoto, a minor, and Ms. Stephanie Tanoto, a minor, as the surviving children of this decedent.

119. Plaintiff, Mr. Raja Heru Permadi, is the duly appointed special administrator of the estate of Mr. Raja Djumhana Johan, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and Ms. Raja Sabrina Adiati, a minor, as the surviving children of this decedent.

120. Plaintiff, Mrs. Noriata Boru Lumban Teruan, is the duly appointed special administrator of the estate of Mr. Donald Manampin Hutasoit, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Leoner Fredy Hutasoit, a minor, and Mr. Luhut Hutasoit, a minor, as the surviving children of this decedent.

121. Plaintiff, Mrs. Nurlaelasari, is the duly appointed special administrator of the estate of Mr. Didi Zakaria, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Lazuardy Ramadhan Zakaria, a minor, and Mr. Giovanni

49

Anggrada Zakaria, a minor, as the surviving children of this decedent.

122.   Plaintiff, Mrs. Mariana Panggabean, is the duly appointed special administrator of the estate of Mr. Firdaus Panjaitan, deceased, by order of this Court.   This action is brought for the sole benefit of Mr. Dawnson Marius Panjaitan, a minor, and Mr. Danny Darius Panjaitan, a minor, as the surviving children of this decedent.

123.   Mrs. Neni Dwi Astuti Hutagalung, is the duly appointed special administrator of the estate of Mr. Manalup Pardamean Hutagalung, deceased, by order of this Court.   This action is brought for the sole benefit of Mr. Bonggal Jordan Hutagalung, a minor, Mr. Girgir Samuel Hutagalung, a minor, and Ms. Ruth Hutagalung, a minor, as the surviving children of this decedent.

124.   Mrs. Triana Sari, is the duly appointed special administrator of the estate of Mr. R. Heddy Hadiwinata, deceased, by order of this Court.   This action is brought for the sole benefit of Ms. Anisah Nurditasar, a minor, and Mr. Mohammad Arditya Hadiwinata, a minor, as the surviving children of this decedent.

125.   Mrs. Holidah Wati Lubis, is the duly appointed special administrator of the estate of Mr. Ismed Nasution, deceased, by order of this Court.   This action is brought for the sole benefit of Ms. Karina Amelia Nasution, a minor, as the surviving child of this decedent.

126.    Mrs. Salmah Aisyah, is the duly appointed special administrator of the estate of Mr. Ilhamsyah Owie, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Ledy Sofia Leoni, a minor, Mr. Al Kautsar Prawira Sailanov, a minor, and Ms. Putri Raudhatul Astari, a minor, as the surviving children of this decedent.

127.    Plaintiff, Mr. Nurvina Arfa, is the duly appointed special administrator of the estate of Mr. Khaliful Johar, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Mr. Mohammad Raziev Taneka, a minor, and Mr. Mohannad Qadri Al Kharana, a minor, as the surviving children of this decedent.

128.    Plaintiff, Mrs. Utri Rahayu Tejaningsih Likhomsatun, is the duly appointed special administrator of the estate of Mr. Muslich, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Adin Wahyu Pratama, a minor, and Ms. Armi Winda Pratiwi, a minor, as the surviving children of this decedent.

129.    Plaintiff, Mr. Ricardo Simamora, is the duly appointed special administrator of the estate of Mrs. Martha Manik SH., deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Sovia Febrina Tamaulina Simamora, a minor, Ms. Grace Notarica Simamora, a minor, and Ms. Vanie Dathani Simamora, a minor, as the surviving children of this decedent.

130.   Plaintiff, Mr. Paingot Marpaung, is the duly appointed special administrator of the estate of Mrs. Martha Lucya, deceased, by order of this Court.   This action is brought for the sole benefit of Mr. Christian Paulus, a minor, Ms. Revina Ester Triani Marpaung, a minor, and Ms. Puspita Witria Merikristina, a minor, as the surviving children of this decedent.

131.   Plaintiff, Mrs. Suarmi, is the duly appointed special administrator of the estate of Mr. Nokarto, deceased, by order of this Court.   This action is brought for the sole benefit of Mr. Muhammad Ichsan, a minor, as the surviving child of this decedent.

132.   Plaintiff, Mrs. Saliah, is the duly appointed special administrator of the estate of Mr. Nimrot Haposan Panjaitan, deceased, by order of this Court.   This action is brought for the sole benefit of Ms. Vera Sari Panjaitan, a minor, and Mr. Dedi Arisandi Panjaitan, a minor, as the surviving children of this decedent.

133.   Plaintiff, Mr. Arjuna Rousdhie, is the duly appointed special administrator of the estate of Mrs. Nurlina Sari Nasution, deceased, by order of this Court.   This action is brought for the sole benefit of Faridah Amalia Mandaga, a minor, as the surviving child of this decedent.

134.   Plaintiff, Mrs. Yanti Faridah Nasution, is the duly appointed special administrator of the estate of Mr. Chaidir Nasution, deceased, by order of this Court.   This action is brought

for the sole benefit of Ms. Ridha Pradha Nasution, a minor, as the surviving child of this decedent.

135.    Plaintiff, Mrs. Sri Rohani, is the duly appointed special administrator of the estate of Mr. Purwoko bin Suwarno, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Ryska Purnamasari, a minor, and Ms. Safira Aprianti Balqis, a minor, as the surviving children of this decedent.

136.    Plaintiff, Ms. Marissa Sylvia Regina, is the duly appointed special administrator of the estate of Mr. Risman Anwar, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Vicky Yulvian Rinaldi, a minor, as the surviving child of this decedent.

137.    Plaintiff, Mr. Amansyah Sitepu, is the duly appointed special administrator of the estate of Mr. Rasnassaibu Sitepu, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff as the surviving child of this decedent.

138.    Plaintiff, Mrs. Khairani, is the duly appointed special administrator of the estate of Mr. Sutrisno, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Dona Rischa Pratiwi, a minor, Reidha Ade Juliana, a minor, and Tribowo Setiawan, a minor, as the surviving children of this decedent.

139. Plaintiff, Mrs. Sri Elvi Heriyati, is the duly appointed special administrator of the estate of Mr. Subakti, deceased, by order of this Court.  This action is brought for the sole benefit of Tiara Lukita Dewi, a minor, and Thomi Falahan, a minor, as the surviving children of this decedent.

140. Plaintiff, Ms. Roro Putri Lystia, is the duly appointed special administrator of the estate of Mrs. Roro Subandriana, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Ms. Roro Dinda Listya, a minor, and Ms. Roro Dhaniar Entys Ayuningtias, a minor, as the surviving children of this decedent.

141.  Plaintiff, Yulie Ayu Utari, is the duly appointed special administrator of the estate of Mr. Sutara, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and Astrid Siska Pratiwi, a minor, as the surviving children of this decedent.

142.  Plaintiff, Mrs. Syarifah Lubis, is the duly appointed special administrator of the estate of Mr. Parulian Simanjuntak, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Khosalia Devi Simanjuntak, a minor, as the surviving child of this decedent.

143. Plaintiff, Ms. Eka Yunita, is the duly appointed special administrator of the estate of Mr. M. Salim, deceased, by order of this Court.  This action is brought for the sole benefit of Ade

Syavera Citra Qoriah, a minor, as the surviving child of this decedent.

144. Plaintiff, HJ. Siti Juliana Dalimunthe, is the duly appointed special administrator of the estate of Mr. IR. Armen Syahputra, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Fithia Kharmima Putri, a minor, and Ms. Sarah Chairunnisa Arsy, a minor, as the surviving children of this decedent.

145. Plaintiff, Mrs. Suyanti, is the duly appointed special administrator of the estate of Mr. Sopianto, deceased, by order of this Court. This action is brought for the sole benefit of Mr. Septian Nugraha, a minor, as the surviving child of this decedent.

146. Plaintiff, Cristine Cory Isabela S., is the duly appointed special administrator of the estate of Mr. IR. Radjin Jop Sibero, deceased. This action is brought for the sole benefit of plaintiff as the surviving child of this decedent.

147. Plaintiff, Mrs. Rosmiati, is the duly appointed special administrator of the estate of Mr. Sabaruddin, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Sari Ekawati, a minor, Ms. Sari Dwiyanti, a minor, and Ms. Tri Ayu Puspita Sari, a minor, as the surviving children of this decedent.

148. Plaintiff, Mrs. Erika Sitanggang, is the duly appointed special administrator of the estate of Mr. Bonahara Lumban Tobing, deceased, by order of this Court. This action is brought for the

sole benefit of Ms. Rini Agnes Mutiara Lumban Tobing, Ms. Kristin Lumban Tobing, a minor, Mr. Berry SML Tobing, a minor, and Ms. Chintya Luman Tobing, a minor, as the surviving children of this decedent.

149. Plaintiff, Mr. Hanafi S. Guciano, is the duly appointed special administrator of the estate of Mrs. Titin Ayuasih Suwandi, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Palemo Mahesa Guciano, a minor, as the surviving child of this decedent.

150. Plaintiff, Mrs. Juliana Kurniawan, is the duly appointed special administrator of the estate of Mr. Tosimin, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Tenshiro, a minor, and Mr. Sachiko Inaba, a minor, as the surviving children of this decedent.

151. Plaintiff, Mrs. Indrawati, is the duly appointed special administrator of the estate of Mr. Waridi, deceased, by order of this Court.  This action is brought for the sole benefit of Nia Permatasari, a minor, as the surviving child of this decedent.

152. Plaintiff, Mrs. Eliza Maminta Wijaya, is the duly appointed special administrator of the estate of Mr. Julian Mura Wijaya, deceased, by order of this Court.  This action is brought for the sole benefit of Ms. Kullian Maminta Wijaya, a minor, and Mr. Russel Maminta Wijaya, a minor, as the surviving children of this decedent.

153. Plaintiff, Mr. Iqbal, is the duly appointed special administrator of the estate of Mr. IR. Muhammad Yamin, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and Mirza Mustaqin, a minor, and Maudi Mauliza, a minor, as the surviving children of this decedent.

154. Plaintiff, Mrs. Tutik Heryantinah, is the duly appointed special administrator of the estate of Mr. Yance Iskandar, deceased, by order of this Court. This action is brought for the sole benefit of Ms. Claresta Rebristi, a minor, as the surviving child of this decedent.

155. Plaintiff, Mrs. Nurfachiyah Ningsih, is the duly appointed special administrator of the estate of Mr. Tahta Yuwaldi, deceased, by order of this Court. This action is brought for the sole benefit of Alief Nochtavio, a minor, and Achmed Apprinikov, a minor, as the surviving children of this decedent.

156. Plaintiff, Mr. Pangesty Anggraeny, is the duly appointed special administrator of the estate of Mr. Sutomo, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff as the surviving child of this decedent.

157. Plaintiff, Mr. Arjunaidi Marbun, is the duly appointed special administrator of the estate of Mr. Maraden Marbun, deceased, by order of th is Court. This action is brought for the sole benefit of plaintiff and Mr. Ahmad Fernando Marbun, a minor,

and Mr. Karya Sipandi Marbun, a minor, as the surviving children of this decedent.

158.    Plaintiff, Mrs. Ngtami, is the duly appointed special administrator of the estate of Mr. Syahrial Pohan, deceased, by order of this Court.  This action is brought for the sole benefit of Mr. Ria Jelita Pohan, a minor, as the surviving child of this decedent.

WHEREFORE, plaintiffs, MS. ELLA MADANELA DWI MUSTIKA, Special Administrator of the Estate of MR. ACHMAD CHOTIB SYAMSUR, deceased; MRS. EFNI SYAHRIL, Special Administrator of the Estate of MR. AMIRRUDDIN, deceased; MR. ADI DHARMAWAN ARDJASOEBRATA, Special Administrator of the Estate of MR. APON RENDI ARDJASOEBRATA, deceased, and of the Estate of MRS. ELLY YULIANI, deceased; MRS. BELINDA ADELIN, Special Administrator of the Estate of MR. AGUSTONO DJUNAIDI, deceased; MR. BUDI ASHSIDDIQ MANGGALA, Special Administrator of the Estate of MR. ALDYS ASBIRAN, deceased; MRS. ZAHARA AINI BINTI ALI HAMZAH, Special Administrator of the Estate of MR. AMINUDDIN MUHAMMAD, deceased; MR. GUNAWAN PRIBADI, Special Administrator of the Estate of MR. BURHANUDDIN, deceased; MRS. HENTI, Special Administrator of the Estate of MR. BAMBANG SISTIYANTO, YSM., deceased; MS. ADE RINANDA LUBIS, Special Administrator of the Estate of MR. BACHRI SYAHNAN LUBIS, deceased; MR. IRVAN, Special Administrator of the Estate of MRS. JULLY CHANDRA, deceased; MR. RAJA HERU PERMADI, Special Administrator of

58

the Estate of MR. RAJA DJUMHANA JOHAN, deceased; MRS. NORIATA BORU LUMBAN TERUAN, Special Administrator of the Estate of MR. DONALD MANAMPIN HUTASOIT, deceased; MRS. NURLAELASARI, Special Administrator of the Estate of MR. DIDI ZAKARIA, deceased; MRS. MARIANA PANGGABEAN, Special Administrator of the Estate of MR. FIRDAUS PANJAITAN, deceased; MRS. NENI DWI ASTUTI HUTAGALUNG, Special Administrator of the Estate of MR. MANALUP PARDAMEAN HUTAGALUNG, deceased; MRS. TRIANA SARI, Special Administrator of the Estate of MR. R. HEDDY HADIWINATA, deceased; MRS. HOLIDAH WATI LUBIS, Special Administrator of the Estate of MR. ISMED NASUTION, deceased; MRS. SALMAH AISYAH, Special Administrator of the Estate of MR. ILHAMSYAH OWIE, deceased; MR. NURVINA ARFA, Special Administrator of the Estate of MR. KHALIFUL JOHAR, deceased; MRS. UTRI RAHAYU TEJANINGSIH LIKHOMSATUN, Special Administrator of the Estate of MR. MUSLICH, deceased; MR. RICARDO SIMAMORA, Special Administrator of the Estate of MRS. MARTHA MANIK SH., deceased; MR. PAINGOT MARPAUNG, Special Administrator of the Estate of MRS. MARTHA LUCYA, deceased; MRS. SUARMI, Special Administrator of the Estate of MR. NOKARTO, deceased; MRS. SALIAH, Special Administrator of the Estate of MR. NIMROT HAPOSAN PANJAITAN, deceased; MR. ARJUNA ROUSDHIE, Special Administrator of the Estate of MRS. NURLINA SARI NASUTION, deceased; MRS. YANTI FARIDAH NASUTION, Special Administrator of the Estate of MR. CHAIDIR NASUTION, deceased; MRS. SRI ROHANI, Special Administrator of the Estate of MR. PURWOKO BIN

SUWARNO, deceased; MS. MARISSA SYLVIA REGINA, Special Administrator of the Estate of MR. RISMAN ANWAR, deceased; MR. AMANSYAH SITEPU, Special Administrator of the Estate of MR. RASNASSAIBU SITEPU, deceased; MRS. KHAIRANI, Special Administrator of the Estate of MR. SUTRISNO, deceased; MRS. SRI ELVI HERIYATI, Special Administrator of the Estate of MR. SUBAKTI, deceased; MS. RORO PUTRI LYSTIA, Special Administrator of the Estate of MRS. RORO SUBANDRIANA, deceased; YULIE AYU UTARI, Special Administrator of the Estate of MR. SUTARA, deceased; MRS. SYARIFAH LUBIS, Special Administrator of the Estate of MR. PARULIAN SIMANJUNTAK, deceased; MS. EKA YUNITA, Special Administrator of the Estate of MR. M. SALIM, deceased; HJ. SITI JULIANA DALIMUNTHE, Special Administrator of the Estate of MR. IR. ARMEN SYAHPUTRA, deceased; MRS. SUYANTI, Special Administrator of the Estate of MR. SOPIANTO, deceased; CRISTINE CORY ISABELA S., Special Administrator of the Estate of MR. IR. RADJIN JOP SIBERO, deceased; MRS. ROSMIATI, Special Administrator of the Estate of MR. SABARUDDIN, deceased; MRS. ERIKA SITANGGANG, Special Administrator of the Estate of MR. BONAHARA LUMBAN TOBING, deceased; MR. HANAFI S. GUCIANO, Special Administrator of the Estate of MRS. TITIN AYUASIH SUWANDI, deceased; MRS. JULIANA KURNIAWAN, Special Administrator of the Estate of MR. TOSIMIN, deceased; MRS. INDRAWATI, Special Administrator of the Estate of MR. WARIDI, deceased; MRS. ELIZA MAMINTA WIJAYA, Special Administrator of the Estate of MR. JULIAN MURA WIJAYA, deceased; MR. IQBAL, Special

Administrator of the Estate of MR. IR. MUHAMMAD YAMIN, deceased; MRS. TUTIK HERYANTINAH, Special Administrator of the Estate of MR. YANCE ISKANDAR, deceased; MRS. NURFACHIYAH NINGSIH, Special Administrator of the Estate of MR. TAHTA YUWALDI, deceased; MS. PANGESTY ANGGRAENY, Special Administrator of the Estate of MR. SUTOMO, deceased; MR. ARJUNAIDI MARBUN, Special Administrator of the Estate of MR. MARADEN MARBUN, deceased; and MRS. NGTAMI, Special Administrator of the Estate of MR. SYAHRIAL POHAN, deceased, and each of them, pray for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

Respectfully submitted,

NOLAN LAW GROUP

Floyd A. Wisner

(# 36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiffs
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

# EXHIBIT A

## (Part 4 of 4)

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

MS. NIA ASTRINA, Special )
Administrator of the Estate )
of MR. AGUS SALIM, deceased, )
)
          Plaintiff, )
)
        -vs- )
)
HAMILTON SUNDSTRAND CORPORATION, )
a corporation, formerly known as )
SUNDSTRAND CORPORATION, )
)
         Defendant. )

2005L006485
Case No.CALENDAR/ROOM F
TIME 00:00
Product Liability

## COMPLAINT AT LAW

Now comes the plaintiff, MS. NIA ASTRINA, Special Administrator of the Estate of MR. AGUS SALIM, deceased, by and through her attorneys, NOLAN LAW GROUP, and complaining against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION ("Sundstrand"), states as follows:

### COUNT I

#### WRONGFUL DEATH - STRICT LIABILITY

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2. Plaintiff, MS. NIA ASTRINA, born on October 21, 1986, plaintiff, MR. ROBBY DWI LUKITA, born on November 20, 1987, plaintiff, MR. REZA FEBRY, born on February 20, 1992, and

plaintiff, MR. NANDA NOVAL, born on September 18, 1994, are the surviving children of plaintiff's decedent, MR. AGUS SALIM.

3.   This cause of action is brought by plaintiff, MS. NIA ASTRINA, as Special Administrator of the Estate of MR. AGUS SALIM, deceased, for the sole benefit of these surviving children of decedent.

4.   On September 26, 1997, plaintiff's decedent, MR. AGUS SALIM, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

5.   Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

6.   At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

    (a)   Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

    (b)   Said GPWS was designed, manufactured, assembled, sold, and distributed without

2

proper and adequate instructions regarding the inspection, testing, maintenance, and repair of said GPWS and its component parts;

(c)    Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)    Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

7.    As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. AGUS SALIM, was injured and caused to expire.

8.    At the time of the death of plaintiff's decedent, MR. AGUS SALIM, he left surviving plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, for whose sole benefit this action is brought.

9.    By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. AGUS SALIM.

10.    Plaintiff, MS. NIA ASTRINA, is the duly appointed special administrator of the estate of MR. AGUS SALIM, deceased, by order of this Court.  This plaintiff brings this cause of action for the

3

the benefit of plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, as the surviving children of decedent.

11.   This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiff, MS. NIA ASTRINA, Special Administrator of the Estate of MR. AGUS SALIM, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-5.   Plaintiff hereby adopts and realleges paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

6.   It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, MR. AGUS SALIM.

4

7. Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection, testing, maintenance, and repair of said GPWS and its component parts;

(c) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

8. As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. AGUS SALIM, was injured and caused to expire.

9. At the time of the death of plaintiff's decedent, MR. AGUS SALIM, he left surviving plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, for whose sole benefit this action is brought.

5

10.   By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. AGUS SALIM.

11. Plaintiff, MS. NIA ASTRINA, is the duly appointed special administrator of the estate of MR. AGUS SALIM, deceased, by order of this Court.   This plaintiff brings this action for the sole benefit of plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, as the surviving children of MR. AGUS SALIM, deceased.

WHEREFORE, plaintiff, MS. NIA ASTRINA, Special Administrator of the Estate of MR. AGUS SALIM, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

_____
Floyd A. Wisner

(#36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

6

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

MS. NIA ASTRINA, Special )
Administrator of the Estate )
of MR. AGUS SALIM, deceased, )
　　　　　　　　　　　　　　　　 )
　　　　　　　　 Plaintiff, )
　　　　　　　　　　　　　　　　 )
　　　　　 -vs- )　　Case No. 05 L 6485
　　　　　　　　　　　　　　　　 )
HAMILTON SUNDSTRAND CORPORATION, )
a corporation, formerly known as )
SUNDSTRAND CORPORATION, )
　　　　　　　　　　　　　　　　 )
　　　　　　　　 Defendant. )

**FIRST AMENDED COMPLAINT AT LAW**

　　　Now comes the plaintiff, MS. NIA ASTRINA, Special
Administrator of the Estate of MR. AGUS SALIM, deceased, by and
through her attorneys, NOLAN LAW GROUP, and complaining against
defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly
known as SUNDSTRAND CORPORATION ("Sundstrand"), states as follows:

**COUNT I**

**WRONGFUL DEATH - STRICT LIABILITY**

　　　1. On September 26, 1997, and for a long time prior thereto,
defendant Sundstrand was a corporation duly authorized to conduct
business within the County of Cook and State of Illinois and was so
doing.

　　　2. Plaintiff, MS. NIA ASTRINA, born on October 21, 1986,
plaintiff, MR. ROBBY DWI LUKITA, born on November 20, 1987,
plaintiff, MR. REZA FEBRY, born on February 20, 1992, and



plaintiff, MR. NANDA NOVAL, born on September 18, 1994, are the surviving children of plaintiff's decedent, MR. AGUS SALIM.

3. This cause of action is brought by plaintiff, MS. NIA ASTRINA, as Special Administrator of the Estate of MR. AGUS SALIM, deceased, for the sole benefit of these surviving children of decedent.

4. On September 26, 1997, plaintiff's decedent, MR. AGUS SALIM, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

5. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

6. At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

> (a) Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

2

(b)    Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)    Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)    Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

7.    As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. AGUS SALIM, was injured and caused to expire.

8.    At the time of the death of plaintiff's decedent, MR. AGUS SALIM, he left surviving plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, for whose sole benefit this action is brought.

9.    By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. AGUS SALIM.

10.    Plaintiff, MS. NIA ASTRINA, is the duly appointed special administrator of the estate of MR. AGUS SALIM, deceased, by order

of this Court. This plaintiff brings this cause of action for the sole benefit of plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, as the surviving children of decedent.

11. This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiff, MS. NIA ASTRINA, Special Administrator of the Estate of MR. AGUS SALIM, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-5. Plaintiff hereby adopts and realleges paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

6. It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, MR. AGUS SALIM.

4

7.   Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a)   Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)   Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)   Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)   Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

8.   As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. AGUS SALIM, was injured and caused to expire.

9.   At the time of the death of plaintiff's decedent, MR. AGUS SALIM, he left surviving plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, for whose sole benefit this action is brought.

5

10.    By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. AGUS SALIM.

11.    Plaintiff, MS. NIA ASTRINA, is the duly appointed special administrator of the estate of MR. AGUS SALIM, deceased, by order of this Court.    This plaintiff brings this action for the sole benefit of plaintiffs, MS. NIA ASTRINA, MR. ROBBY DWI LUKITA, MR. REZA FEBRY, and MR. NANDA NOVAL, as the surviving children of MR. AGUS SALIM, deceased.

WHEREFORE, plaintiff, MS. NIA ASTRINA, Special Administrator of the Estate of MR. AGUS SALIM, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

NOLAN LAW GROUP

Floyd A. Wisner

(#36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL   60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

6

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

MRS. HJ. SISILIANA, SH.,          )
Special Administrator of the      )
Estate of MR. BUCHARI USMAN,      )
deceased,                         )
                                  )
                    Plaintiff,    )
                                  )
            -vs-                  )          Case No.
                                  )
HAMILTON SUNDSTRAND CORPORATION,  )
a corporation, formerly known as  )
SUNDSTRAND CORPORATION,           )
                                  )
                    Defendant.    )

### COMPLAINT AT LAW

Now comes the plaintiff, MRS. HJ. SISILIANA, SH., Special Administrator of the Estate of MR. BUCHARI USMAN, deceased, by and through her attorneys, NOLAN LAW GROUP, and complaining against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION ("Sundstrand"), states as follows:

### COUNT I

### WRONGFUL DEATH - STRICT LIABILITY

1.  On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2.  Plaintiff, MR. AKBAR HIKMAWAN, born on November 25, 1988, and plaintiff, MR. AGUNG NUGRAHA, born on August 7, 1992, are the surviving children of plaintiff's decedent, MR. BUCHARI USMAN. Plaintiff, MRS. HJ. SISILIANA, SH., is the wife of decedent, MR.

BUCHARI USMAN, and is the mother and natural guardian of plaintiffs, MR. AKBAR HIKMAWAN, a minor, and MR. AGUNG NUGRAHA, a minor.

3.   This cause of action is brought by all plaintiffs for the sole benefit of these surviving children of MR. BUCHARI USMAN, deceased, plaintiffs, MR. AKBAR HIKMAWAN, a minor, by his mother, MRS. HJ. SISILIANA, SH., as guardian and next friend of MR. AKBAR HIKMAWAN, and MR. AGUNG NUGRAHA, a minor, by his mother, MRS. HJ. SISILIANA, SH., as guardian and next friend of MR. AGUNG NUGRAHA, a minor.

4.   On September 26, 1997, plaintiff's decedent, MR. BUCHARI USMAN, was a passenger aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

5.   Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

6.   At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

2

(a)   Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)   Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)   Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d)   Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

7.   As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiff's decedent, MR. BUCHARI USMAN, was injured and caused to expire.

8.   At the time of the death of plaintiff's decedent, MR. BUCHARI USMAN, he left surviving plaintiffs, MR. AKBAR HIKMAWAN, a minor, and MR. AGUNG NUGRAHA, a minor, for whose sole benefit this action is brought.

9.   By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. BUCHARI USMAN.

3

10. Plaintiff, MRS. HJ. SISILIANA, SH., is the duly appointed special administrator of the estate of MR. BUCHARI USMAN, deceased, by order of this Court. This plaintiff brings this action for the sole benefit of MR. AKBAR HIKMAWAN, a minor, and MR. AGUNG NUGRAHA, a minor, as the surviving children of MR. BUCHARI USMAN, deceased.

11. This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiff, MRS. HJ. SISILIANA, SH., Special Administrator of the Estate of MR. BUCHARI USMAN, deceased, through undersigned counsel, prays for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.


## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-5. Plaintiff hereby adopts and realleges paragraphs 1 through 5, inclusive, of Count I as and for paragraphs 1 through 5, inclusive, as Count II of this Complaint at Law as though fully set forth herein.

4

6.    It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiff's decedent, MR. BUCHARI USMAN.

7.    Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

    (a)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

    (b)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

    (c)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

    (d)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

8.    As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that, as a consequence thereof, plaintiff's decedent, MR. BUCHARI USMAN, was injured and caused to expire.

5

9.   At the time of the death of plaintiff's decedent, MR. BUCHARI USMAN, he left surviving plaintiffs, MR. AKBAR HIKMAWAN, a minor, and MR. AGUNG NUGRAHA, a minor, for whose sole benefit this action is brought.

10.   By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiff's decedent, MR. BUCHARI USMAN.

11.   Plaintiff, MRS. HJ. SISILIANA, SH., is the duly appointed special administrator of the estate of MR. BUCHARI USMAN, deceased, by order of this Court.  This plaintiff brings this action for the sole benefit of plaintiffs, MR. AKBAR HIKMAUWAN, a minor, and MR. AGUNG NUGRAHA, a minor, as the surviving children of MR. BUCHARI USMAN, deceased.

WHEREFORE, plaintiff, MRS. HJ. SISILIANA, SH., Special Administrator of the Estate of MR. BUCHARI USMAN, deceased, through undersigned counsel, prays for the entry of a judgment, against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

(#36211)
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark St. - 30th Floor
Chicago, IL   60602
Tel: 312.630.4000/Fax: 312.630.4011

NOLAN LAW GROUP

Floyd A. Wisner

6

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

| | |
|---|---|
| MRS. HJ. SISILIANA, SH., Special Administrator of the Estate of MR. BUCHARI USMAN, deceased, | ) )  ) )  ) |
|         Plaintiff, | ) ) |
|     -vs- | )    Case No. |
| HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, | ) ) ) ) |
|         Defendant. | ) ) |

## SUPREME COURT RULE 222 AFFIDAVIT

Now comes plaintiff, MRS. HJ. SISILIANA, SH., Special Administrator of the Estate of MR. BUCHARI USMAN, deceased, by and through her attorneys, NOLAN LAW GROUP, and pursuant to Supreme Court Rule 222, states and attests, under oath, that the amount of damages sought in the above captioned matter exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000).

NOLAN LAW GROUP

_____
Floyd A. Wisner

(#36211)
Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiff
20 North Clark Street
30th Floor
Chicago, IL  60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

1910 - No Fee Paid
1919 - Fee Paid
**Jury Demand**                    CCG N067-10M-6/09/04 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MRS. HJ. SISILIANA, SH., et al.,

v.                              No. _____

HAMILTON SUNDSTRAND CORPORATION

**JURY DEMAND**

**The undersigned demands a jury trial.**

_____
(Signature)

Dated: _____, _____

Atty. No.: 36211
Name: NOLAN LAW GROUP
Atty. for: Plaintiff
Address: 20 North Clark Street - 30th Floor
City/State/Zip: Chicago, IL  60602
Telephone: 312.630.4000; Fax:  312.630.4011

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT  LAW DIVISION

YUDI RELAWANTO, Special Administrator
of the Estate of WIDHI PRAMESTI
TIRTANINGRUM, deceased, MRS. SALMIAH,
Special Administrator of the Estate of ZUBIR BIN
ABDULRAOF, deceased, LINA TARUDDIN,
Special Administrator of the Estate of JONI
TARUDDIN, deceased, HAJI T.R. MALIKUL,
Special Administrator of the Estate of MR. DARWIS,
deceased, RADEN HERI SUGIHARTO, Special
Administrator of the Estate of MRS. SESLINAZTI,
deceased, DRA. NUR HAYATI, Special Administrator
of the Estate of IMRAN MANDA, deceased,
HJ NURHASNI, Special Administrator of the Estate of
MR. MARLIS, deceased, IR. AGUS IRAWAN,
Special Administrator of the Estate of RETNO WINARNI,
deceased, MIFIE SOERADJIE, Special Administrator
of the Estate of MOELJONO OSKAN SOENJOTO,
deceased, MR. EFFENDI, Special Administrator of the
Estate of MRS. HASNAH, deceased, MRS. KHAIRUNNISAK,
 Special Administrator of the Estate of ZULKIFLI MUHAMMAD,
deceased, MRS. WENNILA, Special Administrator of the Estate
of SELLAYA SIWA SANGKER, deceased, LUDWINA
BARISE DACHI, Special Administrator of the Estate of
ELIGIUS ANSELMUS FA'ATULO FAU, deceased,
ROSWITA TAMBUNAN, Special Administrator of the Estate
of ELSERIA SIAHAAN, deceased, EDI JUNAIDI, Special
Administrator of the Estate of AZHARI IDRIS,
deceased, MRS. MAKIAH, Special Administrator
of the Estate of EFRI DIANA, deceased, MRS.
NURLELY, Special Administrator of the Estate
of LOVYTA SARI, deceased, BAGINDA
NABABAN, Special Administrators of the Estates
of POLIN NABABAN and SERILENA SEBAYA,
deceased

Plaintiffs,

-vs-                                Case No.

HAMILTON SUNDSTRAND CORPORATION,
a corporation,

Defendant.

2007L000806
CALENDAR/ROOM X
TIME 00:00
Product Liability

## COMPLAINT AT LAW

Now come the plaintiffs, Special Administrators of the Estate of Decedents, by and through their attorney, FLOYD A. WISNER, and complaining against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, ("Sundstrand"), state as follows:

## COUNT I

### WRONGFUL DEATH – STRICT LIABILITY

1. On September 26, 1997, and for a long time prior thereto, defendant Sundstrand was a corporation duly authorized to conduct business within the County of Cook and State of Illinois and was so doing.

2. DIMAS WALLIYYUDDIN JATIKUSOMO, born on September 21, 1996, is the surviving son of the decedent WIDHI PRAMESTI TIRTANINGRUM.

3. This cause of action is brought by plaintiff, YUDI RELAWANTO, as Special Administrator of the Estate of WIDHI PRAMESTI TIRTANINGRUM, for the sole benefit of this surviving son of this decedent.

4. RIKA ASTUTI, born on March 23, 1996, is the surviving daughter of the decedent ZUBIR BIN ABDULRAOF.

5. This cause of action is brought by plaintiff MRS. SALMIAH, as Special Administrator of the Estate of ZUBIR BIN ABDULRAOF for the sole benefit of this surviving daughter of this decedent.

6. YENI TARUDDIN, born on July 26, 1987, is the surviving daughter, and JOHAN TARUDDIN, born on December 3, 1989, is the surviving son, of the decedent JONI TARUDDIN.

7. This cause of action is brought by plaintiff LINA TARUDDIN, as Special Administrator of the Estate of JONI TARUDDIN, for the sole benefit of these surviving children of this decedent.

8. DANI SISKASARI, born on April 20, 1995, is the minor son of the decedent MR. DARWIS.

9. This cause of action is brought by plaintiff HAJI T.R. MALIKUL, as Special Administrator of the Estate of MR. DARWIS for the sole benefit of this surviving son of this decedent.

10. EDRICK SUGIHARTO PUTRA, born on March 4, 1997, is the surviving son of the decedent MRS. SESLINAZTI.

11. This cause of action is brought by plaintiff RADEN HERI SUGIHARTO, as Special Administrator of the Estate of MRS. SESLINAZTI, for the sole benefit of this surviving son of this decedent.

12. FACHNUR FIRDAUS IMRAN, born on November 7, 1991, and HERWIG ISMAIL IMRAN, born on May 26, 1993, are the surviving sons of the decedent, IR. IMRAN MANDA.

13. This cause of action is brought by plaintiff, DRA NUR HAYATI, as Special Administrator of the Estate of IR. IRMAN MANDA, deceased, for the sole benefit of these surviving sons of this decedent.

14. NURMA JUWITA, born on January 8, 1995, is the surviving daughter, and MUHAMMAD ZIKRI, born on April 24, 1996, is the surviving son, of the decedent MR. MARLIS.

15. This cause of action is brought by plaintiff HJ NURHASNI, as Special Administrator of the Estate of MR. MARLIS, for the sole benefit of these surviving children of this decedent.

16. ZAHRINA ADANI, born on April 2, 1996, is the surviving daughter of the decedent RETNO WINARNI.

17. This cause of action is brought by plaintiff IR AGUS IRAWAN, as Special Administrator of the Estate of RETNO WINARNI, for the sole benefit of this surviving daughter of this decedent.

18. NATHANIA AGATHA OSKAN SOENJOTO, born on October 14, 1997, is the surviving daughter of the decedent MOELJONO OSKAN SOENJOTO.

19. This cause of action is brought by plaintiff MIFIE SOERADJIE, as Special Administrator of the Estate of MOELJONO OSKAN SOENJOTO, for the sole benefit of this surviving daughter of this decedent.

20. MR. SELAMAT, born on March 8, 1989, is the surviving son, and ANITA TRIANI, born on October 11, 1994, is the surviving daughter, of the decedent MRS. HASNAH.

21. This cause of action is brought by plaintiff MR. EFFENDI, as Special Administrator of the Estate of MRS. HASNAH, for the sole benefit of these surviving children of this decedent.

22. MR. BOIHAQI, born on April 18, 1997, is the surviving son of the decedent ZULKIFLI MUHAMMAD.

23. This cause of action is brought by plaintiff MRS. KHAIRUNNISAK, as Special Administrator of the Estate of ZULKIFLI MUHAMMAD, for the sole benefit of this surviving son of this decedent.

24. SATHYA PRASTIKA, born on February 24, 1993, is the surviving daughter of the decedent SELLAYA SIWA SANGKER.

25. This cause of action is brought by plaintiff MRS. WENNILA, as Special Administrator of the Estate of SELLAYA SIWA SANGKER, for the sole benefit of this surviving daughter of this decedent.

26. YUBILATE SIHURA, born on August 5, 1988, and LIRCON SIHURA, born on January 14, 1990, are the surviving sons of the decedent ELIGIUS ANSELMUS FA'ATULO FAU.

27. This cause of action is brought by plaintiff LUDWINA BARISE DACHI, as Special Administrator of the Estate of ELIGIUS ANSELMUS FA'ATULO FAU, for the sole benefit of these surviving sons of this decedent.

28. JULIANA BUTAR-BUTAR, born on July 18, 1991, is the surviving daughter of the decedent ELSERIA SIAHAAN.

29. This cause of action is brought by plaintiff ROSWITA TAMBUNAN, as Special Administrator of the Estate of ELSERIA SIAHAAN, for the sole benefit of this surviving daughter of this decedent.

30. EDI JUNAIDI, born on January 28, 1987, and ERI RUSYDIA, born on July 8, 1988, are the surviving sons of the decedent AZHARI IDRIS.

31. This cause of action is brought by plaintiff EDI JUNAIDI, as Special Administrator of the estate of AZHARI IDRIS for the sole benefit of these surviving sons of this decedent.

32. HENDRY JULION, born on July 17, 1987, is the surviving son of the decedent EFRI DIANA.

33. This cause of action is brought by plaintiff MRS. MAKIAH, as Special Administrato of the Estate of EFRI DIANA, for the sole benefit of this surviving son of this decedent.

34. INDRI MAHARNI, born on July 18, 1996, is the surviving daughter of the decedent LOVYTA SARI.

35. This cause of action is brought by plaintiff MRS. NURLELY, as Special Administrator of the Estate of LOVYTA SARI, for the sole benefit of this surviving daughter of this decedent.

36. KENNI MARDIATI NABABAN, born on June 23, 1994, is the surviving daughter of decedents POLIN NABABAN and SERILENA SEBAYANG.

37. This cause of action is brought by plaintiff BAGINDA NABABAN, as Special Administrator of the Estates of POLIN NABABAN and SERILENA SEBAYANG, for the sole benefit of this surviving daughter of these decedents.

38. On September 26, 1997, plaintiffs' decedents were aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

39. Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

40. At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

(a) Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b) Said GPWS was designed, manufactured, assembled, sold and

distributed such that the system provided false or nuisance warnings which interfered with the safe operation of the flight;

(c) Said GPWS was designed, manufactured, assembled, sold and distributed such that warnings could be inhibited or prevented from sounding or being given;

(d) Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection, testing, maintenance, and repair of said GPWS and it's component parts;

(e) Said GPWS was designed, manufactured, assembled, sold, and distributed, without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(f) Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

41. As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

42. At the time of the death of plaintiffs' decedents, they left their surviving children herein identified, for whose sole benefit this action is brought.

43. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the death of plaintiffs' decedents.

44. Plaintiffs are the duly appointed special administrators of their respective decedents' estates, by order of this Court. These plaintiffs bring this cause of action for the sole benefit of the individuals identified herein as the surviving children of the decedents.

45. This action is being brought pursuant to 740 ILCS 180/0.01, et seq., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

## WRONGFUL DEATH – NEGLIGENCE

1. – 39. Plaintiffs hereby adopt and reallege paragraphs 1 through 39, inclusive, of Count I as and for paragraphs 1 through 39, inclusive, of Count II of this Complaint at Law as though fully set forth herein.

40. It then and there became and was the duty of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiffs' decedents.

41. Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a) Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b) Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS such that the system provided false or nuisance warnings which interfered with the safe operation of the flight;

(c) Negligently and carelessly designed, manufacture, assembled, sold and distributed said GPWS such that warnings could be inhibited or prevented from sounding or being given;

(d) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection, testing, maintenance, and repair of said GPWS and its component parts;

(e) Negligently and carelessly designed, manufactured, assembled, sold and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(f) Negligently and carelessly sold and distributed said GPWS without first properly or adequately inspecting and testing the same.

42. As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

43. At the time of the death of plaintiffs' decedents, they left surviving the above-identified children of the respective decedents, for whose sole benefit this action is brought.

44. By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiffs' respective decedents.

45. Plaintiffs are the duly appointed special administrators of their respective decedents' estates, by order of this Court. These plaintiffs bring this action for the sole benefit of the individuals identified herein as the surviving children of plaintiffs' decedents.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with the costs of this action.

_____

Floyd A. Wisner
Attorney for Plaintiffs

Floyd A. Wisner
Attorney for plaintiff
934 S. 4th St.
St. Charles, Il.  60174
Telephone: 630.513.9434
Facsimile: 630.513.6287
 11151

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| MR. TAUFIK SIREGAR, Special<br>Administrator of the Estate of MR.<br>H. ABDUL HAKIM SIREGAR, deceased;<br><br>MS. IR ERNA WIDAYANTI, Special<br>Administrator of the Estate of<br>MR. PAIMIN SUMITRO, deceased;<br><br>MRS. SIHTIATI KOMARA, Special<br>Administrator of the Estate of<br>MR. IR PRIYASTOTO, deceased;<br><br>MR. INDRA SYAFRIN, Special<br>Administrator of the Estate of<br>MRS. MIS EFFINI, deceased;<br><br>              Plaintiffs,<br><br>          -vs-<br><br>HAMILTON SUNDSTRAND CORPORATION,<br>a corporation, formerly known as<br>SUNDSTRAND CORPORATION,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)  2007L006356<br>)  CALENDAR/ROOM A<br>)  TIME 00:00<br>)  Product Liability<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AT LAW**

Now come plaintiffs, MR. TAUFIK SIREGAR, et al., by and
through their attorneys, NOLAN LAW GROUP, and complaining against
defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly
known as SUNDSTRAND CORPORATION ("Sundstrand"), state as follows:

**COUNT I**

**WRONGFUL DEATH - STRICT LIABILITY**

1.  On September 26, 1997, and for a long time prior thereto,
defendant Sundstrand was a corporation duly authorized to conduct

business within the County of Cook and State of Illinois and was so doing.

2.  Plaintiff, MR. TAUFIK SIREGAR, was born on September 19, 1969, and is the son of decedent, MR. H. ABDUL HAKIM SIREGAR. MS. NUR ASYUROH SIREGAR was born on July 1, 1992, and is the minor daughter of decedent, MR. H. ABDUL HAKIM SIREGAR.

3.  This cause of action is brought by plaintiff, MR. TAUFIK SIREGAR, Special Administrator of the Estate of MR. H. ABDUL HAKIM SIREGAR, deceased, for the sole benefit of this surviving minor child of decedent.

4.  Plaintiff, MS. IR. ERNA WIDAYANTI, was born on December 26, 1965, and is the daughter of decedent, MR. PAIMIN SUMITRO. MS. DIAH FITRI HANDAYANI was born on July 7, 1987, and is the minor daughter of decedent, MR. PAIMIN SUMITRO.

5.  This cause of action is brought by plaintiff, MS. IR. ERNA WIDAYANTI, Special Administrator of the Estate of MR. PAIMIN SUMITRO, deceased, for the sole benefit of this surviving minor child of decedent.

6.  Plaintiff, MRS. SIHTIATI KOMARA, is the spouse of decedent, MR. IR PRIYASTOTO. MR. MUHAMMAD PERDANA PRIHADIANTO was born on November 9, 1989, and is the minor son of decedent, MR. IR. PRIYASTOTO. MS. HANDINA DWIRACHMI was born on October 2, 1995, and is the minor daughter of decedent, MR. IR. PRIYASTOTO.

2

7.   This cause of action is brought by plaintiff, MRS. SIHTIATI KOMARA, Special Administrator of the Estate of MR. IR. PRIYASTOTO, deceased, for the sole benefit of these surviving children of decedent.

8.   Plaintiff, MR. INDRA SYAFRIN, is the spouse of decedent, MRS. MIS EFFENI.  MR. ADHITYA KUKUH PRIBADI was born on June 23, 1987, and is the minor son of decedent, MRS. MIS EFFENI.  MS. NURUL MAULINA was born on October 1, 1990, and is the minor daughter of decedent, MRS. MIS EFFENI.

9.   This cause of action is brought by plaintiff, MR. INDRA SYAFRIN, Special Administrator of the Estate of MRS. MIS EFFENI, deceased, for the sole benefit of these surviving minor children of decedent.

10.   On September 26, 1997, plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them, were passengers aboard an Airbus A300 aircraft being operated as P.T. Garuda Indonesia Flight GA-152 from Jakarta, Indonesia to Medan, Indonesia.

11.   Prior to said date, defendant Sundstrand designed, manufactured, assembled, sold, and/or distributed a certain Ground Proximity Warning System ("GPWS") and its component parts, to-wit: Sundstrand Mark II GPWS, which was then and there installed on the aforesaid Airbus A300 aircraft.

3

12. At the time the said GPWS left the control of defendant Sundstrand, said GPWS contained a condition which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner in one or more of the following ways:

(a) Said GPWS was designed, manufactured, assembled, sold, and distributed such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b) Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c) Said GPWS was designed, manufactured, assembled, sold, and distributed without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

(d) Said GPWS and its component parts were sold and distributed without having first been properly and/or adequately inspected and tested.

13. As a direct and proximate result of one or more of the foregoing conditions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them, were injured and caused to expire.

14.  At the time of the deaths of plaintiffs' decedents:  MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them, they each left surviving children, as set forth in paragraphs 2 through 9, above, for whose sole benefit this action is brought.

15.  By reason of the premises, said next of kin have sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support, resulting from the deaths of plaintiffs' decedents:  MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them.

16.  Plaintiff, MR. TAUFIK SIREGAR, is the duly appointed special administrator of the estate of MR. H. ABDUL HAKIM SIREGAR, deceased, by order of this Court.  This action is brought for the sole benefit of plaintiff and MS. NUR ASYUROH SIREGAR, a minor, as the surviving child of this decedent.

17.  Plaintiff, MS. IR. ERNA WIDAYANTI, is the duly appointed special administrator of the estate of MR. PAIMIN SUMITRO, deceased, by order of this Court.  This action is brought for the sole benefit of MS. DIAH FITRI HANDAYANI, a minor, as the surviving child of this decedent.

18.  Plaintiff, MRS. SIHTIATI KOMARA, is the duly appointed special administrator of the estate of MR. IR PRIYASTOTO, deceased, by order of this Court.  This action is brought for the sole benefit of MR. MUHAMMAD PERDANA PRIHADIANTO, a minor, and MS.

5

HANDINA DWIRACHMI, a minor as the surviving children of this decedent.

19.    Plaintiff, MR. INDRA SYAFRIN, is the duly appointed special administrator of the estate of MRS. MIS EFFENI, deceased, by order of this Court.    This action is brought for the sole benefit of NURUL MAULINA, a minor, as the surviving child of this decedent.

20.    This action is being brought pursuant to 740 ILCS 180/0.01, *et seq.*, commonly known as the *Illinois Wrongful Death Act*.

WHEREFORE, plaintiffs, MR. TAUFIK SIREGAR, Special Administrator of the Estate of MR. H. ABDUL HAKIM SIREGAR, deceased; MS. IR ERNA WIDAYANTI as Special Administrator of the Estate of MR. PAIMIN SUMITRO, deceased; MRS. SIHTIATI KOMARA, Special Administrator of the Estate of MR. IR PRIYASTOTO, deceased; and MR. INDRA SYAFRIN, Special Administrator of the Estate of MRS. MIS EFFENI, deceased, and each of them, pray for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, in an amount in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with costs of this action.

## COUNT II

### WRONGFUL DEATH - NEGLIGENCE

1.-11.    Plaintiffs hereby adopt and reallege paragraphs 1 through 11, inclusive, of Count I as and for paragraphs 1 through 11, inclusive, as Count II of ths Complaint at Law as though fully set forth herein.

12.    It then and there became and was the duly of defendant Sundstrand to exercise ordinary care in the design, manufacture, assembly, sale, and/or distribution of said GPWS so as not to cause injury to or death of plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them.

13. Notwithstanding the aforesaid duty, defendant Sundstrand committed one or more of the following acts or omissions:

(a)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS such that the system did not provide timely aural and visual warnings in areas of precipitous terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendant;

(b)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate instructions regarding the inspection and testing of said GPWS and its component parts;

(c)    Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about said GPWS and its component parts; and

7

(d) Negligently and carelessly designed, manufactured, assembled, sold, and distributed said GPWS without first properly or adequately inspecting and testing the same.

14. As a direct and proximate result of one or more of the foregoing acts or omissions, said aircraft was caused to and did violently crash into the ground in the Republic of Indonesia and that as a consequence thereof, plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them, were injured and caused to expire.

15. At the time of the deaths of plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them, they each left surviving children, as set forth in Count I, paragraphs 2 through 9, above, for whose sole benefit this action is brought.

16. By reason of the premises, said next of kin has sustained substantial pecuniary loss, inclusive of loss of society, loss of services, and loss of support resulting from the deaths of plaintiffs' decedents: MR. H. ABDUL HAKIM SIREGAR; MR. PAIMIN SUMITRO; MR. IR PRIYASTOTO; and MRS. MIS EFFINI, and each of them.

17. Plaintiff, MR. TAUFIK SIREGAR, is the duly appointed special administrator of the estate of MR. H. ABDUL HAKIM SIREGAR, deceased, by order of this Court. This action is brought for the sole benefit of plaintiff and MS. NUR ASYUROH SIREGAR, a minor, as the surviving child of this decedent.

18.  Plaintiff, MS. IR. ERNA WIDAYANTI, is the duly appointed special administrator of the estate of MR. PAIMIN SUMITRO, deceased, by order of this Court.  This action is brought for the sole benefit of MS. DIAH FITRI HANDAYANI, a minor, as the surviving child of this decedent.

19.  Plaintiff, MRS. SIHTIATI KOMARA, is the duly appointed special administrator of the estate of MR. IR PRIYASTOTO, deceased, by order of this Court.  This action is brought for the sole benefit of MR. MUHAMMAD PERDANA PRIHADIANTO, a minor, and MS. HANDINA DWIRACHMI, a minor as the surviving children of this decedent.

20.  Plaintiff, MR. INDRA SYAFRIN, is the duly appointed special administrator of the estate of MRS. MIS EFFENI, deceased, by order of this Court.  This action is brought for the sole benefit of NURUL MAULINA, a minor, as the surviving child of this decedent.

WHEREFORE, plaintiffs, MR. TAUFIK SIREGAR, Special Administrator of the Estate of MR. H. ABDUL HAKIM SIREGAR, deceased; MS. IR ERNA WIDAYANTI as Special Administrator of the Estate of MR. PAIMIN SUMITRO, deceased; MRS. SIHTIATI KOMARA, Special Administrator of the Estate of MR. IR PRIYASTOTO, deceased; and MR. INDRA SYAFRIN, Special Administrator of the Estate of MRS. MIS EFFENI, deceased, and each of them, pray for the entry of a judgment against defendant, HAMILTON SUNDSTRAND CORPORATION, a

9

corporation, formerly known as SUNDSTRAND CORPORATION, in an amount
in excess of the minimal jurisdictional limits of the Law Division
of the Circuit Court of Cook County, Illinois, together with costs
of this action.

Respectfully submitted,

NOLAN LAW GROUP

Thomas V. Lyons

(# 36211)
Donald J. Nolan, Esq.
Thomas V. Lyons, Esq.
*NOLAN LAW GROUP*
Attorneys for Plaintiffs
20 North Clark Street
30th Floor
Chicago, IL    60602
Telephone: 312.630.4000
Facsimile: 312.630.4011

10

# EXHIBIT B

Case 1:08-cv-02178    Document 11-6    Filed 06/10/2008 FILED: JUN 06, 2008 Page 2 of 8

Case 1:08-cv-03289    Document 1    Filed 06/06/2008    Page 1 of 7

08CV3289
JUDGE HIBBLER
MAGISTRATE JUDGE NOLAN
RCC

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MRS. SUMIATI, Special Administrator of the Estate of MR. SURIPNO, deceased, et al. | ) ) ) | |
| Plaintiffs, | ) ) | Case No. _____ |
| -v- | ) ) ) | Related to Case No. 08 C 2178 |
| HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Hamilton Sundstrand Corporation ("Hamilton Sundstrand") pursuant to 28 U.S.C. §§1369 and 1441(e)(1) hereby removes the state court action entitled *Sumiati, et al. v. Hamilton Sundstrand Corporation*, No. 04-L-13895, and all actions consolidated thereunder (Nos. 04 L 2545, 05 L 121, 05 L 2003, 05 L 3774, 05 L 6485, 05 L 9373, 07 L 806, and 07 L 6556) filed in the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois.

### I.    Introduction.

The removed state court consolidated actions all arise out of a plane crash involving Garuda Indonesia Flight GA-152 near Medan, Indonesia on September 26, 1997. (See plaintiffs' complaints and amended complaints attached hereto as Exhibit A).[1]  While on final approach to the Medan airport, the plane in which plaintiffs' decedents were passengers descended below its

---

[1] Hamilton Sundstrand has attached all of the complaints, amended complaints, summons and orders (see orders attached hereto as Exhibit B) from all actions consolidated into the Cook County Action. 28 U.S.C. §§1447(b) gives this Court discretion to require Hamilton Sundstrand Corporation or the clerk of the Circuit Court of Cook County to file with the Clerk of this Court "copies of all records and proceedings in such State court." If the Court desires copies of any additional filings from the Cook County Action, defendant will provide same immediately.

assigned altitude. The aircraft clipped a tree resulting in damage to the plane, loss of control and a crash which resulted in the death of the 222 passengers and 12 crew members on board.

There are numerous actions arising from this incident, all of which name Hamilton Sundstrand Corporation (or variants of that name) as the sole defendant, currently pending in the Circuit Court of Cook County which have all been consolidated under *Sumiati*, 04 L 13895. The consolidated cases currently pending are: *Sumiati*, 04 L 13895, *Mursal*, 05 L 121, *Jufri*, 05 L 2003, *Mustika*, 05 L 3774, *Astrina*, 05 L 6485, *Sisiliana*, 05 L 9373, *Relawanto*, 07 L 806, *Slater*, 04 L 2545, and *Siregar*, 07 L 6356 (collectively "the Cook County Action").[2]

On April 16, 2008, the Wisner Law Firm, which represents 63 of the plaintiffs-special administrators in the Cook County Action, filed a complaint on behalf of 55 of those same plaintiffs in the United States District Court for the Northern District of Illinois, in *Mustika v. Honeywell, International*, No. 08 C 2178 ("the Federal Action"). (See the Federal Action complaint, attached hereto as Exhibit C.) The complaint in the Federal Action is premised in substantial part on Honeywell's role as a successor to Hamilton Sundstrand. The complaint alleges the sale of Hamilton Sundstrand's Sundstrand Data Control division to Allied Signal Co., now known as Honeywell. (Exhibit C, ¶8). The complaint further alleges that subsequent to the sale, Honeywell "assumed responsibility for providing customer service and advice concerning products sold by Sundstrand Data Control" (Exhibit C, ¶10), including ground proximity warning systems of the type allegedly installed on the Garuda Airlines Flight 152 aircraft at the time of the accident.

---

[2] *Butar v. Hamilton Sundstrand*, 2008 L 1847, had been consolidated with the above cases prior to plaintiffs' voluntary dismissal of the same.

The action against Honeywell arises from the same incident as the actions pending in Cook County. Further, the action against Honeywell involves allegations of a defective Ground Proximity Warning Computer ("GPWC"), regarding the same allegations that these same 55 plaintiffs have made against Hamilton Sundstrand in the Cook County Action. Removal of the state court actions is the only way to have these multi-party, multi-forum cases heard in a single forum, and avoid inconsistent results, needless additional expense for all parties, and judicial diseconomy.

## II.    Grounds For Removal.

Title 28 U.S.C. §1369 provides that federal district courts have original jurisdiction of any civil action involving "minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location . . . ." 28 U.S.C. §1369(a)(1). "Minimal diversity" is satisfied where "any party is a citizen of a state and any adverse party is . . . a citizen or subject of a foreign state . . . ." 28 U.S. C. §1369(c)(1). Title 28 U.S.C. §1441 allows for removal of actions that could have been brought in federal court in the first place under §1369.

### A.    The Cook County Action Could Have Been Brought In This Court Under 28 U.S.C. § 1369.

The facts of the Cook County Action satisfy all the jurisdictional requirements of §1369. The subject incident resulted in the death of 222 individuals, almost three times the 75 person minimum. The vast majority of the plaintiffs are citizens and residents of Indonesia. A few plaintiffs are citizens and residents of Singapore and Australia. Upon information and belief, no plaintiff is a citizen of Illinois or the United States. The Cook County Action has been brought

against Hamilton Sundstrand, a Connecticut corporation. Thus, all of the requirements of §1369 have been met.

**B.    28 U.S.C. § 1441 Establishes The Right For Hamilton Sundstrand To Remove This Matter To The United States District Court.**

This case clearly falls within §1369 and §1441(e)(1), providing for removal of actions that could have been brought pursuant to §1369. In light of the Federal Action complaint (Exhibit C) filed by the attorney for numerous plaintiffs alleging substantially the same cause of action against Honeywell as those same plaintiffs have alleged against Hamilton Sundstrand in the Cook County Action, removal is appropriate. Removal of the Cook County Action is the only way to continue to have these multi-party, multi-forum cases heard in a single forum, and avoid inconsistent results, needless additional expense for all parties, and judicial diseconomy. Further, the plaintiffs in the Federal Action are also parties in the removed action who have elected not to sue in any of their own country's courts, but rather are choosing multiple state and federal forums in the United States.

The multi-party, multi-forum removal statute was designed to prevent burdening litigants and the courts. The common facts and legal issues in the Federal Court Action and the Cook County Action are readily apparent on the face of the complaints in these proceedings. As all of these state and federal actions arise out of the same airplane crash, involve the majority of the same plaintiffs, and involve common questions of fact and law, the removed Cook County Action should be consolidated with the Federal Court Action. As soon as this action is assigned a case number, defendant will file a motion for consolidation and reassignment to Judge Guzman, the presiding judge over related Case No. 08 L 2178.

4

WHEREFORE, defendant Hamilton Sundstrand Corporation respectfully removes the state court action entitled *Sumiati, et al. v. Hamilton Sundstrand Corporation*, No. 04-L-13895, and all actions consolidated thereunder (Nos. 04 L 2545, 05 L 121, 05 L 2003, 05 L 3774, 05 L 6485, 05 L 9373, 07 L 806, and 07 L 6556) filed in the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois

_____/s/ William F. DeYoung_____
Attorney for Defendant
HAMILTON SUNDSTRAND CORPORATION

WILLIAM F. DEYOUNG
LORETTO M. KENNEDY
MARK A. STANG
KENDALL E. WOODS
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, 26th Floor
Chicago, IL 60606
312/444-9300

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MRS. SUMIATI, Special Administrator of the Estate of MR. SURIPNO, deceased, et al. | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. _____ |
| -v- | ) ) | |
| HAMILTON SUNDSTRAND CORPORATION, a corporation, formerly known as SUNDSTRAND CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**LOCAL RULE 3.2 DISCLOSURE STATEMENT**
**OF DEFENDANT HAMILTON SUNDSTRAND CORPORATION**

HAMILTON SUNDSTRAND CORPORATION is owned by United Technologies Corporation, which is a publicly traded company.

_____/s/ William F. DeYoung_____
One of the Attorneys for Defendant,
HAMILTON SUNDSTRAND
CORPORATION

William F. DeYoung
Loretto M. Kennedy
Kendall E. Woods
CHUHAK & TECSON, P.C.
30 S. Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 444-9300

771830.1.14158.26934

STATE OF ILLINOIS        )
                         ) ss:
COUNTY OF COOK           )

## AFFIDAVIT OF SERVICE

I, Jama Kay Emerson, a non-attorney, state that I caused a true and correct copy of **Notice of Removal**, a copy of said document having been simultaneously served upon the parties, to be served via U.S. mail by depositing same, postage prepaid, in the U.S. mail located at 30 South Wacker Drive, Chicago, Illinois 60606, at or before 5:00 p.m. on the 6th day of June, 2008, upon the following counsel of record:

Floyd A. Wisner, Esq.
Wisner Law Firm
934 S. 4th St.
St. Charles, IL 60174
Telephone: (630) 513-9434
Facsimile: (630) 513-0716

Donald Nolan, Esq.
Paul R. Borth, Esq.
Nolan Law Group
20 N. Clark Street, 30th Floor
Chicago, IL 60602
Telephone: (312) 630-4000
Facsimile: (312) 630-4011

David J. Gubbins
221 N. LaSalle
Suite 2100
Chicago, IL 60601
Telephone: (773) 742-2236
Facsimile: (312) 236-3613

SUBSCRIBED and SWORN to before
me this 6th day of June, 2008.

NOTARY PUBLIC

"OFFICIAL SEAL"
Diana M. Boyer
Notary Public, State of Illinois
My Commission Exp. 11/09/2008

771767.1.14158.26934                     6