IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELLA MANDELA DWI MUSTIKA, Special Administrator of the Estate of Achmad Chotib Syamsur, deceased, et al. | )<br>)<br>) |
| Plaintiffs, | ) Case No. 08 C 2178 |
| -v- | ) |
| HONEYWELL, INTERNATIONAL, a corporation, | )<br>) |
| Defendant. | ) |

**REPLY MEMORANDUM IN SUPPORT OF
HAMILTON SUNDSTRAND'S MOTION
FOR CONSOLIDATION AND REASSIGNMENT**

I.  **Plaintiffs' Sole Basis To Resist A Finding Of Relatedness And Consolidation Is The Pending Motion To Remand – However, The Mere Possibility The *Sumiati* Case Could Be Remanded Does Not Defeat The Other Bases For Consolidation.**

Plaintiffs' memorandum in opposition to defendant Hamilton Sundstrand Corporation's ("Hamilton Sundstrand") Motion to Reassign and Consolidate *Sumiati v. Hamilton Sundstrand Corp.*, No. 08 C 3289 with this case is more notable for what it does *not* say, than what it says.

Plaintiffs do not dispute that *Mustika* and *Sumiati* involve "a common question of law or fact," and, thus, may be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure. Plaintiffs also do not dispute in any way that *Mustika* and *Sumiati* satisfy the first three criteria in Local Rule 40.4(b) for a finding that *Mustika* and *Sumiati* are "related" actions. First, plaintiffs do not dispute that both cases are pending in federal court. Second, plaintiffs do not dispute that the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. Third, plaintiffs do not dispute that "the earlier case has not progressed to the

point where designating a later file case as related would be likely to delay the proceedings in the earlier case substantially. . . . " Local Rule 40.4(b).

Plaintiffs' sole argument against the motion to consolidate is a claim that *Mustika* and *Sumiati* do not meet the fourth criterion of Local Rule 40.4(b), that "the cases are susceptible of disposition in a single proceeding." Plaintiffs' sole basis for their claim that the cases cannot be disposed of together is because plaintiffs themselves have filed a motion to remand *Sumiati*. However, plaintiffs' argument is unsupported by logic or any citation to case law. Moreover, in asking the Court to, in essence, rule on their motion for remand by packaging the motion into their response to the motion for consolidation, plaintiffs are attempting to put the cart before the horse, to prejudice Hamilton Sundstrand, and to undermine Judge Hibbler's first case management decision in *Sumiati*.

Plaintiffs' motion for remand in *Sumiati*, upon which plaintiffs place their sole reliance, is not yet before this Court, but rather before Judge Hibbler. Judge Hibbler used the "cart before the horse" metaphor himself when he took the motion for remand under advisement, deferring entry of a briefing schedule, pending this Court's ruling on the motion for consolidation and reassignment. The mere "possibility" of a remand is not enough.

Plaintiffs have not and cannot comment on the obvious fact that the joint handling of these cases would result in a substantial saving of judicial time and effort and ensure proper use of both the court's and the parties' resources at every stage. The reason for plaintiffs' silence on this key issue, as well as their sole reliance on the motion to remand is obvious -- keeping these lawsuits apart is pivotal to plaintiffs' strategy.

As evidenced by the chronology outlined in Section IV of this response below – the plaintiffs have engaged in a litigation strategy which involves purposeful filing of multiple lawsuits over time. Under this strategy of multiplicity, plaintiffs have filed multiple lawsuits,

before multiple courts, most recently on behalf of the very same plaintiffs, arising out of the same September 26, 1997 occurrence. The most recent filing in the former *Sumiati* state court action entitled *Butar Butar v. Hamilton Sundstrand*, occurred within ten days of filing the *Mustika* action on behalf of, among others, the same six Butar decedents.[1] This multiplicity, if permitted to continue, wastes the time and effort of multiple jurists, duplicates efforts, and risks inconsistent decisions and rulings that are detrimental to all parties and most especially the defendant. At the very least granting Hamilton Sundstrand's Motion for Consolidation and Reassignment ensures that a strategy of multiplicity is not allowed in the Northern District.

## II.     These Cases Are Susceptible to Disposition in a Single Proceeding.

To order consolidation, the Court need not find that the consolidated cases definitely will be disposed of in a single proceeding, but only that they are "susceptible" to such disposition. Susceptibility, not absolute certainty, is all that is required. As Judge Kocoras explained in recent opinion finding that the fourth criterion of Local Rule 40.4(b) had been satisfied:

> both actions involve *prima facie* fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings, whether in claim construction, summary judgment, or trial.

*Global Patent Holdings, LLC v. Green Bay Packers, Inc.* 2008 WL 1848142 (N.D. Ill. 2008), *4.

It is clear that *Sumiati* and *Mustika* involve *prima facie* similar claims and defenses, and are likely amenable to being disposed of in a single proceeding. Furthermore, all of the plaintiffs in *Mustika* are plaintiffs in *Sumiati*. The plaintiffs are represented by the same counsel in both cases. The single defendant in *Sumiati* and the single defendant in *Mustika*, are both represented

---

[1] Plaintiffs' filing of *Mustika* in this Court on April 16, 2008 does not appear to have been driven by any ostensible preference for federal court over state court, because just 10 days earlier, on April 6, 2008, the same plaintiffs' counsel filed a new action in the Cook County Circuit Court based upon this same Indonesian airline accident, *Butar v. Hamilton Sundstrand*, No. 08 L 1847. In filing actions arising from the same occurrence in state court and federal court just 10 days apart, plaintiffs have shown that the multiplicity they are inflicting on the state and federal courts sitting in Chicago is not mere happenstance, but part of a deliberate strategic plan.

by the same counsel. The action involves the same airline crash, the same plaintiffs, the same alleged causes of action seeking damages, and common questions of law and fact, and will involve the same witnesses, lay and expert. In finding that Rule 40.4(b) criteria had been satisfied, Judge Andersen recently opined:

> All three cases have essentially the same plaintiffs, identical defendants, the same legal theories, substantially similar factual theories, and involve the same Chicago River. Furthermore, the same witnesses will likely be called for all three matters. Finally, consolidation will likely result in disposition of the cases in a single consistent proceeding.

*River Village West LLC v. Peoples Gas Light and Coke Co.*, 2007 WL 541948 (N.D. Ill. 2007). In another case, Judge Coar found that the fourth criterion was met by cases having the same type of cause of action and arising from the same central facts: "As these three cases are all securities class actions that originate from the same core of facts, it is clear that they are susceptible of disposition in a single proceeding." *Teacher's Retirement System of Louisiana v. Black*, 2004 WL 1244236 (N.D. Ill. 2004), *2. *Sumiati* and *Mustika* are both aviation mass fatality cases that originate from the "same core of facts," the same 1997 airline crash in Indonesia.

In their response (p. 2), plaintiffs state that "[t]his case will involve discovery and ultimately, trial in this Court," and argue further that "the *Mustika* action should proceed through the usual litigation process." Likewise, there will be a trial in *Sumiati* "in the usual litigation process." These cases are not only susceptible to disposition in a single proceeding, it would be a complete waste of judicial resources to dispose of them through separate jury trials in two adjacent federal courtrooms. Airline crash cases are particularly appropriate for handling on a consolidated basis. See April 10, 2008 Transfer Order in *In re Air Crash near Medan, Indonesia* on September 5, 2005, transferring actions from federal courts in California and Washington

4

State to Judge Grady of the North District of Illinois (Exhibit A), noting that "[t]he Northern District of Illinois stands out as an appropriate transfer forum."

Plaintiffs argue that this case cannot be disposed of in a single proceeding because plaintiffs have filed a motion for remand. But the mere possibility that *Sumiati* <u>might</u> be remanded at some future date does not impair the <u>present</u> susceptibility of these cases to being disposed of in a single proceeding.

### III. The Court Should Grant the Motion for Consolidation and Reassignment to Avoid Multiplicity of these Actions.

These actions all arise from the same occurrence, the crash of an Indonesian Airliner in Indonesia on September 26, 1997. Eight separate lawsuits, involving scores of plaintiffs, were all consolidated under *Sumiati* in the Circuit Court of Cook County, Illinois. This was done, without any objection from the plaintiffs, to avoid multiplicity, avoid any waste of judicial time and effort, and to avoid potentially inconsistent rulings.

In furtherance of a litigation strategy which now appears to be premised upon promoting multiplicity and conspicuous over-consumption of judicial resources, 53 plaintiffs, who were already parties to *Sumiati*, filed *Mustika,* a new action in federal court, against Honeywell International, which, according to plaintiffs' allegations, is the successor-in-interest to Hamilton Sundstrand, the sole defendant in the consolidated *Sumiati* actions.

Quite simply, it makes no sense for *Sumiati* and *Mustika* to be pending before two different judges. If the cases are not consolidated, then the judges presiding over *Sumiati* and *Mustika* will each inevitably have to inform themselves about the progress of the other judge's case, including substantive rulings and procedural and scheduling matters, for proper case management. Thus, each judge will have to stay on top of not only the case assigned to him, but the related case assigned to the other judge as well. If allowed, this intentional multiplicity

would improperly consume the resources of two judges (and their magistrates) in the oversight and handling of two major cases. Thus, the already considerable burden for each judge of presiding over a multiple fatality airline accident case would be exacerbated. Such pointless duplicative effort, intentionally caused by the plaintiffs in the manner they have brought these actions and then opposed consolidation, can be avoided by assigning both cases to one judge.

Significantly, the *Mustika* plaintiffs' counsel did not oppose successive consolidations of the eight separate lawsuits that he filed in the Circuit Court of Cook County into the *Sumiati* action. It is likely that plaintiffs' counsel recognized that it would be futile to oppose consolidation, because these cases all arise from the same airline accident and involve common questions of law and fact, making consolidation in the Cook County Circuit a certainty to avoid the multiplicity of several pending actions before different judges. But then plaintiffs' counsel evidently conceived what he considered a sure-fire plan to avoid consolidation of the new *Mustika* action with *Sumiati* (which includes an original state court action on behalf of Mustika) -- go forum-shopping and file in federal court rather than state court to make it legally and physically impossible to consolidate *Mustika* with the existing consolidated state court action. However, in formulating and executing his multiplicity plan, plaintiffs' counsel did not anticipate removal of *Sumiati* followed by reassignment and consolidation of *Sumiati* with *Mustika*.

IV.  **The Plain Language Of Plaintiffs' Own Complaint Supports Defendant's Request That The Mustika And Sumiati Cases Are Related And Should Be Consolidated.**

Hamilton Sundstrand is the named defendant in the *Sumiati* actions currently pending before Judge Hibbler. Although Honeywell is the named defendant in the *Mustika* action pending before this Court, some allegations in the pending pleading make allegations against Hamilton Sundstrand. These allegations include the following claims directed against Hamilton Sundstrand:

* * * *

      4.    At some time prior to July 1993, Sundstrand Data Control, a division of Sundstrand Corp.(Sundstrand), designed, manufactured, assembled, tested and sold a certain Ground Proximity Warning Computer (GPWC) or Ground Proximity Warning System (GPWS), known as a MKII GPWC or GPWS (MKII). Sundstrand sold one such MKII, serial number 2689, to Airbus Industries and this MKII thereafter was installed in an Airbus A300 aircraft.

      5.    Sundstrand promised and warranted that the MKII would give timely alerts of approaching terrain to flight crews and thereby avoid air crashes caused by controlled flight into terrain.

      6.    However, the Sundstrand MKII was defective and unreasonably dangerous at the time it left the control of Sundstrand Data Control in that, among other defects, it failed to give timely aural and visual warnings in areas of precipitous terrain; it failed to give the warnings promised and warranted by Sundstrand; it gave an unreasonable number of false or nuisance warnings which interfered with the safe operation of flights; and it provided a mechanism by which the aural and visual warnings could be inhibited, deactivated or cancelled.

      7.    Sundstrand negligently failed to warn users of the MKII of these defects and the unreasonably dangerous condition of this product.

(See plaintiffs' *Mustika* complaint, paragraphs 4-7)

* * * *

Despite having a separate complaint against Hamilton Sundstrand in the *Sumiati* action, the *Mustika* plaintiffs improperly include allegations against Hamilton Sundstrand in the *Mustika* action.[2] Certainly, when plaintiffs themselves have merged allegations against both Hamilton Sundstrand and Honeywell in their own pleadings, purportedly due to some connection between these entities in conjunction with the airline occurrence on September 27, 1997, it seems disingenuous for plaintiffs to now resist the consolidation and suggest the claims against

---

[2] Honeywell has filed a motion to strike the allegations against Hamilton Sundstrand because the complaint itself attempts to merge the allegations in the *Mustika* case.

7

Hamilton Sundstrand and Honeywell, which plaintiffs themselves put together in their own pleading, should be treated separately.

## V. Chronology Of The Wisner Plaintiffs' Multiple Filings Background

The previous actions filed in the Circuit Court of Cook County by the Wisner Law Firm on behalf of 55 special administrators and 57 decedents in the *Mustika* federal action, demonstrates why there was a need for consolidation of those actions into *Sumiati* in the first place and why there is a continuing need to consolidate the *Mustika* and *Sumiati* actions now pending in federal court:

- On March 4, 2004, counsel filed *Slater v. Hamilton Sundstrand*, No. 04 L 2545, on behalf of one special administrator and one decedent.

- On December 14, 2004, counsel filed *Sumiati v. Hamilton Sundstrand*, No. 04 L 13895, on behalf of two special administrators and two decedents.

- On January 5, 2005, counsel filed *Mursal v. Hamilton Sundstrand*, No. 05 L 121, on behalf of one special administrator and two decedents.

- On December 18, 2005, counsel filed *Jufri v. Hamilton Sundstrand*, No. 05 L 2003, on behalf of one special administrator and one decedent.

- On April 5, 2005, counsel filed *Mustika v. Hamilton Sundstrand*, No. 05 L 3774, on behalf of 50 special administrators and 51 decedents.[3]

- On June 13, 2005, counsel filed *Astrina v. Hamilton Sundstrand*, No. 05 L 6485, on behalf of one special administrator and one decedent.

- On August 26, 2005, counsel filed *Sisiliana v. Hamilton Sundstrand*, No. 05 L 9373, on behalf of one special administrator and one decedent.

- On January 23, 2007, counsel filed *Relawanto v. Hamilton Sundstrand*, No. 07 L 806, on behalf of 18 special administrators and 19 decedents.

- On June 20, 2007, counsel filed *Siregar v. Hamilton Sundstrand*, No. 07 L 6356, on behalf of four special administrators and four decedents.

---

[3]  Mr. Wisner ceased to represent some of the plaintiffs in the *Mustika* state case after he left the Nolan law firm.

- On February 19, 2008, counsel filed *Butar v. Hamilton Sundstrand*, No. 08 L 1847, on behalf of four special administrators and six decedents, however non-suited the case three months later, after filing the *Mustika* federal court complaint against Honeywell, on May 22, 2008, without explanation.

All of the aforementioned cases were consolidated in the Circuit Court of Cook County under *Sumiati*, and then removed to this Court when plaintiffs' counsel filed a federal court action on behalf of Mustika (already a named plaintiff in the above-referenced Cook County action) against Honeywell International.[4]

As evidenced by the filing history in state court, and the timing of the most recent federal court filing only ten days after the last state court action arising out of the Garuda 152 crash, plaintiffs have deliberately tried to separate these actions. However, this multiplicity is improper, abuses the courts' resources, risks inconsistent decisions and prejudices the defendant. These actions are related and should be consolidated to prevent the negatives outlined above.

## VI.  Conclusion

*Sumiati* and *Mustika* satisfy all four criteria of Local Rule 40.4(b) and may be consolidated under Federal Rule of Civil Procedures Rule 42(a). Plaintiffs have staked their entire opposition to consolidation on the fourth criterion of Local Rule 40.4(b), but their argument on this solitary point is bereft of logic and case law. The mere possibility a portion of the case may be remanded does not defeat the rule's rationale which requires related cases arising out of the same occurrences to be addressed and resolved together. These cases are related and should be assigned to one judge, to avoid a needless waste of judicial time and effort.

Wherefore, defendant Hamilton Sundstrand Corporation requests that this Court grant its Motion for Consolidation and Reassignment.

---

[4] Plaintiffs voluntarily dismissed its state court action on behalf of the six *Butar* decedents on May 22, 2008.

           /s/ William F. DeYoung
One of the Attorneys for Defendant
HAMILTON SUNDSTRAND CORPORATION

William F. DeYoung
Loretto M. Kennedy
Mark A. Stang
Kendall E. Woods
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 444-9300

STATE OF ILLINOIS )
) ss:
COUNTY OF COOK )

## AFFIDAVIT OF SERVICE

     I, Jeanette Erwin, a non-attorney, state that I caused a true and correct copy of **Reply Memorandum in Support of Defendant Hamilton Sundstrand's Motion For Consolidation And Reassignment,** a copy of said document having been simultaneously served upon the parties, to be served via facsimile before 5:00 p.m. on the 3rd day of July, 2008, upon the following counsel of record:

David J. Gubbins
221 N. LaSalle
Suite 2100
Chicago, IL 60601
Telephone: (773) 742-2236
Facsimile: (312) 236-3613

Donald Nolan, Esq.
Paul R. Borth, Esq.
Nolan Law Group
20 N. Clark Street, 30th Floor
Chicago, IL 60602
Telephone: (312) 630-4000
Facsimile: (312) 630-4011

     I, Jeanette Erwin, a non-attorney, state that I caused a true and correct copy of **Defendant Hamilton Sundstrand's Motion For Consolidation And Reassignment,** a copy of said document having been simultaneously served upon the parties, to be served via the CM/ECF system, which will send notification of such filing to all parties listed as attorneys of record, before 5:00 p.m. on the 3rd day of July, 2008, upon the following counsel of record:

Floyd A. Wisner, Esq.
Wisner Law Firm
934 S. 4th St.
St. Charles, IL 60174
Telephone: (630) 513-9434
Facsimile: (630) 513-0716

*/s/ Jeanette Erwin*
Jeanette Erwin

SUBSCRIBED and SWORN to before
me this 3rd day of July, 2008.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Laura L. Cahill
Notary Public, State of Illinois
My Commission Exp. 08/01/2008

11