IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELLA MANDELA DWI MUSTIKA, Special Administrator of the Estate of Achmad Chotib Syamsur, deceased, et al.<br><br>     Plaintiffs,<br><br>-v-<br><br>HONEYWELL, INTERNATIONAL, a corporation,<br><br>     Defendant. | Case No. 08 C 2178 |

## HONEYWELL INTERNATIONAL'S MOTION
## TO STRIKE AND DISMISS THE COMPLAINT

Defendant, Honeywell International, Inc. ("Honeywell"), by its attorneys, William F. DeYoung, Loretto M. Kennedy, Mark A. Stang, and Kendall E. Woods, move this Honorable Court, pursuant to Rule 12(f), to strike paragraphs 4 through 12 of the complaint, due to their numerous impertinent and immaterial allegations about Hamilton Sundstrand Corporation ("Hamilton Sundstrand"), and then dismiss the remainder of the complaint pursuant to Rule 12(b)(6). In support, Honeywell states as follows:

I. **Plaintiffs' Allegations Against Non-Party Hamilton Sundstrand Are Improper And Should Be Striken.**

Plaintiffs filed their complaint, containing 20 paragraphs in a single count, on April 16, 2008. The complaint is brought by more than 50 plaintiffs, allegedly pursuant to the Illinois Wrongful Death Act, based upon an airline crash in Indonesia on September 26, 1997.[1] Although the complaint names only Honeywell as a defendant, it is rife with allegations directed

---

[1] The complaint purports that it is brought by special administrators on behalf of the beneficiaries of the decedents' estates. Plaintiffs likely contend that they are able to file this complaint more than ten years after the accident because the beneficiaries were minors at the time of the crash, thereby tolling the two-year statute of limitations.

solely, or in part, to Hamilton Sundstrand. Indeed, immediately following the allegation of jurisdiction in paragraph 3 of the complaint are four paragraphs containing substantive allegations directed only against Hamilton Sundstrand, making no mention at all of Honeywell, either by name or indirectly. These four paragraphs culminate in the allegation in paragraph 7 that "Sundstrand negligently failed to warn users of the MK II [ground proximity warning system] of these defects and the unreasonably dangerous condition of this product." (Complaint, ¶7). Manifestly, these allegations state no claim whatsoever against Honeywell, and are completely immaterial to the complaint against Honeywell. Paragraphs 8 through 12 comprise a hodge-podge of allegations directed to both Hamilton Sundstrand and Honeywell, from which it is impossible to discern if plaintiffs are suing Honeywell for Hamilton Sundstrand's alleged acts and omissions, Honeywell's own alleged acts and omissions, or both. Based upon the current pleading, one can only guess at the gist of the cause of action plaintiffs are attempting to plead.

It is puzzling why plaintiffs' complaint leads off with allegations of negligent wrongdoing by Hamilton Sundstrand, when Hamilton Sundstrand is not named as a defendant in the action. It appears that plaintiffs' allegations against Hamilton Sundstrand <u>might</u> be intended to somehow fix "successor liability" on Honeywell as a result of the July 1993 sale of a wholly-owned subsidiary, Sundstrand Data Control, Inc., to AlliedSignal, which later became Honeywell. However, in the current pleading plaintiffs do not set forth allegations to support the same. Further, if that were the case, it would be incumbent upon plaintiff to specifically allege whether and how Honeywell is responsible for Hamilton Sundstrand's alleged acts and omissions, e.g by quoting the parties' buy/sell agreement or attaching it to the complaint. However, plaintiffs have denied in another federal court action that they are seeking to impose successor liability on Honeywell in this action at all. In their memorandum in support of their

motion to remand the *Sumiati* case, which is the subject of a pending motion to consolidate with *Mustika*, plaintiffs argue:

> Plaintiffs' Complaint in *Mustika*, contrary to the misstatement to the Court by defendant in its Notice of Removal, is not derivative in nature, as based upon the acts of Hamilton Sundstrand under a theory of successor liability. Instead, it is based upon Honeywell's own breach of an independent duty to warn.

(Plaintiffs' remand memorandum, p. 4). If, as plaintiffs have claimed in their remand memorandum in *Sumiati*, plaintiffs are not seeking to impose liability on Honeywell for anything that Hamilton Sundstrand did or failed to do, then it is wholly improper for plaintiffs to plead a complaint that is rife with allegations about Hamilton Sundstrand's negligence.[2]

Judges in this District have readily granted motions to strike allegations in a complaint directed to third-parties that are not parties to the action. For example, in granting a motion to strike such allegations, Judge Coar opined:

> Before turning to the motion to dismiss, this Court addresses Defendants' motion to strike paragraphs 20 and 28 and exhibit 7 from Plaintiff's amended complaint. Paragraphs 20 and 28 of the amended complaint include allegations about business transactions between Defendant Muzak and other entities which are not parties to this litigation. Exhibit 7 is a portion of an affidavit. . . in other, unspecified litigation involving defendants.
>
> This Court will strike paragraphs 20 and 28 and exhibit 7 as impertinent and unduly prejudicial.
>
> * * *
>
> The allegations in paragraphs 20 and 28 and exhibit 7 relate to dealings between Muzak and third-parties. Plaintiff has failed to allege facts that connect the statements in these paragraphs to the instant litigation. As such, they are impertinent and serve to confuse the issues.

---

[2] Defendant has taken the liberty of quoting from plaintiffs' other pleading in an effort to educate the court on the type of action plaintiffs may or may not be pleading. However, the mere fact that defendant has had to do so, in order to try and figure out what plaintiffs are pleading here, underscores defendant's position that the complaint is inadequate even under liberal pleading standards.

-3-

*Sound of Music, Ltd. v. Muzak Holdings, LLC*, 2006 WL 516373 (N.D. Ill. 2006), *3. Faced with the same paradigm, of allegations against non-parties, Judge Aspen also granted a motion to strike such allegations, holding:

> Under Rule 12(f) we may order "stricken from any pleading any sufficient defense or any redundant, immaterial, impertinent or scandalous matter." Allegations are immaterial when "they have no possible bearing on the issues at trial and . . . their presence in the complaint prejudices defendants." (Citation omitted). Allegations charging persons not parties to the lawsuit with unlawful actions not connected to the actions of the defendants are usually prejudicial to the defendants and appropriately stricken. 5 Wright & Miller, *Federal Practice and Procedure*, §1383 at 829-30 (1969).
>
> * * *
>
> No allegation links defendant to [the non-party's] actions. At no point do the plaintiffs allege that [the non-party] conspired with any named defendant. These paragraphs would only serve to confuse the trier of fact and would seriously prejudice the defendants if the trier of fact attempted to hold them responsible for the acts of unnamed parties.

*Terry v. Village of Glendale Heights*, 1988 WL 87049 (N.D. Ill. 1988), *2. Here, as in *Sound of Music, Ltd.* and *Terry*, plaintiffs' allegations against a non-party can only serve to confuse the issues in this litigation and prejudice Honeywell.

If plaintiffs are sincere in their argument in their remand memorandum in *Sumiati* that Hamilton Sundstrand has nothing to do with their claims in *Mustika*, then paragraphs 3 through 7 of their *Mustika* complaint, which contain allegations directed solely to Hamilton Sundstrand, and paragraphs 8 through 12, directed in part to Hamilton Sundstrand, should all be stricken from the complaint pursuant to Rule 12(f) as impertinent and immaterial to plaintiffs' claims against Honeywell. It would also be unfair to Hamilton Sundstrand to permit plaintiffs to make allegations about Hamilton Sundstrand's purported negligence, and then attempt to prove those

allegations, in a case where Hamilton Sundstrand is not even a party. Disposition of *Mustika*, based upon a complaint with allegations about Hamilton Sundstrand, may as a practical matter impair or impede Hamilton Sundstrand's ability to protect its interests in *Sumiati*. If plaintiffs' allegations about Hamilton Sundstrand in *Mustika* are later established as findings of fact in *Mustika*, the findings potentially could have *res judicata* or collateral estoppel effect against Hamilton Sundstrand in *Sumiati*, based upon a plaintiffs' theory that Hamilton Sundstrand is in privity with Honeywell.

## II. Plaintiffs' Allegations Do Not Meet The Requirements For Proper Notice Pleading And Dismissal Pursuant To Rule 12(b)(6) Is Proper.

As the remaining paragraphs of the complaint, particularly paragraphs 13 and 14, allege mere conclusions as to Honeywell's alleged duty to warn and breach of that duty, these conclusory allegations do not state a cause of action and the complaint should be dismissed pursuant to Rule 12(b)(6). The required federal court notice pleading requirements were recapitulated in a very recent decision in this district. *Choyce v. Friar*, 2008 WL 2567037 (N.D.Ill. 2008). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir.1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' " and "if they do not, the plaintiff pleads itself out of court." *E.E. O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). The plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. It is well-established that "[n]otice pleading does not allow a plaintiff to rest on wholly conclusory

allegations," and that accordingly "a generic, conclusory allegation regarding breach of duty . . . must be dismissed." *Riad v. 520 S. Michigan Avenue Associates, Ltd.*, 78 F. Supp.2d 748, 763-764 (N.D. Ill. 1999).

It is critical that the Court strike these conclusory allegations and dismiss the complaint, and, if warranted, send plaintiffs back to the drawing board to draft a proper complaint against Honeywell, the named defendant. Honeywell is entitled to notice about whom the *Mustika* plaintiffs claim are liable for the damages they are seeking and the purported bases for such liability. It would be unfair to require Honeywell to answer allegations about Hamilton Sundstrand's alleged negligence when those allegations are irrelevant to this case, except perhaps upon some kind of derivative liability theory that has not been pled and which has been expressly disavowed by plaintiffs in their remand motion in another action.

It is noteworthy that Hamilton Sundstrand is already defending itself in the *Sumiati* case against allegations of negligence similar to those which have been pled by the *Mustika* plaintiffs in their complaint here. That is not a coincidence, because all of the *Mustika* plaintiffs and most of the *Sumiati* plaintiffs (groups that overlap with approximately 50 of the same persons being plaintiffs in both cases), are represented by the same plaintiffs' counsel, Mr. Floyd Wisner. It is also noteworthy that although plaintiffs' counsel has gone out of his way to lead off his *Mustika* complaint against Honeywell with allegations about negligence by Hamilton Sundstrand, a non-party in *Mustika,* he opposes consolidation of *Mustika* with *Sumiati,* where he has sued Hamilton Sundstrand and made allegations of negligence against it.

It is very suspicious that plaintiffs are contriving to plead and prove allegations about Hamilton Sundstrand's negligence in Mustika, a case where Hamilton Sundstrand is not present and cannot defend, while obstinately opposing consolidation of that case with the related Sumiati

case where Hamilton Sundstrand is present and defending itself. Clearly, plaintiffs are trying to have two separate bites at Hamilton Sundstrand's apple, and are trying to take one of the bites in a case where Hamilton Sundstrand is on the outside, looking in. The Court should not allow plaintiffs to use their pleadings in this case, which, under the rules of proper pleading, are supposed to give Honeywell fair notice of plaintiffs' claims against Honeywell, for manipulative gamesmanship.

WHEREFORE, defendant, Honeywell International, Inc. moves the Court to strike paragraphs 4 through 12 of the complaint and to dismiss the remainder of the complaint for failure to state a cause of action.

          /s/ William F. DeYoung
One of the Attorneys for Defendant
HONEYWELL INTERNATIONAL, INC.

William F. DeYoung
Loretto M. Kennedy
Mark A. Stang
Kendall E. Woods
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 444-9300

STATE OF ILLINOIS        )
                         ) ss:
COUNTY OF COOK           )

### AFFIDAVIT OF SERVICE

I, Jeanette Erwin, a non-attorney, state that i caused a true and correct copy of Honeywell International's Motion to Strike and Dismiss the Complaint, a copy of said document having been simultaneously served upon the parties, to be served via the CM/ECF system, which will send notification of such filing to all parties listed as attorneys of record, before 4:00 p.m. on the 3rd day of July, 2008, upon the following counsel of record:

Floyd A. Wisner, Esq.
Wisner Law Firm
934 S. 4th St.
St. Charles, IL 60174
Telephone: (630) 513-9434
Facsimile: (630) 513-0716

*[signature: Jeanette Erwin]*

SUBSCRIBED and SWORN to before me this 3rd day of July, 2008.

*[signature]*
NOTARY PUBLIC

"OFFICIAL SEAL"
Jeanne Pedziwiatr
Notary Public, State of Illinois
My Commission Exp. 04/27/2010

779156\1\14158\26934