**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ELLA MANDELA DWI MUSTIKA, Special | ) | |
| Administrator of the Estate of Achmad Chotib | ) | |
| Syamsur, deceased, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08 C 2178 |
| | ) | |
| -v- | ) | |
| | ) | |
| HONEYWELL, INTERNATIONAL, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

1.    **The Nature of the Case**.

      A.    **Identify the attorneys of record for each party, including the lead trial attorney**.

Attorney for Plaintiff:
Floyd A. Wisner, Esq.
Wisner Law Firm
934 S. 4th St.
St. Charles, IL 60174
(630) 513-9434

Attorneys for Defendant:
William F. DeYoung, Esq.
Loretto M. Kennedy, Esq.
Mark A. Stang, Esq.
Kendall E. Woods, Esq.
Chuhak & Tecson, P.C.
30 S Wacker Drive, 26th Floor
Chicago, IL 60606
(312) 444-9300

      B.    **State the basis for federal jurisdiction**.

Plaintiffs claim the Court's jurisdiction is based on diversity of citizenship. However, defendant maintains that this action's jurisdiction is premised upon multi-party, multi-forum jurisdiction.

      C.    **Describe the nature of the claims asserted in the complaint and any counterclaims**.

Fifty-five plaintiffs have filed a joint one count complaint against defendant, Honeywell International Inc., pursuant to the Illinois Wrongful Death Act arising out of the crash of Garuda Flight GA-152 near Medan, Indonesia on September 26, 1997.

D.      **State the major legal and factual issues in the case**.

Defendant state that the major legal issues in this matter include whether plaintiffs have capacity to bring these claims; whether a ground proximity warning computer ("GPWC") was on the accident aircraft; whether a GPWC was operating on the subject aircraft and whether defendant had the duties or breached the purported duties claimed by the plaintiffs.

Plaintiffs state that these matters are not in issue.

E.      **Describe the relief sought by the plaintiffs**.

Plaintiffs are seeking compensatory damages.

2.      **Pending Motions and Case Plan**

A.      **Identify all pending motions**.

There are currently two motions pending before this court:

1.      Hamilton Sundstrand Corporation's Motion for Consolidation and Reassignment[1]; and

2.      Honeywell International Inc.'s Motion to Strike and Dismiss the Complaint which is set for initial presentation on July 16, 2008.[2]

---

[1]   On June 6, 2008, Hamilton Sundstrand Corporation removed the action entitled *Sumiati v. Hamilton Sundstrand Corporation*, No. 04-L-13895, and all consolidated actions from the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois, Cause No. 08-CV-3289.   Defendant states that the removed *Sumiati* action involves 51 of the same plaintiffs and the same Garuda Flight 152 occurrence as those presented in the *Mustika* action. On June 9, 2008, Plaintiffs filed a Motion to Remand the consolidated *Sumiati* action back to the Circuit Court of Cook County.  Judge Hibbler continued hearing on this motion to July 17, 2008.

[2]   Plaintiffs state this motion was not discussed at the parties' conference.

B.    <u>**Submit a proposal for a discovery plan, including the following information**</u>:[3]

Defendant states that at the recent conference the parties had discussed and agreed that specific fact discovery deadlines should not be imposed until the court has ruled on the pending motions, particularly those relating to consolidation and remand.  Defendant states Plaintiffs no longer agree with that approach and now propose that discovery deadlines should be imposed immediately as to the *Mustika* action.  Plaintiffs state they did not agree at the parties' conference that discovery deadlines should not be imposed until the court has ruled on the pending motions.  Plaintiffs propose that discovery deadlines should be imposed immediately as to the *Mustika* action.

i.    <u>**The type of discovery needed**</u>;

Defendant states: Written and oral discovery regarding plaintiffs' capacity to bring these claims and plaintiffs' damages will need to be conducted.  Damages discovery with respect to these same plaintiffs had been ongoing in the *Sumiati* action prior to its removal to the United States District Court for the Northern District of Illinois.  By agreement the parties had initially focused solely on damages discovery.  Prior to the removal of the *Sumiati* action, Defendant was able to complete depositions of some plaintiffs in the *Sumiati* action.  Factual written and oral discovery as to the product and whether the product was on or operating on the subject aircraft had been initiated in the Sumiati action and will need to be conducted and completed.

---

[3]    Plaintiff may wish to have the number of allowed interrogatories increased.

Plaintiffs state: Written and oral discovery will be needed concerning the defects in the subject product, defendant's knowledge of the defects, and defendant's failure to correct or warn of the defects, among other liability issues. Plaintiffs state the parties in the Sumiati action were not focused solely on damages discovery at the time defendant removed those consolidated actions to federal court. Plaintiffs' state written and oral discovery on liability had been noticed by plaintiffs in the Sumiati action before defendant's removal of those actions to the federal court.

The parties agree that once the factual discovery has been completed, it is anticipated that expert discovery as to damages and liability will need to be completed.

ii.    **A date for Rule 26(a) (1) disclosures**;

Plaintiffs state they have made the required Rule 26 disclosures in correspondence dated July 2, 2008 directed to defendant's counsel. Defendant states Plaintiffs' correspondence references discovery which was completed in the *Sumiati* action (which is also brought on behalf of 51 of the *Mustika* plaintiffs) as well as other litigation which arose from the Garuda 152 occurrence.   Defendant states it is in the process of completing Rule 26(a) (1) disclosures.

iii.    **A fact discovery completion date**;

Defendant states that at the recent conference the parties discussed and had agreed that specific discovery deadlines should not be imposed until the court has ruled on the pending motions, particularly those relating to

consolidation and remand. Defendant states Plaintiffs no longer agree with that approach and now propose that discovery deadlines should be imposed immediately as to the *Mustika* action. Defendant continues to propose that the Court forgo the imposition of fact discovery cut-offs until after the Court has ruled on the pending motion. Plaintiffs state they did not agree at the parties' conference that discovery deadlines should not be imposed until the Court has ruled on pending motions. Plaintiffs propose that discovery deadlines should be imposed immediately as to the *Mustika* action. With respect to specific scheduling, the parties' proposals are as follows:

Plaintiffs propose: Factual written discovery be completed in 2 months and that oral non-expert discovery can be completed 4 months after that.

Defendant proposes: Factual written discovery be completed 3 months after resolution of motions regarding where the cases arising out of the Garuda 152 accident will be litigated. Defendant proposes oral non-expert discovery be completed within six months after the motions regarding the litigation location are resolved.

iv. **An expert discovery completion date, including dates for the delivery of expert reports;**

Plaintiffs propose: Expert discovery can be completed 3 months after the close of non-expert discovery. Plaintiffs propose that the parties simultaneously exchange expert reports.

Defendant proposes: Plaintiffs provide expert reports within 30 days after the close of fact discovery and that Plaintiffs' experts be presented for

deposition 45 days after production of plaintiffs' experts' reports. Defendant further proposes that Defendant provide expert reports within 30 days after the completion of plaintiffs' experts' depositions and that Defendant's experts be presented for deposition within 45 days after providing plaintiffs with defendant's experts reports.

v.    **A date for the filing of dispositive motions;**

The parties propose that dispositive motions can be filed with 30 days of the completion of expert discovery.

vi.    **A date for the filing of a final pretrial order.**

The parties propose that the final pretrial order be completed 2 months after the Court's rulings on dispositive motions with plaintiff to provide a draft pretrial order to defendant 21 days before the pretrial order is due, with defendant to reply within 7 days.

C.    **With respect to trial, indicate the following:**

i.    **Whether a jury trial is requested;**

The parties request a trial by jury.

ii.    **The probable length of trial;**

Plaintiffs believe trial of this matter may be completed in three weeks. Defendant believes that trial of this matter may be completed in six to eight weeks.

iii.    **When the case will be ready for trial.**

Plaintiffs believe this matter will be ready for trial in 1 year.

Defendant believes this matter will be ready for trial in 1.5 – 2 years.

3.    **Consent to Proceed Before a Magistrate Judge**

    A.    **Indicate whether the parties consent unanimously to proceed before a Magistrate Judge**.

        The parties do not consent to proceed before a magistrate at this time.

4.    **Status of Settlement Discussions**

    A.    **Indicate whether any settlement discussions have occurred**;

        There have been no settlement discussions.

    B.    **Describe the status of any settlement discussions**;

        N/A

    C.    **Whether the parties request a settlement conference**.

        Plaintiff does not request a settlement conference at this time.


/s/ Floyd A. Wisner
Attorney for Plaintiffs

Wisner Law Firm
934 S. 4th St.
St. Charles, IL 60174
(630) 513-9434

/s/ Loretto M. Kennedy
One of the Attorneys for Defendant
HONEYWELL INTERNATIONAL INC.

William F. DeYoung
Loretto M. Kennedy
Mark A. Stang
Kendall E. Woods
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 444-9300

781027\1\14158\26934

STATE OF ILLINOIS      )
                              ) ss:
COUNTY OF COOK       )

## AFFIDAVIT OF SERVICE

I, Loretto M. Kennedy, state that I caused a true and correct copy of **Joint Initial Status,** a copy of said motion having been simultaneously served upon the parties, to be served via the CM/ECF system, which will send notification of such filing to all parties listed as attorneys of record, at or before 5:00 p.m. on the 11th day of July, 2008, upon the following counsel of record:

Floyd A. Wisner, Esq.
Wisner Law Firm
934 S. 4th St.
St. Charles, IL 60174
Telephone: (630) 513-9434
Facsimile: (630) 513-0716

/s/ Loretto M. Kennedy