IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ella Madanella Dwi Mustika, et al.,

    Plaintiffs

v.                                                          No. 08 CV 02178

Honeywell International,                       Honorable Judge Ronald A. Guzman

    Defendant

## SUMIATI PLAINTIFFS' MOTION FOR STAY OF RULING ON HAMILTON SUNDSTRAND'S MOTION FOR CONSOLIDATION

The "*Sumiati* plaintiffs" as hereinafter enumerated, by and through their attorneys Nolan Law Group, respectfully move this Honorable Court to stay ruling on Hamilton Sundstrand Corporation's Motion for Consolidation and Reassignment of Cases Pending before the Honorable William J. Hibbler until Judge Hibbler has had the opportunity to rule on the *Sumiati* plaintiffs' motion to remand their case back to the Circuit Court of Cook County, Illinois, from whence it was removed. In support hereof, "*Sumiati* plaintiffs" state:

### The "*Sumiati* Plaintiffs" Have No Actions Pending in Federal Court

1.    The "*Sumiati* plaintiffs" represent cases that have been pending for several years in the Circuit Court of Cook County, No. 04 L 13895, against the defendant, Hamilton Sundstrand Corporation. The *Sumiati* plaintiffs have not filed an action against Honeywell International in this Court as did the "Mustika plaintiffs" represented by the Wisner Law Firm which case is presently pending before Judge Guzman, under the above caption. The *Sumiati* plaintiffs' cases are not related to the Mustika actions against Honeywell.

2.      On June 6, 2008, Hamilton Sundstrand Corporation removed the "*Sumiati* plaintiffs'" cases and the Mustika cases from the Circuit Court of Cook County to this Court and said cases are presently assigned to the Honorable William J. Hibbler.

3.      The *Sumiati* plaintiffs have moved to remand their cases back to the Circuit Court of Cook County on the clear ground that the asserted basis for removal, 28 U.S.C. §1369, concerning multiparty, multiforum jurisdiction must be rejected as a basis of removal because Congress specifically stated that it shall only "apply to a civil action if the accident giving rise to the cause of action occurred on or after the 90th day after the date of the enactment of this act [November 2, 2002]." See Historical and Statutory Notes to §1369. The aircrash which is the subject of the *Sumiati* plaintiffs' action occurred in 1997, long before the enactment of section 1369. (A copy of the Notice of Removal filed by defendant Hamilton Sundstrand in the case assigned to Judge Hibbler, plaintiffs' Memorandum in Support of Plaintiffs' Motion to Remand and for Attorney's Fees, filed by the Wisner Law Firm, and the Motion to Remand filed by the "*Sumiati* plaintiffs," represented by Nolan Law Group, are attached hereto as Exhibits A & B respectively.)

4.      Judge Hibbler has continued plaintiffs' motions to remand to July 31, 2008 at 9:30 a.m. The *Sumiati* cases pending before Judge Hibbler do not name Honeywell International as a defendant and have been pending in the Circuit Court of Cook County for 4 years. The *Sumiati* cases concern the negligent design testing and manufacture of a ground proximity warning system that was designed, tested and manufactured by Hamilton Sundstrand long before Honeywell purchased the assets of Hamilton Sundstrand. The *Sumiati* plaintiffs have no case or allegation that concerns Honeywell in any respect. The Mustika and *Sumiati* cases are, therefore, not related and should not be consolidated. The *Sumiati* plaintiffs do not agree that the handling

of the cases filed against Honeywell should be handled by the same judge who is, and has for years, been handling the cases against Hamilton Sundstrand.

The "earlier" filed *Sumiati* case against Hamilton Sundstrand in state court has progressed to the point that only a few more *Sumiati* Plaintiffs need to be deposed. Neither this Court, nor any federal court has jurisdiction over the "*Sumiati*" cases. The *Sumiati* cases should not be confused with the Mustika cases just as Hamilton Sundstrand should be not confused with Honeywell for purposes of this litigation.

5.  Determining whether or not Hamilton Sundstrand's Motion to Consolidate and Reassign the *Sumiati* cases from Judge Hibbler to Judge Guzman's calendar has merit makes little sense in light of the fact that the federal courts lack jurisdiction in the *Sumiati* case. Basic judicial economy requires a determination in the first instance as to whether or not the federal court has jurisdiction over the *Sumiati* cases <u>before</u> consolidation should be addressed. If Judge Hibbler rules that the federal court does not have jurisdiction and remands those cases back to the Circuit Court of Cook County, the need for this Court to determine whether the *Sumiati* cases should be consolidated and reassigned from Judge Hibbler to this Court will obviously become moot.

WHEREFORE, the "*Sumiati* plaintiffs" represented by Nolan Law Group in case No. 08 CV 03289 pending before Judge Hibbler move the Court to stay ruling on Honeywell International's Motion to Consolidate Cases and for Reassignment pending the ruling by Judge Hibbler on the "*Sumiati* plaintiffs'" Motion to Remand or for any other relief deemed just and equitable by this Honorable Court.

Respectfully Submitted,

NOLAN LAW GROUP

s/Paul Borth
One of the Attorneys for the *Sumiati* Plaintiff

Donald J. Nolan, Esq.
Paul R. Borth, Esq.
Nolan Law Group
20 North Clark, 30th Fl
Chicago, IL 60602
(312) 630-4000

## Certificate of Service

I, Corinne A. Brayman, certify that on July 22, 2008, I served the foregoing via ECF on all counsel of record.

s/Corinne A. Brayman
Corinne A. Brayman

4