IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELLA MANDELA DWI MUSTIKA, Special Administrator of the Estate of Achmad Chotib Syamsur, deceased, et al. ) ) ) ) Plaintiffs, ) ) -v- ) ) HONEYWELL, INTERNATIONAL, ) a corporation, ) ) Defendant. ) | Case No. 08 C 2178 Judge Guzman |

**MEMORANDUM IN OPPOSITION TO
MOTION OF CERTAIN PLAINTIFFS (REPRESENTED BY NOLAN LAW GROUP) TO
STAY RULING ON HAMILTON SUNDSTRAND'S MOTION FOR CONSOLIDATION**

**I.   Introduction**

In accordance with the Court's briefing schedule order entered on June 12, 2008, Hamilton Sundstrand's motion for a consolidation of the *Sumiati* case with this *Mustika* case was fully briefed with the filing of Hamilton Sundstrand's reply brief on July 3, 2008. The June 12 and July 16, 2008 Orders entered by this Court provided that ruling on the motion for consolidation will be by mail.

The Nolan Law Group, which represents approximately 25% of the plaintiffs in the consolidated *Sumiati* case[1] never filed any response to Hamilton Sundstrand's motion to consolidate. Although they appeared before this Court on June 12, 2008 when the briefing schedule was entered on the motion to consolidate, Nolan Law Group attorneys did not object to the motion nor ask to file a response. Now, the Nolan Law Group attorneys have filed an untimely response to the motion to consolidate, thinly-veiled as a motion to stay ruling on the

---

[1] Mr. Floyd Wisner of the Wisner Law Firm represents approximately 75% of the *Sumiati* plaintiffs and all of *Mustika* plaintiffs.

motion, to cover up the procedural impropriety of their untimely response filed without leave of court.

More serious than its procedural deficiencies, the Nolan Law Group's motion to stay is substantively misleading. The motion asserts on its very first page that "[t]he *Sumiati* plaintiffs have not filed an action against Honeywell International in this Court . . .." (Motion, p. 1). That is manifestly untrue. As shown by the Appendix of Plaintiffs attached as Exhibit A, listing all of the special administrator plaintiffs in both the *Mustika* and *Sumiati* actions now pending in the Northern District of Illinois, more than 50 of the *Sumiati* plaintiffs have sued Honeywell, a purported successor-in-interest to Hamilton Sundstrand, in *Mustika*.[2] The Court should deny the Nolan Law Group's motion to stay Hamilton Sundstrand's fully-briefed motion for consolidation.

## II. The Motion to Stay is Procedurally Improper.

If the Nolan Law Group attorneys wanted to oppose Hamilton Sundstrand's motion for consolidation, then it was incumbent upon them to so inform the Court at the June 12, 2008 hearing on the motion. The purpose of the hearing was to afford an opportunity for all parties to be heard. But the Nolan Law Group attorneys did not ask for leave to file a response, nor did they even join in the written response that had already been filed and served on all parties by plaintiffs' co-counsel, Mr. Wisner. Instead, the Nolan Law Group attorneys said <u>nothing</u> about these subjects.

The Nolan Law Group attorneys also did and said nothing during the three-week interval between the June 12, 2008 hearing and the July 3, 2008 filing of Hamilton Sundstrand's reply. The Nolan Law Group attorneys had three weeks in which to seek to modify the Court's June 12,

---

[2] It is possible that the Nolan Law Group in its motion intended "*Sumiati* plaintiffs" to mean some subset of all the *Sumiati* plaintiffs, as the first sentence of their motion referred to "[t]he `Sumiati* plaintiffs' as hereinafter enumerated . . .." (Motion, p. 1). However, the Nolan Law Group never provided the Court with the promised enumeration anywhere in their motion, leaving the misimpression that their assertions about the "*Sumiati* plaintiffs" referred to all of the plaintiffs in *Sumiati*.

2

2008 briefing schedule order to include an opportunity for them to respond to the motion for consolidation. Instead they again said and did <u>nothing</u>. Now that the motion for consolidation has been fully briefed since July 3, the Nolan Law Group attorneys are effectively filing an out-of-order response that they never asked to include in the briefing schedule, in an attempt to have the last word on the motion for consolidation and a finding of relatedness.

The Nolan Law Group attorneys had an opportunity to address the Court at the June 12 hearing and for three weeks after that about their desire to file a response to the motion for consolidation. Indeed, they had a <u>duty</u> to speak, if they wanted to file a response. A party that fails to respond to a motion in federal court waives its right to contest the Court's decision on the motion. *Bryant v. Fort Wayne Metropolitan Human Relations Commission*, 2008 WL 2595919 (7th Cir. 2008), *2 (motion to strike untimely discovery responses); *Klein v. Huseby*, 129 F.3d 1267 (Table), 1997 WL 686036, *1 (7th Cir. 1997)(motions to dismiss and to abstain). The Court can and should find that the Nolan Law Group attorneys have waived any objection to the motion for consolidation and deny their motion to stay as a procedurally improper attempt to avoid their waiver.

### III. The Court Should Not Stay Ruling on the Motion for Consolidation Based upon the Pending Motion for Remand in *Sumiati*.

The Nolan Law Group attorneys' argument about the merits of the motion to remand the consolidated *Sumiati* case is irrelevant to their motion to stay and Hamilton Sundstrand's motion for consolidation.

First, the motion for remand is presently pending before Judge Hibbler, not this Court. Although defendant is confident that justice will be done regardless of which judge ultimately hears the motion for remand, the motion for remand will not be before this Court for decision until and unless *Sumiati* is found to be related and is consolidated with *Mustika* before this Court.

Notwithstanding plaintiffs' remand arguments, Hamilton Sundstrand has a legitimate and supported basis for having removed *Sumiati* to this Court, which Hamilton Sundstrand will set forth in a written response to the motion for remand (which, including the supporting memorandum, comprises 12 pages with three attached exhibits, including deposition testimony). The remand issues, which have not yet been briefed, have no bearing on the motion for consolidation of *Mustika* and *Sumiati*, which will turn solely on whether this Court finds that the cases meet Local Rule 40.4(b)'s criteria for "relatedness".

Even if *Sumiati* and *Mustika* are not consolidated now, if *Sumiati* is not remanded then it would likely be deemed related to *Mustika* after a ruling on the remand is issued. Mr. Wisner himself admitted at the last status hearing that he contends that only the fourth criterion of Local Rule 40.4(b) has not been met, and solely on the basis of his remand motion. So therefore, as there are facts and issues common and overlapping in both the remand motion and the consolidation motion, it makes sense to now have one jurist deal with those issues so they can be consistently addressed at this stage.

### IV. Granting the Motion to Stay Would Improperly Overrule Judge Hibbler's Case Management Decision in *Sumiati*.

At the June 12, 2008 hearing on plaintiffs' motion to remand *Sumiati*, Judge Hibbler decided to enter and continue the motion for status on July 17, so that the parties could advise him of any ruling on the motion for consolidation. At the June 12 hearing, Judge Hibbler specifically stated his view that deciding the motion for remand before this Court rules on the motion for consolidation would be "putting the cart before the horse." Judge Hibbler apprehended that if the motion for consolidation were granted, then the motion for remand should be decided by the judge with authority over both the *Sumiati* and *Mustika* cases.

If this Court were to stay its ruling on the motion for consolidation, then Judge Hibbler's case management decision to continue the motion for remand pending a ruling on the motion for consolidation would be effectively overruled. A stay of the motion for consolidation would essentially gridlock the *Sumiati* case, unless Judge Hibbler were to reverse his earlier case management decision as a result of a stay order by this Court.

Thus, in addition to being procedurally improper, and substantively misleading, the Nolan Law Group's motion for stay also would wreak havoc with the principle of comity between federal judges. The Nolan Law Group attorneys, like all the attorneys in the case, are well aware that Judge Hibbler has made a conscious decision to hold the motion for remand in abeyance until this Court makes a threshold finding on whether these cases are related, and, assuming such a finding, the Court's executive committee decides whether the cases should be consolidated, and if so, before which judge. They are using the motion to stay as a procedural ploy to get an order from this Court that will pressure Judge Hibbler to change his decision[3]

Whether the Nolan Law Group's attorneys intend to wreak procedural havoc, or are simply indifferent to it, their motion to stay and the threat to judicial comity that it poses underscores the need to have the *Sumiati* and *Mustika* cases pending before one judge, to ensure consistent case management for two lawsuits that (i) arise from the exact same airline crash in Indonesia on September 26, 1997, (ii) involve allegations about alleged defects in the same ground proximity warning system ("GWPS") computer, (iii) have an overlap of 50 plaintiffs in both cases, and (iv) have the same attorney representing those 50 plaintiffs. The Nolan Law Group attorneys' motion to stay is just the tip of the iceberg of judicial diseconomy that will

---

[3] In holding the motion for remand in abeyance, Judge Hibbler was in no way attempting to exert any influence over the Court's handling of the motion for consolidation. Judge Hibbler was orally informed on June 12 that this Court had the same morning already set a briefing schedule on the motion for consolidation, with ruling by mail.

threaten the orderly progress of the *Sumiati* and the *Mustika* cases if they proceed to judgment before different judges.

V.   **The Motion For Consolidation Should Be Granted, So That One Judge Will Hear All Substantive Motions.**

Despite the Nolan Law Group attorneys' misleading obfuscation about the identities of the "*Sumiati* plaintiffs," the record, as presented in Hamilton Sundstrand's fully-briefed motion for consolidation, establishes that these cases are indeed "related" within the meaning of the local rules. The simple fact is that the majority of the *Sumiati* plaintiffs who have sued Hamilton Sundstrand over the GPWS computer that allegedly caused the 1997 crash have also sued Honeywell, alleged to be Hamilton Sundstrand's successor, in *Mustika* regarding the same GPWS and the same crash.

The Nolan Law Group attorneys assert that the *Sumiati* case, while pending in state court, had "progressed to the point that only a few more Sumiati plaintiffs need to be deposed." {Motion, ¶4, p. 3). That assertion is not only incorrect,[4] but it is irrelevant to the pending motion for consolidation. The test under criterion (3) of Local Rule 40.4(b) is whether *Mustika* has progressed to the point where designating *Sumiati* as a related case would likely delay the proceedings in Mustika, not the other way around. But even if the test were whether consolidation with *Mustika* would delay proceedings in *Sumiati*, the mere taking of certain plaintiffs' depositions in *Sumiati* does not mean that consolidation would delay the progress of the case. The same lawyers, plaintiffs, occurrence, and allegedly defective product are involved in both cases.

The relatedness of *Mustika* and *Sumiati* is clear, and the benefits of consolidation of these cases before one judge are beyond dispute. A ruling on consolidation should be made before any

---

[4] In fact, 45 plaintiffs remain to be deposed in *Sumiati*.

ruling on the motion for remand. If the Court finds that these cases are related, and consolidation is ordered, then it only makes sense to have the substantive motions decided by the one judge assigned to hear both cases.

## VI.   Conclusion

The Court should summarily deny the Nolan Law Group attorneys' motion to stay its ruling on the motion for consolidation, which has been fully-briefed for more than three weeks. This response should be the last court paper on the consolidation issue, just as Hamilton Sundstrand's July 3 reply was intended by the Court to be the last court paper on the consolidation issue. The Nolan Law Group attorneys' motion to stay really constitutes a sur-response regarding consolidation, filed without leave of court. If the Court considers their sur-response, then this court paper should be considered a sur-reply, the last word.

The multi-forum problem in these multi-plaintiff air disaster cases was deliberately caused by the plaintiffs filing their new action in federal court to avoid consolidation in state court before Judge Solganick. Hamilton Sundstrand's removal of *Sumiati* and motion for consolidation and a finding of relatedness are intended to accomplish a single objective, avoiding harmful multiplicity of lawsuits in several courts. The Court should deny the Nolan Law Group attorneys' motion to stay and should find that *Sumiati* and *Mustika* are related so that they can be consolidated into one action before one judge.

|                              |                                      |
|------------------------------|--------------------------------------|
| William F. DeYoung           | /s/ William F. DeYoung               |
| Loretto M. Kennedy           | One of the Attorneys for Defendant   |
| Mark A. Stang                | HAMILTON SUNDSTRAND CORPORATION      |
| Kendall E. Woods             |                                      |
| CHUHAK & TECSON, P.C.        |                                      |
| 30 S. Wacker Drive, Suite 2600 |                                    |
| Chicago, IL 60606            |                                      |
| (312) 444-9300               |                                      |

Garuda Flight GA-152

## APPENDIX OF PLAINTIFFS

| Sumiati Plaintiffs (08 C 3289) | Mustika Plaintiffs (08 C 2178) |
|---|---|
| Yudi Relawanto | Yudi Relawanto |
| Raden Heri Sugiharto | Raden Heri Sugiharto |
| IR Agus Irawan | IR Agus Irawan |
| Ella Madanela Dwi Mustika | Ella Madanela Dwi Mustika |
| Ms. Nia Astrina | Nia Astrina |
| Mrs. Efny Syahril | Efni Syahril |
| Diana Pohan Njo | Diana Pohan Njo |
| Edi Junaidi | Edi Junaidi |
| Zahara Aini Binti Ali Hamza | Zahara Aini Binti Ali Hamzah |
| Gunawan Pribadi | Gunawan Pribadi |
| Mrs. Yenti | Yenti |
| Mr. Irvan | Irvan |
| Mrs. Nurlaelasari | Nurlaelasari |
| Ludwina Barise Dachi | Ludwina Barise Dakhi |
| Roswita Tambunan | Roswita Tambunan |
| Dani Aryanto (substituted as special administrator for Haji T.R. Malikul) | Haji T.R. Malikul |
| Mariana Panggabean | Mariana Panggabean |
| Mrs. Neni Dwi Astuti Hutagalung | Neni Dwi Astutit Hutagalung |
| Mr. Effendi | Effendi |
| Baginda Nababan | Baginda Nababan |
| Dra Nur Hayati | Dra Nur Hayati |
| Mrs. Holidah Wati Lubis | Holidah Wati Lubis |
| Mrs. Salmiah | Salmiah |
| Andri Jufri | Andri Jufri |
| Lina Taruddin | Lina Taruddin |
| Ms. Nurvina Arfa | Nurvina Arfa |

| Sumiati Plaintiffs (08 C 3289) | Mustika Plaintiffs (08 C 2178) |
| --- | --- |
| Mrs. Nurlely | Nurlely |
| Utri Rahayu Tejaningsih Likhomsatun | Utri Rahayu Tejaningsih Likhomsatun |
| Arjunaidi Marbun | Arjunaidi Marbun |
| HJ Nurhasni | Nurhasni |
| Mifie Soeradjie | Mifie Soeradjie |
| Mr. Paingot Marpung | Paingot Marpung |
| Mrs. Suarni | Suarni |
| Yanti Faridah Nasution | Yanti Faridah Nasution |
| Sri Rohani | Sri Rohani |
| Mrs. Sri Elvi Heriyati | Sri Elvi Heriyati |
| Roro Putri Lystia | Roro Putri Lystia |
| Ms. Yulie Ayu Utari | Yulie Ayu Utari |
| Syarifah Lubis | Syarifah Lubis |
| Mrs. Sumiati | Begening Below Sumiati |
| Mrs. Ngatmi | Ngatmi |
| HJ Siti Juliana Dalimunthe | HJ Siti Juliana Dalimunthe |
| Mrs. Suyanti | Suyanti |
| Hanafi S. Guciano | Hanafi Guciano |
| Mrs. Juliana Kurniawan | Juliana Kurniawan |
| Mrs. Wenila | Wenila |
| Mrs. MA Eliza Maminta-Wijaya | Eliza Maminta-Wijaya (and Rusmin Wijaya) |
| Mr. Iqbal | Iqbal |
| Tutik Heryantinah | Tutik Heryantinah |
| Mrs. Khairunnisak | Khairunisak |
| Mr. Mursal | Hotman Butar Butar |
| Adi Dharmawan Ardjasoebrata | Hamid Siregar |
| Mrs. Belinda Adelin | Tauhiddiah |
| Budi Ashsiddiq Manggala | Barisah |
| Mrs. HJ Sisiliana, SH | Wiliater Situmorang |
| Ade Rinada Lubis | |

| **Sumiati Plaintiffs (08 C 3289)** | **Mustika Plaintiffs (08 C 2178)** |
|---|---|

Mr. Raja Heru Permadi

Mrs. Norita Boru Lumban Teruan

Mrs. Makiah

Mrs. Triana Sari

Taufik Siregar

Mrs. Salmah Aisyah

Mr. Ricardo Simamora

Indra Syafrin

Mrs. Saliah

Mr. Arjuna Roushdie

IR. Erna Widayanti

Sihtiati Kombaram

Ms. Marissa Sylvia Regina

Mr. Armansyah Sitepu

Mrs. Khairani

Ms. Eka Yunita

Cristine Cory Isabela S.

Barbara Slater

Mrs. Rosmiati

Mrs. Erika Sitanggang

Mrs. Indrawati

Mrs. Nurfachiy AH Ningsih

Ms. Pangesty Anggraeny

STATE OF ILLINOIS      )
                       ) ss:
COUNTY OF COOK         )

## AFFIDAVIT OF SERVICE

    I, Jeanette Erwin, a non-attorney, state that I caused a true and correct copy of **Hamilton Sundstrand's Memorandum in Opposition to Motion to Stay**, a copy of said document having been simultaneously served upon the parties, to be served via facsimile before 5:00 p.m. on the 25th day of July, 2008, upon the following counsel of record:

| | |
|---|---|
| David J. Gubbins | Donald Nolan, Esq. |
| 221 N. LaSalle | Paul R. Borth, Esq. |
| Suite 2100 | Nolan Law Group |
| Chicago, IL 60601 | 20 N. Clark Street, 30th Floor |
| Telephone: (773) 742-2236 | Chicago, IL 60602 |
| Facsimile: (312) 236-3613 | Telephone: (312) 630-4000 |
| | Facsimile: (312) 630-4011 |

    I, Jeanette Erwin, a non-attorney, state that I caused a true and correct copy of **Defendant Hamilton Sundstrand's Memorandum in Opposition to Motion to Stay**, a copy of said document having been simultaneously served upon the parties, to be served via the CM/ECF system, which will send notification of such filing to all parties listed as attorneys of record, before 5:00 p.m. on the 25th day of July, 2008, upon the following counsel of record:

Floyd A. Wisner, Esq.
Wisner Law Firm
934 S. 4th St.
St. Charles, IL 60174
Telephone: (630) 513-9434
Facsimile: (630) 513-0716

_____
Jeanette Erwin

SUBSCRIBED and SWORN to before
me this 25th day of July, 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
PAUL FOREMAN
Notary Public - State of Illinois
My Commission Expires Apr 01, 2012