IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELLA MADANELLA DWI MUSTIKA,
Special Adminsitrator of the Estate of
Achmad Chotib Syamsur, deceased, et al

          Plaintiffs

v.                                                                No. 08 C 2178

HONEYWELL. INTERNATIONAL,                         Judge Guzman

          Defendant

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND DISMISS COMPLAINT

Defendant's motion to strike and dismiss is nothing more than a "make-work" motion, designed solely to generate fees for defense counsel and delay the progress of this litigation. *See Robinson v The Midlane Club, Inc.,* 1994 U.S. Dist. LEXIS 14790 (N.D. Ill. 1994) (motions to strike disfavored because often used as dilatory tactic). Defendant's motion is meritless and plaintiffs respectfully submit it should be denied.

### FACTS

On September 26, 1997, P.T. Garuda Indonesia Flight GA 152 crashed into a mountain top near Medan, Indonesia, killing all 224 persons on board. Plaintiffs' beneficiaries in this action are the minor children of certain of those victims. Plaintiffs allege that a device on the accident aircraft known as a Ground Proximity Warning System (GPWS), designed to provide aural and visual alerts of approaching terrain, failed to provide such alerts and, as the proximate result thereof, the aircraft crashed and plaintiffs' decedents and all others on board were killed.

The GPWS was designed, manufactured and sold by Sundstrand Data Control (SDC), a division of Sundstrand Corp. (Sundstrand), now known as Hamilton Sundstrand Corp. (HSC). Subsequent to the sale of this GPWS, Sundstrand sold its SDC division to Allied Signal Co. which later became defendant Honeywell, International (Honeywell). HSC then went out of the business of designing, manufacturing and selling GPWS', although HSC remains an active business engaged in other activities. HSC states it did not retain any employees or records of its former SDC division. Rather all such employees and records of SDC became a part of Honeywell. Subsequent to Sundstrand's sale of SDC, all customer service and support for GPWS' previously sold by SDC was provided by Honeywell.

## PROCEDURAL HISTORY

The fifty-four plaintiffs in this case bring their claim against defendant Honeywell as the sole defendant. Certain of these plaintiffs and others previously had filed complaints against HSC in the Circuit Court of Cook County ("the State court actions"). Those State court actions have been pending for over 4 years. The defendants in this action and in the State court actions obviously are different. Defendant Honeywell and HSC are two separate corporations which are not related in any way. The plaintiffs in this action and in the State court actions also are not identical, nor are the attorneys for the plaintiffs.[1] Further, as discussed below, plaintiffs' cause of action in this lawsuit is for defendant Honeywell's negligent failure to warn whereas the State court plaintiffs' causes of action against HSC are for negligent and defective product design.

---

[1] There are at least 34 plaintiffs in the State court actions who are not plaintiffs in this lawsuit and, conversely, there are 6 plaintiffs in this lawsuit who are not parties to the State court actions. Counsel for the plaintiffs in this lawsuit, Wisner Law Firm, represents certain of the plaintiffs in the State court actions, while another law firm, Nolan Law Group, represents other plaintiffs in the State court actions. The Nolan firm does not represent any plaintiffs in this lawsuit.

After these plaintiffs filed their lawsuit in this Court against defendant Honeywell, the defendant HSC in the State court actions, represented by the same defense counsel, removed the 4 year old State court actions against HSC to this Court. Defendant based its removal upon section 1369, even though that statute by its express terms only applies to actions arising from certain accidents occurring after February 2, 2003 and this air crash occurred over 5 years earlier in September 1997. The removed State court actions have been assigned to Judge Hibbler. Plaintiffs have filed a motion to remand which is pending.[2] Defendant Honeywell has filed a motion to consolidate (which this Court has stated actually is a motion for a finding of relatedness). Plaintiffs have opposed that motion.[3]

## PLAINTIFFS' COMPLAINT

Plaintiffs' complaint against defendant Honeywell is *not* for Honeywell's derivative liability as the successor of HSC.[4] The Court will note that nowhere in plaintiffs' complaint do plaintiffs even use the terms "successor" or "successor liability." Rather, plaintiffs' complaint is for defendant Honeywell's breach of its own independent duty to warn of the defects in the GPWS.

Plaintiffs begin their complaint with the required jurisdictional allegations (paras 1-3). Plaintiffs then explain (in para. 4-10) the background facts giving rise to defendant Honeywell's independent duty to warn. Plaintiffs explain, as stated above, that Sundstrand, through its SDC division, designed, manufactured and sold the GPWS in

---

[2] Judge Hibbler has set a briefing schedule whereby defendant is to respond by September 2, 2008 and plaintiffs are to reply by September 16. The motion then will be fully briefed and ready for decision.
[3] Plaintiffs have opposed the motion on the grounds that the cases are not susceptible of disposition in a single proceeding because there obviously is no federal jurisdiction over the removed State court actions and those actions should be promptly remanded, whereas jurisdiction in this case is undisputed and this matter will proceed to trial.
[4] Plaintiffs could assert a claim against Honeywell for successor liability and reserve the right to seek leave to amend to do so, but clearly, plaintiffs' present complaint is not based upon successor liability.

issue (para. 4), that the GPWS was supposed to provide timely alerts of approaching terrain (para. 5), but that the GPWS was defective in several specifically-described respects and did not provide the promised warnings (para. 6). Plaintiffs further state that Sundstrand did not warn of these defects (para. 7), but later sold its SDC division to defendant Honeywell (para. 9).

Plaintiffs continue to explain that, according to Sundstrand itself, Sundstrand did not retain any of its former SDC employees or records. Rather, such employees and records became a part of defendant Honeywell (para 9). Thereafter, again according to Sundstrand itself, Sundstrand had no involvement with the design, manufacture, sale or service of GPWS'. Instead, defendant Honeywell assumed responsibility for providing customer support for products previously sold by SDC, including the subject GPWS (para 10).

Plaintiffs then make specific allegations against defendant Honeywell. Plaintiffs allege defendant knew of the defective and dangerous condition of the GPWS, both through the knowledge of the former SDC employees who became employees of defendant Honeywell (para 11) and through knowledge defendant Honeywell later itself acquired (para 12). Plaintiffs allege defendant Honeywell owed a duty to warn of the defects, advise as to necessary modifications to the GPWS, and warn and instruct as to the proper operation of the GPWS (para 13). Plaintiffs allege defendant Honeywell negligently breached those duties and, in particular, provided operators with specifically-described negligent advice (para 14). Plaintiffs conclude with allegations of proximate cause (paras 15-17) and damages (paras 18-20) and a prayer for relief against defendant Honeywell *only*.

## MOTION TO STRIKE

Defendant claims that paragraphs 3-7 [5] of plaintiffs' complaint contain allegations directed solely against HSC and paragraphs 8-12 contain allegations directed in part against HSC. Defendant argues that all of these paragraphs should be stricken as "impertinent and immaterial" and that it would be "unfair *to Hamilton Sundstrand* to permit plaintiffs to make allegations about Hamilton Sundstrand's purported negligence…in a case where Hamilton Sundstrand is not even a party" and may "impair or impede *Hamilton Sundstrand's* ability to protect its interests in [the State court actions]." Defendant's Motion, p. 5 (emphasis added).

"Courts in this Circuit disfavor motions to strike because parties often use them solely to cause delay." *Cima v Wellpoint Healthcare Networks, Inc.*, 2007 U.S. Dist. LEXIS 25771, *11 (S.D. Ill. 2007), *citing Heller v Fin., Inc. v Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). *See also Robinson, supra* at *6 ("motions to strike… are disfavored and sparingly used because they are a drastic remedy often sought by movants as a dilatory tactic."); *Cannata v Forest Pres. Dist.*, 2006 U.S. Dist. LEXIS 74267 (N.D. Ill. 2006). In fact, the 7th Circuit has advised defense counsel against filing motions to strike (advice which this defendant's counsel has chosen to ignore). *Alexander v Northeastern Ill. Univ.*, 2008 U.S. Dist. LEXIS 48719,*24 (N.D. Ill. 2008), *citing Davis v Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001).

In *Cima, supra* at *11-12, the Court noted that "courts should not tamper with the pleadings unless there is a strong reason for so doing," particularly where, as here, "granting defendants' motion would be an empty exercise—the very reason why courts

---

[5] Paragraph 3 contains jurisdictional allegations. Plaintiffs assume defendant included para. 3 in error.

disfavor motions to strike." For these reasons, "motions to strike are usually denied…" *Mosley v McDonald's Corp.*, 2006 U.S. Dist. LEXIS 88953, * 22 (N.D. Ill. 2006).

Defendant Honeywell bears the burden on its motion to strike to prove that the allegations in paragraphs 4 through 12 are "so unrelated to plaintiff's claims as to be void of merit and unworthy of any consideration." *Robinson, supra* at *6; *Mosley, supra*; *Walker v Bankers Life & Cas. Co.*, 2007 U.S. Dist. LEXIS 22818 (N.D. Ill. 2007). Defendant must establish that paragraphs 4-12 clearly can have no possible bearing on this lawsuit. *Cannata, supra.*

Certainly, plaintiffs' allegations in paragraphs 4-12 are not so unrelated to plaintiffs' claim against defendant Honeywell as to be "void of merit and unworthy of consideration," having "no possible bearing" on this litigation. Plaintiffs' statements in these paragraphs are simple background statements of fact, explaining the design and sale of the GPWS by HSC, the defects in the GPWS, and HSC's failure to warn [6] and subsequent sale of this part of its business to defendant Honeywell, all of which gives rise to a duty owed by defendant Honeywell. The fact that these paragraphs are not void of merit, but do have at least a possible bearing on this lawsuit is best demonstrated by a reading of plaintiffs' complaint *without* these paragraphs. If these paragraphs are stricken, there would be no explanation as to why defendant Honeywell, which did not design, manufacture or sell the GPWS, owes a duty to warn and this defense counsel would be the first to argue the complaint fails to state a claim.

---

[6] Plaintiffs include the statement that Sundstrand failed to warn of the defects in the GPWS because, if Sundstrand had provided such warnings, this arguably would have relieved defendant Honeywell of its duty to warn or broken the causal connection.

However, again, it is not plaintiffs' burden to prove that these paragraphs are necessary or even helpful to a reading of the complaint. Rather, defendant must prove that these paragraphs are so unrelated to this lawsuit as to be unworthy of consideration. Defendant can not make such a showing and its motion must be denied. [7]

Further, defendant Honeywell also must establish that it will be materially prejudiced if paragraphs 4-12 remain in this complaint. *Walker, supra; Cima, supra* at *12 (motion to strike denied where "defendants have not offered a cogent explanation why the disputed documents are prejudicial"). Importantly, defendant must show actual, material prejudice *to this defendant. Alexander, supra* at *24 (defendant must show "complaint is actually prejudicial *to the defense*.") (emphasis added); *Robinson, supra* at *5 ("movant must establish that the presence of the references to be stricken from the pleading will be prejudicial *to the moving party.*" (emphasis added); *Mosley, supra* at *23 (movant must show material prejudice "*on the movant*") (emphasis added).

Defendant Honeywell does not state anywhere in its motion that it will suffer actual, material or, for that matter, any prejudice at all from paragraphs 4-12. Rather, its counsel's concern appears to be for its other client, HSC. Defendant Honeywell's only allegation of anything resembling prejudice is that it would be unfair *to HSC* for paragraphs 4-12 to remain part of this complaint. First, that is not correct and, second, defendant's failure to prove any prejudice to it requires the denial of its motion to strike.

---

[7] The decisions relied upon by defendant are easily distinguished. In *Sound of Music v Muzak Holdings*, 2006 U.S. Dist. LEXIS 7941 (N.D. Ill. 2006), plaintiff included allegations about business transactions of defendant with non-parties, without making any effort to connect these allegations with the subject litigation. Likewise, in *Terry v Village of Glendale Heights*, 1988 U.S. Dist. LEXIS 9123 (N.D. Ill. 1988), plaintiff made allegations against a non-party and then failed to connect those allegations with the instant litigation.

## DEFENDANT'S MOTION TO DISMISS

In considering defendant's motion to dismiss it is necessary to start from the basic rule that the purpose of a motion to dismiss is to test the sufficiency of a complaint, not to decide the case on the merits. The court is to take all well-pleaded allegations of the complaint as true, drawing all inferences in favor of plaintiff. *Murison v Bevan,* 2008 U.S. Dist. LEXIS 48876 (N.D. Ill. 2008).

Defendant's experienced defense counsel feigns an inability to follow and understand plaintiffs' complaint. Defendant claims that it is "impossible" for defense counsel to discern the nature of plaintiffs' claims and that it is confused as to whether plaintiffs are stating a cause of action against Honeywell based upon its liability as a successor to HSC or based upon Honeywell's own acts and omissions. However, having said this, defendant proceeds to quote from plaintiffs' memo in support of plaintiffs' motion to remand, in which plaintiffs confirm (though no such confirmation ever should be necessary) that their cause of action is for defendant Honeywell's own independent breach of duty and is not based upon successor liability. (Defendant's Motion, p. 2-3)

Further, pursuant to Rule 26, counsel for plaintiffs and defendant met on July 2, 2008 and discussed those subjects set forth in the Rule, including the nature of the parties' claims and defenses and any motions. That conference would have been the appropriate time for defendant's counsel to ask plaintiffs' counsel about the nature of plaintiffs' claim *if* defense counsel is as confused as it now claims. Defendant's counsel did not raise any such question. Instead, the very next day, on July 3, defendant filed this

motion to strike and dismiss, without disclosing the proposed motion to plaintiffs' counsel at the Rule 26 conference.

In any event, any confusion of defense counsel or its alleged inability to discern the nature of plaintiffs' claim is not relevant. The issue is whether plaintiffs' complaint states a claim under federal pleading requirements.

In *Clark Equipment Co. v Dial Corp.*, 25 F.3d 1384 (7th Cir. 1994), the Seventh Circuit recognized a claim [8] against a corporate buyer for negligent failure to warn of defects in products manufactured by its corporate seller. The Court found it important that the buyer in that case, like defendant Honeywell here, now serviced the customers of the seller and thus the buyer was charged with a duty to provide the warnings the seller would have been obligated to provide had the seller remained in this business.

The 7th Circuit in *Clark* explained that this was not successor liability, but personal, direct liability. It held that the buyer's duty to warn is designed to "plug a gap" in products liability law created when a business which would have had a continuing duty to warn goes out of this business while its products still are in use, exactly the case of HSC and defendant Honeywell here.

Plaintiffs here plead a claim against defendant Honeywell based upon its breach of this duty to warn. Plaintiffs set forth the facts giving rise to this personal, direct duty in paragraphs 4-12 (the paragraphs defendant moves to strike as impertinent and immaterial). Plaintiffs then allege all the remaining elements of a standard negligence claim—duty (para. 13), negligent breach of that duty (para. 14), proximate cause (paras

---

[8] The Court recognized this claim under Michigan law, but stated it was "illustrated" by other decisions cited by the Court.

14-17), and damages (paras 18-20). These allegations state a claim under the federal pleading requirements.

Defendant argues, however, that paragraphs 13 and 14 "allege mere conclusions" as to duty and breach and plaintiffs' complaint therefore should be dismissed. However, these paragraphs may not be read alone, but must be read together with the other paragraphs in plaintiffs' complaint. Plaintiffs' allegation of a duty owed in paragraph 13 is supported in some detail by plaintiffs' background statements in paragraphs 4-12 which explain how defendant Honeywell came to owe this duty. Likewise, in paragraph 14, plaintiffs do more than just allege defendant was negligent. Plaintiffs allege defendant Honeywell failed to warn of the several, specified defects in the GPWS set forth in paragraph 6 and plaintiffs further allege in paragraph 14 that this defendant gave specifically-described negligent advice to users of the GPWS.

In addition, defendant misstates the applicable pleading standard. Defendant cites to the District Court's decision in *Choyce v Friar*, 2008 U.S. Dist. LEXIS 48343 (N.D. Ill. 2008), but the Court in *Choyce* held that "the plaintiff need not allege all of the facts involved in the claim and *can plead conclusions.*" Id. at *4 (emphasis added) [9]

Defendant also cites to two older 7th Circuit decisions for the proposition that a plaintiff must plead the "operative facts" upon which his claim his based, but those decisions are again readily distinguishable on their facts [10] and, again, the Court held that

---

[9] The Court in *Choyce* only dismissed plaintiff's amended complaint because she failed to even identify the police officers who allegedly assaulted her.
[10] In *Kyle*, the Court affirmed the dismissal of plaintiff's complaint for wrongful termination of employment because plaintiff did not allege what speech he made or what political activity he engaged in which allegedly led to his termination. In *Lucien v Preiner*, 967 F.2d 1166 (7th Cir. 1992), plaintiff alleged defendant "lied," without alleging what those 'lies' were. In another District Court decision relied upon by defendant, *Riad v 520 S. Michigan Ave. Assoc., Ltd.*, 78 F.Supp.2d 748 (N.D. Ill. 1999), the Court dismissed a counterclaim because the counter-plaintiff did not allege how the counter-defendant's acts

a "plaintiff need not plead facts; *he can plead conclusions.*" *Kyle v Morton High School,* 144 F.3d 448, 455 (7th Cir. 1998) (emphasis added).

The law in this Circuit, after the Supreme Court's decision in *Bell Atlantic Corp. v Twombley,* 127 S. Ct. 1955 (2007), and its later decision in *Erickson v Pardus,* 127 S. Ct. 2197 (2007), was first discussed by the 7th Circuit in *EEOC v Concentra Health Services,* 496 F.3d 773 (7th Cir. 2007). In that case, the 7th Circuit held that the federal notice pleading rules only "impose two easy-to-clear hurdles." First, defendant must be given fair notice of the claim against it and, second, the allegations must plausibly suggest a right to relief, rising above the speculative level. [11] In this case, plaintiffs certainly have given defendant fair notice of plaintiffs' negligent failure to warn claim and, particularly given the 7th Circuit's recognition in *Clark Equipment* of a duty of defendant Honeywell to warn of the defects in HSC's GPWS under these circumstances, plaintiffs have at least plausibly suggested a right to relief.

Curiously, though citing to older 7th Circuit decisions, defendant fails to mention in its motion the several post-*EEOC* decisions from the 7th Circuit on the federal notice pleading standard. In *Airborne Beepers & Video, Inc.,* 499 F.3d 663, 667 (7th Cir 2007), the Court held that the Supreme Court in *Erickson* had "clarified that *Twombley* did not

---

caused the counter-plainitff to be damaged, an omission plaintiffs certainly do not make here. (See Complaint, paras 15-20)

[11] The Court in *EEOC* affirmed the dismissal of plaintiff's one page amended complaint, in which the critical details were contained within one 8-line paragraph. Plaintiff had alleged in his original complaint that he had been terminated from his employment in violation of title VII because he had reported a sexual affair between hus supervisor and another employee. When the Court held that a termination for this reason was not a violation of Title VII plaintiff filed his deficient amended complaint in which he merely alleged a termination in violation of Title VII without identifying that violation.

signal a switch to fact-pleading in the federal courts." Rather, all that is required is fair notice of the claim.[12]

In *Lang v TCF Nat'l Bk.*, 249 Fed. Appx. 464 (7th Cir. 2007), the Court reversed the dismissal of plaintiff's complaint, again repeating the two easy-to-clear hurdles set forth in *EEOC*. The Court held that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain…' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Id.* at 466. In *Killingsworth v HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007), the Court reversed another dismissal of a plaintiff's complaint, holding that the requirement that a plaintiff plead a plausible, and not merely a speculative, right to relief does "not require heightened fact pleading of specifics."

The 7th Circuit's most recent decision on the federal notice pleading standard, which again is not even mentioned by defendant,[13] is *Tamayo v Blagojevich*, 526 F.3d 1074 (7th Cir. 2008), in which the Court again reversed a dismissal for failure to state a claim. The 7th Circuit held that the Supreme Court's decision in *Bell Atlantic v Twombley* should neither be over-read nor under-read and the Court in *Tamayo* expressly stated again that the Supreme Court in *Bell Atlantic* "did not, in fact, supplant the basic notice-pleading standard." *Id.* at 1083. The 7th Circuit repeated that in this Circuit plaintiff need

---

[12] The Court affirmed the dismissal of plaintiff's complaint where plaintiff did not challenge defendant's argument that its complaint failed to state a claim, but instead only sought leave to further amend. The Court held that the District Court did not abuse its discretion in denying leave.

[13] Defendant, though citing *Choyce* as a "very recent decision in this district" (Defendant's Motion, p. 5), also fails to refer the Court to other, more recent decisions from this District in which the courts applied the 7th Circuit's easy-to-clear pleading standard and denied motions to dismiss. *See, e.g., Stewart v Gino's East Restaurant Corp.*, 2008 U.S. Dist. LEXIS 52605 (N.D. Ill. 2008) (7th Circuit in *Tamayo* emphasized that *Bell Atlantic* did not supplant the basic notice pleading standard); *Mull v Abbott Laboratories*, 2008 U.S. Dist. LEXIS 50599 (N.D. Ill. 2008) (7th Circuit has reaffirmed minimal pleading standard); *Murison v Bevan*, 2008 U.S. Dist. LEXIS 48876 (N.D. Ill. 2008) (purpose of motion to dismiss is to test sufficiency of complaint, not to decide case on the merits; complaint is to be liberally interpreted in favor of plaintiff); *Killian v Concert Health Plan*, 2008 U.S. Dist. LEXIS 48339 (N.D. Ill. 2008) (federal complaints need only plead claims, not facts, and complaint does not have to provide detailed factual allegations).

only meet the two easy-to-clear hurdles first set forth in *EEOC*--fair notice of the claim and allegations plausibly suggesting a right to relief.

Very importantly for this case, the 7th Circuit in *Tamayo* held that this standard must be applied to each particular case. The Court stated that in a complex antitrust case, such as *Bell Atlantic,* a fuller set of factual allegations might be necessary to show that plaintiff's right to relief is plausible. However, the Court held that the Supreme Court's "explicit praise [in *Bell Atlantic*] of Form 9 of the Federal Rules of Civil Procedure illustrates that conclusory statements are not barred entirely from federal pleadings." *Id.* at 1084.

The Court specifically pointed out that the Supreme Court in *Bell Atlantic* had noted that a plaintiff in an automobile negligence case states a claim where, in compliance with Form 9, he states only that on a specified date and place defendant negligently drove a motor vehicle against plaintiff. The Court in *Tamayo* held that plaintiff need not state in his complaint the respects in which the defendant driver was alleged to be negligent. *See also Murison, supra* (policy considerations for screening insufficient complaints in complex litigation cases not applicable to claim for willful and wanton entrustment; complaint allegations give defendant fair notice of claim and make plaintiff's recovery plausible).

Applying this notice standard and the two easy-to-clear hurdles to these plaintiffs' complaint, plaintiffs submit they have given defendant Honeywell fair notice of their claim against it and their allegations, at a minimum, plausibly suggest a right to relief. Defendant's motion to dismiss therefore should be denied.

## CONCLUSION

Defendant goes beyond the bounds of zealous advocacy in accusing plaintiffs of using their pleadings in this case for "manipulative gamesmanship." [14] (Defendant's motion, p.7). Defendant accuses plaintiffs of "contriving to plead and prove" a claim against HSC in this case in which HSC is not a party, "while obstinately opposing consolidation" of this case with the removed State court actions. (Defendant's Motion, p. 6). These accusations are reckless, unprofessional and, of course, totally false. As discussed above, plaintiffs are not attempting to plead and prove a claim against HSC. Plaintiffs' claim is against defendant Honeywell for its own, independent breach of a duty owed. Also as discussed, plaintiffs have a valid reason for opposing "consolidation" of this case with the removed State court actions over which there clearly is no federal court jurisdiction.[15]

Plaintiffs respectfully submit that defendant's motion to strike and dismiss should be decided without reference to these baseless accusations by defendant.

s/ Floyd A. Wisner
_____

---

[14] Defendant made similar unfounded sanctionable attacks upon plaintiffs' counsel in defendant's reply memo in support of its motion to consolidate, accusing plaintiffs' counsel of *intentionally* multiplying proceedings and "promoting multiplicity and over-consumption of judicial resources.' (Defendant's reply memo, p. 5-6). Defendant "supported" this reckless accusation with knowing misrepresentations to the court, falsely stating that Wisner Law Firm had filed 10 different lawsuits arising from this air crash in Illinois state court. (Defendant's reply memo, p.8-9). As defendant's counsel well knows, Wisner Law Firm filed only 2 of these 10 actions, one of which was subsequently voluntarily dismissed. The other 8 actions were filed by Nolan Law Group, at which attorney Floyd Wisner previously was employed. All of these actions were consolidated in the state court with plaintiffs' agreement.

[15] It is ironic that defendant accuses plaintiffs' counsel of multiplying the proceedings before the federal court. The instant case was the only action pending in this federal court arising from this air crash until defendant improperly removed the State court actions to this federal court, contrary to the express provisions of the very statute upon which defendant relies—section 1369.

Floyd A. Wisner
Wisner Law Firm
934 S 4th St
St Charles, IL 60174
(630) 513-9434

## Certificate of Service

The undersigned attorney certifies that he served this pleading upon counsel for defendant via ECF on August 5, 2008.

s/ Floyd A. Wisner
_____