IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ella Madanella Dwi Mustika, et al.,

    Plaintiffs

v.                                                  No. 08 CV 02178

Honeywell International,                  Honorable Judge Ronald A. Guzman

    Defendant

### RENEWED "SUMIATI PLAINTIFFS'" MOTION FOR STAY OF RULING ON HAMILTON SUNDSTRAND'S MOTION FOR CONSOLIDATION

The "*Sumiati* plaintiffs" as hereinafter enumerated by and through and represented by their attorneys Nolan Law Group, respectfully renew their motion for this Court to stay ruling on Hamilton Sundstrand Corporation's Motion for Consolidation and Reassignment of Cases pending before the Honorable William J. Hibbler as Judge Hibbler has now set time for Hamilton Sundstrand Corporation to respond to the Sumiati plaintiffs' Motion to Remand pending before Judge Hibbler and has ordered that his ruling shall be by mail with a status hearing set for September 24, 2008 at 9:30 a.m. In support hereof, Sumiati plaintiffs state:

    1.    On July 28, 2008, certain Sumiati plaintiffs represented by Nolan Law Group appeared before this Court and presented their Motion to Stay Ruling on Hamilton Sundstrand's Motion for Consolidation setting forth that they are not party plaintiffs in this case pending before Judge Guzman and that in fact they have a Motion to Remand pending before Judge Hibbler to whom their case was removed from the Circuit Court of Cook County where their cases have been pending for several years under No. 04 L 13895. (See Exhibit A hereto)

2.  This Court ruled that the motion to stay was denied "without prejudice to refiling when and if parties secure firm ruling date or agreement to expedite ruling from Judge Hibbler." (See Exhibit B hereto)

3.  On July 31, 2008 the Sumiati plaintiffs appeared before Judge Hibbler and he set September 2, 2008 for defendant Hamilton Sundstrand in that case to respond to "Sumiati plaintiffs'" Motion to Remand with plaintiffs' reply due by September 16, 2008, "Ruling by mail. Status hearing set for September 24, 2008 at 9:30 a.m." (See Exhibit C hereto)

4.  Accordingly, plaintiff hereby refiles and renews their Motion to Stay Ruling on Hamilton Sundstrand's Motion for Consolidation and incorporates the reasons therefor herein. (See Exhibit A hereto) It makes common sense for the "Sumiati plaintiffs'" Motion to Remand to be decided in the first instance as to whether or not there is a federal jurisdiction over those cases before this Court addresses the question of whether or not they should be consolidated from Judge Hibbler to this Court for future handling. Obviously, if Judge Hibbler grants the "Sumiati plaintiffs'" Motion to Remand, the motion to consolidate pending before this Court will be moot.

WHEREFORE, the "Sumiati plaintiffs" represented by Nolan Law Group in case No. 08-CV-023289 pending before Judge Hibbler hereby renew their motion and move the Court to stay ruling on Honeywell International's Motion to Consolidate Cases and for Reassignment pending the ruling by Judge Hibbler on the "Sumiati plaintiffs'" Motion to Remand or for any other relief deemed just and equitable by this Honorable Court.

Respectfully Submitted,

NOLAN LAW GROUP

s/Paul Borth
_____
One of the Attorneys for the *Sumiati* Plaintiff

Donald J. Nolan, Esq.
Paul R. Borth, Esq.
Nolan Law Group
20 North Clark, 30th Fl
Chicago, IL 60602
(312) 630-4000

## Certificate of Service

    I, Corinne A. Brayman, certify that on August 6, 2008, I served the foregoing via ECF on all counsel of record.

s/Corinne A. Brayman<br>
Corinne A. Brayman

3

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ella Madanella Dwi Mustika, et al.,

    Plaintiffs

v.                                                                          No. 08 CV 02178

Honeywell International,                                  Honorable Judge Ronald A. Guzman

    Defendant

### SUMIATI PLAINTIFFS' MOTION FOR STAY OF RULING ON HAMILTON SUNDSTRAND'S MOTION FOR CONSOLIDATION

The "*Sumiati* plaintiffs" as hereinafter enumerated, by and through their attorneys Nolan Law Group, respectfully move this Honorable Court to stay ruling on Hamilton Sundstrand Corporation's Motion for Consolidation and Reassignment of Cases Pending before the Honorable William J. Hibbler until Judge Hibbler has had the opportunity to rule on the *Sumiati* plaintiffs' motion to remand their case back to the Circuit Court of Cook County, Illinois, from whence it was removed. In support hereof, "*Sumiati* plaintiffs" state:

### The "*Sumiati* Plaintiffs" Have No Actions Pending in Federal Court

1. The "*Sumiati* plaintiffs" represent cases that have been pending for several years in the Circuit Court of Cook County, No. 04 L 13895, against the defendant, Hamilton Sundstrand Corporation. The *Sumiati* plaintiffs have not filed an action against Honeywell International in this Court as did the "Mustika plaintiffs" represented by the Wisner Law Firm which case is presently pending before Judge Guzman, under the above caption. The *Sumiati* plaintiffs' cases are not related to the Mustika actions against Honeywell.

2. On June 6, 2008, Hamilton Sundstrand Corporation removed the "*Sumiati* plaintiffs'" cases and the Mustika cases from the Circuit Court of Cook County to this Court and said cases are presently assigned to the Honorable William J. Hibbler.

3. The *Sumiati* plaintiffs have moved to remand their cases back to the Circuit Court of Cook County on the clear ground that the asserted basis for removal, 28 U.S.C. §1369, concerning multiparty, multiforum jurisdiction must be rejected as a basis of removal because Congress specifically stated that it shall only "apply to a civil action if the accident giving rise to the cause of action occurred on or after the 90th day after the date of the enactment of this act [November 2, 2002]." See Historical and Statutory Notes to §1369. The aircrash which is the subject of the *Sumiati* plaintiffs' action occurred in 1997, long before the enactment of section 1369. (A copy of the Notice of Removal filed by defendant Hamilton Sundstrand in the case assigned to Judge Hibbler, plaintiffs' Memorandum in Support of Plaintiffs' Motion to Remand and for Attorney's Fees, filed by the Wisner Law Firm, and the Motion to Remand filed by the "*Sumiati* plaintiffs," represented by Nolan Law Group, are attached hereto as Exhibits A & B respectively.)

4. Judge Hibbler has continued plaintiffs' motions to remand to July 31, 2008 at 9:30 a.m. The *Sumiati* cases pending before Judge Hibbler do not name Honeywell International as a defendant and have been pending in the Circuit Court of Cook County for 4 years. The *Sumiati* cases concern the negligent design testing and manufacture of a ground proximity warning system that was designed, tested and manufactured by Hamilton Sundstrand long before Honeywell purchased the assets of Hamilton Sundstrand. The *Sumiati* plaintiffs have no case or allegation that concerns Honeywell in any respect. The Mustika and *Sumiati* cases are, therefore, not related and should not be consolidated. The *Sumiati* plaintiffs do not agree that the handling

of the cases filed against Honeywell should be handled by the same judge who is, and has for years, been handling the cases against Hamilton Sundstrand.

The "earlier" filed *Sumiati* case against Hamilton Sundstrand in state court has progressed to the point that only a few more *Sumiati* Plaintiffs need to be deposed. Neither this Court, nor any federal court has jurisdiction over the "*Sumiati*" cases. The *Sumiati* cases should not be confused with the Mustika cases just as Hamilton Sundstrand should be not confused with Honeywell for purposes of this litigation.

5. Determining whether or not Hamilton Sundstrand's Motion to Consolidate and Reassign the *Sumiati* cases from Judge Hibbler to Judge Guzman's calendar has merit makes little sense in light of the fact that the federal courts lack jurisdiction in the *Sumiati* case. Basic judicial economy requires a determination in the first instance as to whether or not the federal court has jurisdiction over the *Sumiati* cases before consolidation should be addressed. If Judge Hibbler rules that the federal court does not have jurisdiction and remands those cases back to the Circuit Court of Cook County, the need for this Court to determine whether the *Sumiati* cases should be consolidated and reassigned from Judge Hibbler to this Court will obviously become moot.

WHEREFORE, the "*Sumiati* plaintiffs" represented by Nolan Law Group in case No. 08 CV 03289 pending before Judge Hibbler move the Court to stay ruling on Honeywell International's Motion to Consolidate Cases and for Reassignment pending the ruling by Judge Hibbler on the "*Sumiati* plaintiffs'" Motion to Remand or for any other relief deemed just and equitable by this Honorable Court.

                    Respectfully Submitted,

                    NOLAN LAW GROUP

                    _s/Paul Borth_
                    One of the Attorneys for the *Sumiati* Plaintiff

Donald J. Nolan, Esq.
Paul R. Borth, Esq.
Nolan Law Group
20 North Clark, 30th Fl
Chicago, IL 60602
(312) 630-4000

### Certificate of Service

I, Corinne A. Brayman, certify that on July 22, 2008, I served the foregoing via ECF on all counsel of record.

                    _s/Corinne A. Brayman_
                    Corinne A. Brayman

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1
### Eastern Division

Ella Madanella Dwi Mustika, et al.

                                              Plaintiff,

v.                                                       Case No.: 1:08−cv−02178
                                                       Honorable Ronald A. Guzman

Honeywell, International

                                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, July 28, 2008:

       MINUTE entry before the Honorable Ronald A. Guzman:Motion to stay Ruling on Hamilton Sundstrand's Motion for Consolidation [20] is denied without prejudice to refiling when and if parties secure firm ruling date or agreement to expedite ruling from Judge Hibbler. Mailed notice(cjg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1
Eastern Division

Mrs. Sumiati

         Plaintiff,

v.                Case No.: 1:08−cv−03289
                Honorable William J. Hibbler

Hamilton Sundstrand Corporation

         Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, July 31, 2008:

  MINUTE entry before the Honorable William J. Hibbler: Motion hearing held on 7/31/2008 regarding motion to remand [7], motion to remand [12]. Defendant to respond by 9/2/2008. Plaintiffs' replies due by 9/16/2008. Ruling by mail. Status hearing set for 9/24/2008 at 09:30 AM. Mailed notice (jdh)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.