IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELLA MANDELA DWI MUSTIKA, Special Administrator of the Estate of Achmad Chotib Syamsur, deceased, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　-v-<br><br>HONEYWELL INTERNATIONAL, a corporation,<br><br>　　　　　　　　Defendant. | Case No. 08 C 2178 |

**HONEYWELL INTERNATIONAL INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO STRIKE AND DISMISS THE COMPLAINT**

I.   **Introduction**

Despite plaintiffs' 14 page effort to rebut a motion which is improperly labeled as "meritless" and only a "dilatory tactic," Honeywell's motion is well-founded and pursued for the exact reason that the rule was adopted – to clean up a complaint rife with unnecessary and improper allegations regarding a non-party. Four paragraphs (4 through 7) are directed solely against Hamilton Sundstrand. The remaining allegations of the complaint rest entirely on conclusions and fail to state a claim.

In addition to its length, plaintiffs' assertions in their response validates the issues raised by Honeywell's motion to strike. On the one hand, plaintiffs argue that "Honeywell and HSC are two separate corporations which are not related in any way." (Response, p. 2, emphasis supplied). Plaintiffs attempt to buttress that point with the statement that the complaint is not predicated on any derivative liability flowing from Hamilton Sundstrand. (Response, p. 3). But on the other hand, plaintiffs have alleged in the complaint specific legal criticisms of Hamilton Sundstrand or its product which are wholly irrelevant to a case against Honeywell.

Even further, despite plaintiffs' disclaimer about the nature of the claim in their initial complaint, a footnote in their response states that plaintiffs already have a right to a claim against Honeywell for successor liability and suggest that they may assert this purported right in a future amended complaint. (Response, p. 3, n. 4). If that is plaintiffs' position, then the allegations against Hamilton Sundstrand in this action should be pleaded only if and when they seek and obtain leave to amend the complaint to pursue a claim that implicates Hamilton Sundstrand. Plaintiffs may be pleading irrelevant criticisms of Hamilton Sundstrand now for the purpose, among others, of pleading a successor liability claim later and being positioned to have this later pleading "relate back" to their first pleading. That amounts to manipulative gamesmanship, not proper pleading.[1]

Plaintiffs argue that the allegations of paragraphs 4 through 12 of the complaint are "simple background statements of fact." (Response, p. 6). If plaintiffs had indeed merely alleged simple background facts, such as identifying the manufacturer of the GPWS, then Honeywell would not be moving to strike. But plaintiffs' characterization of their allegations as simple background is incorrect, as shown by the actual allegations. For example, paragraph 7 of the complaint alleges that "Sundstrand negligently failed to warn users of the MKII of these defects and the unreasonably dangerous condition of this product." That is not a statement of fact at all, but a legal conclusion alleging liability of Hamilton Sundstrand due to claimed negligence for failure to warn. By making that allegation against Hamilton Sundstrand in a complaint that names only Honeywell as a defendant, plaintiffs are impermissibly "charging persons not parties to the lawsuit with unlawful actions not connected to the actions of the defendants . . . .," the very type of pleading that is "usually prejudicial to the defendants and appropriately stricken," as

---

[1] Plaintiffs used their response to the motion to dismiss to file an unauthorized sur-reply to an assertion in defendant's reply memorandum in support of its motion to consolidate about plaintiffs' counsel having filed 10 actions arising from the same airline crash in state court. (Response, p. 14, n. 14). Mr. Wisner claims that the "Wisner Law Firm" (of which he is the principal) filed only 2 of the 10 actions. However, Mr. Wisner personally signed 9 of the 10 complaints. Only the four-plaintiff complaint in *Siregar v. Hamilton Sundstrand*, No. 07 L 6356, was signed by someone other than Mr. Wisner.

noted in Wright & Miller and cited approvingly in this District. (See Honeywell's motion, p. 4). Even though the allegations are directed to Hamilton Sundstrand, they prejudice Honeywell by confusing the issue about who is responsible for which alleged acts and omissions, and could prompt the jury to attempt to hold Honeywell responsible for the acts of Hamilton Sundstrand, an unnamed party (*Id.*), even though plaintiffs deny that Honeywell is being sued on a successor liability theory and without filing any such suit.

### II. The Cases Cited in the Response Do Not Support Denial of Honeywell's Motion to Strike

Contrary to plaintiffs' suggestion, the courts in this Circuit have not adopted a general disfavor towards motions to strike. Motions to strike certainly should be denied where they are used "solely to cause delay," as stated by the court in *Cima v. Wellpoint Healthcare Networks, Inc.*, 2007 WL 1068252 (S.D. Ill. Apr. 6, 2007), just as should any motion so used.[2] Every Rule 12(f) motion, like the unique pleading to which it is directed, should be decided on its merits, as the Seventh Circuit did in *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989). Contrary to plaintiffs' claim, in *Heller Financial*, the Seventh Circuit <u>affirmed</u> Judge Zagel's decision to strike all of defendant's affirmative defenses. While that respondent placed great reliance on the proposition that motions to strike are disfavored, the Seventh Circuit was not persuaded and stated that, "where, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." 883 F.2d at 1294. Here, the allegations that

---

[2] *Cima* is wholly distinguishable from this case. *Cima* did not involve a motion to strike allegations of a complaint, but to strike exhibits to a complaint on the basis that they contained confidential information. A magistrate judge concluded that a protective order covered one exhibit, which it struck from the record, but declined to strike the remaining exhibits because they did not in fact contain confidential information. *See id.* at *2. On appeal of the magistrate judge's decision to deny the remainder of defendants' motion to strike, the district court held that the defendants waived their right to even move to have the exhibits stricken by (1) not complying with Rule 12(f)'s 20 day requirement (the defendants filed their motion 390 days after filing their motion to dismiss), (2) filing a responsive pleading prior to their motion to strike, (3) not raising an objection to the exhibits in their first Rule 12 motion, and (4) not offering an explanation why the disputed documents are prejudicial. *See id.* at *4-*5.

Honeywell seeks to strike are not only "unnecessary clutter," but are also prejudicial to Honeywell and intended to be so by the pleader.

Upon close examination, plaintiffs' other string-cited "disfavor" cases are distinguishable or otherwise do not support the argument against striking the complaint's immaterial and impertinent allegations. In *Robinson v. Midlane Club, Inc.*, 1994 WL 577219 (N.D. Ill. Oct. 18, 1994), the plaintiff brought a four-count complaint against defendant, which alleged breach of fiduciary duty, fraud, breach of an employment agreement and sought payment for loans allegedly owed to him. *Robinson* at *1. The defendant moved to strike all four counts of the complaint. Judge Marovich denied the motion to strike on the basis that the defendants "have moved to strike not merely portions or even paragraphs of the pleading," but the entire amended complaint. *Id.* at *2. The court held that such "blanket general objections" to an entire pleading were not appropriate for a motion to strike and would fit more comfortably within a motion to dismiss pursuant to Rule 12(b)(6). Here, Honeywell is appropriately moving under both Rules 12(f) and 12(b)(6).

The *Cannata v. Forest Pres. Dist.*, 2002 WL 2927604 (N.D. Ill. Oct. 11, 2006) case cited by plaintiffs is also distinguishable as that case involved a motion to strike that improperly sought to challenge the legal sufficiency of the complaint. In *Cannata*, defendants moved to strike plaintiff's CERCLA class allegations for failure to state an element of liability. *See Cannata* at *6. The court denied the motion to strike because the "ground cited by the defendants for invoking Rule 12(f) – the failure to sufficiently allege response cost – did not fit into any category of material that the court is authorized to strike under Rule 12(f)." *Id.* Here, in contrast, Honeywell's motion to strike is explicitly directed to the complaint's "numerous *impertinent* and *immaterial* allegations about Hamilton Sundstrand . . . " (Motion, p. 1, emphasis supplied) – allegations of the kind that are the predicate for a Rule 12(f) motion.

In another "disfavor" case cited by plaintiffs, *Alexander v. Northeastern Ill. Univ.*, 2008 U.S. Dist LEXIS 48719, Judge Gottschall <u>granted</u> defendant's motion to strike in substantial part, as to plaintiff's punitive damage request and certain previously dismissed claims. Plaintiffs

claim that *Alexander* cited *Davis v. Ruby Foods, Inc.*, 269 F.3d 818 (7th Cir. 2001), which plaintiffs cite for the proposition that "[i]n fact, the 7th Circuit has advised defense counsel against filing motions to strike (advice which this defendant's counsel has chosen to ignore)." (Response, p. 5.) However, plaintiffs have misstated the Seventh Circuit's "advice," as a set-up to falsely accusing Honeywell's counsel of having "chosen to ignore" that advice. What the Seventh Circuit said, as accurately quoted by Judge Gottschall, is that "[w]e also take this opportunity to advise defense counsel against moving to strike extraneous matter *unless its presence in the complaint is actually prejudicial to the defense.*" *Davis v. Ruby Foods*, 269 F.3d 818, 821 (7th Cir. 2001) (Emphasis supplied). That advice is not applicable here since not only are plaintiffs' claims prejudicial, but the "advice" was directed solely to the defense counsel in the *Davis* case and not, as plaintiffs incorrectly state, directed to defense counsel throughout the Seventh Circuit.[3]

In *Mosley v. McDonald's Corp.*, 2006 WL 3541872 (N.D. Ill. Dec. 6, 2006), also cited in the Response, the *pro se* plaintiff was a McDonald's restaurant maintenance worker crafting his own complaint for racial discrimination and intentional infliction of emotional distress. Judge Filip denied defendant's motion to strike certain repetitive allegations in the plaintiff's complaint. *Mosley* at *6. The court denied the motion to strike the complaint on the basis that the defendant did not show how it was "meaningfully prejudiced by having to respond to limited duplicative allegations." *Id.* at *7. The court pointed out that the plaintiff was litigating *pro se* and should not be held to the stringent standards expected of pleadings drafted by lawyers and that the substance of the pleading was ascertainable. *Id.* Here, unlike the plaintiff in *Mosley*, the plaintiffs are not *pro se* but are represented by experienced counsel who specialize in aviation litigation. Honeywell's motion is not based on the allegations of paragraphs 4 through 12 being

---

[3] Both the context of the entire *Davis* opinion in which the "advice" appears and the wording of the advice show that Judge Posner, the author of the *Davis* opinion, was not issuing a general edict to defense lawyers. The advice refers to "*the* complaint," not "*a* complaint" or "*any* complaint." Furthermore, a Rule 12(f) motion to strike is not limited to complaints, but may be directed to "any pleading' so if Judge Posner had intended a general admonition beyond the attorneys in the case before him, he would have directed it to "attorneys," not just to the defense bar.

duplicative or repetitious, but on the allegations being immaterial and impertinent, and prejudicial to Honeywell because they confuse the issues of its liability with the liability of a non-party, Hamilton Sundstrand, and create a risk that the jury will impose liability for the wrong reasons.

In the final Rule 12(f) case cited in the Response, *Walker v. Bankers Life & Cas. Co.*, 2007 WL 967888 (N.D. Ill. Mar. 28, 2007), the court did not actually rule on defendant's motion to strike, which was brought in the alternative to their motion to dismiss, which motion to dismiss was granted.[4]

### III. The Court Should Dismiss the Remainder of the Complaint

Plaintiffs claim that the Court should deny Honeywell's motion to dismiss, because "conclusory statements are not barred entirely from federal pleadings." (Response, p. 13). Honeywell agrees that conclusory statements are not barred <u>entirely</u>. However, that does not support the converse, that a federal pleading may consist <u>entirely</u> of conclusory statements. In *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989) (cited by plaintiffs as a motion to strike "disfavor" case), the Seventh Circuit affirmed Judge Zagel's striking of affirmative defenses alleging that the "equipment was unmerchantable," "the contracts were unconscionable," and "the interest rates were usurious." 883 F.2d at 1294. The Seventh Circuit concluded that these were "nothing but bare bones conclusory allegations" that "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims." 883 F.2d at 1295.

---

[4] *Walker* involved a putative class action suit, in which the defendant moved to dismiss the complaint because the contract's choice of law clause required the complaint be pled under Illinois law. *See Walker* at *2. Alternatively, the defendant moved to strike the claims brought under California law because the choice of law clause rendered the California claims immaterial and impertinent under Illinois law. *See id.* The court dismissed counts I (preliminary and permanent injunction) and II (misclassification) of the complaint because California law did not provide independent causes of action for them and they were otherwise precluded by the choice of law clause. *See id.* at *4-*5. The court did not dismiss or strike counts III, IV, and V (tort claims) of the complaint, however, because California law correctly applied to them. *See id.* at *5-*6.

Moreover, *Clark Equipment Co. v. Dial Corp.*, 25 F.3d 1384 (7th Cir. 1994) is the only case cited by plaintiffs regarding the possible duty to warn about a product defect on the part of a company that has bought the product manufacturer's assets. (Response, p. 9). *Clark Equipment* is procedurally and substantively inapposite to this case. As a threshold matter, *Clark Equipment* started with a lawsuit in the Northern District of Illinois not for personal injury based upon failure to warn, but for breach of an indemnity contract by the asset purchaser against a construction crane manufacturer/seller. The purchaser sought indemnification for its settlement of a personal injury lawsuit filed against it in federal court in New Hampshire by an injured construction worker. The issue in the Illinois federal proceedings was whether the New Hampshire claims constituted "product liability" claims within the meaning of the indemnity agreement. The Seventh Circuit did recount some of the allegations and evidence in the New Hampshire proceedings, but did not decide the legal sufficiency of the injured worker's pleaded claims because that issue was not before it and the New Hampshire case had been settled.

Moreover, the allegations in the New Hampshire personal injury complaint that preceded the *Clark Equipment* indemnity contract litigation in the Northern District and Seventh Circuit were very different from the conclusory allegations here. In the New Hampshire complaint, the injured plaintiff had alleged that the defendant, who continued to manufacture and sell construction cranes and also service cranes that had been manufactured prior to the asset sale, had "direct and specific knowledge of a defective and dangerous condition," in the crane that injured the plaintiff because it had in fact serviced that specific crane. *Clark Equipment*, 25 F.3d at 1386. The Seventh Circuit noted that the asset purchaser had "actually serviced the crane which injured [plaintiff] and about which it is alleged to have known of a hidden and potentially lethal danger, and could easily have warned the owner." *Id.* at 1387.

The conclusory allegations of the alleged duty to warn and alleged breach of that duty in paragraphs 13 and 14 of the complaint are not comparable to providing the notice supplied by the allegations in the *Clark Equipment* complaint. Plaintiffs do not allege that Honeywell ever saw, let alone maintained, a GPWS computer that was aboard Garuda Airlines Flight GA-152. *Clark*

*Equipment* does not support plaintiffs' argument that the complaint sufficiently states a claim to avoid dismissal under Rule 12(b)(6).

The Seventh Circuit clearly articulated the standard for Rule 12(b)(6) motions in 2007, and stated:

> Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court.

*E.E.O.C. v. Concentra Health Services*, 496 F.3d 773, 776 (internal quotation marks and citations omitted).[5] This is still the law in this Circuit. Plaintiffs' assertion that the motion to dismiss did not cite *Airborne Beepers & Video, Inc. v. ATT Mobility LLC*, 449 F.3d 663 (7th Cir. 2007) is unwarranted. *E.E.O.C.* was decided on August 3, 2007. *Airborne Beepers* was decided on August 24, 2007, less than three weeks later, and made no change in Rule 12(b)(6) law. Indeed, only *E.E.O.C.* involved the granting of a Rule 12(b)(6) motion to dismiss; on the other hand, *Airborne Beepers* merely involved a denial of a motion for leave to amend, and the opinion specifically stated that "the only question presented in this appeal is whether the district court

---

5   Contrary to plaintiffs' assertion, the amended complaint in *E.E.O.C.*, which was dismissed pursuant to Rule 12(b)(6), did not merely "alleg[e] a termination in violation of Title VII without identifying that violation." (Response, p. 11, n. 11). Rather, plaintiff alleged that the employer had retaliated against him "after he opposed conduct in the workplace that he objectively and reasonably believed in good faith violated Title VII by reporting the conduct to [employer's] Director of Human Resources. [Employer's] retaliation includes, but is not limited to, issuing [plaintiff] unwarranted negative evaluations and terminating him." *E.E.O.C.*, 496 F.3d at 776. The allegations of the complaint in this action are no less conclusory than those in the amended complaint in *E.E.O.C.* that the Seventh Circuit held warranted Rule 12(b)(6) dismissal.

abused its discretion in denying plaintiff leave to file a fourth amended complaint." 449 F.3d at 664.[6]

Plaintiffs' suggest that "*post-E.E.O.C.*" cases have changed the law. (Response, p. 12). However, a reading of plaintiffs cited authorities reveals that no such thing has happened. *Lang v. TCF National Bank*, 249 Fed. Appx. 464 (7th Cir. 2007), a Fair Credit Reporting Act case, cited *E.E.O.C.* approvingly. The court in *Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007) did the same. Furthermore, portions of *Killingsworth* that plaintiffs omitted from their Response are also instructive:

> The Court explained in *Bell Atlantic* that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-65. Instead, the Court held, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965; *see also* EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776-77 (7th Cir.2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir.2007). Although this does "not require heightened fact pleading of specifics," it does require the complaint to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 127 S.Ct. at 1974.

*Id.* Thus, the law in the Seventh Circuit requires more than mere conclusions. There must be some "factual allegations," and in fact, "enough facts" to state a plausible claim for relief on the face of the complaint.[7]

---

[6] Plaintiffs improperly claim that Honeywell's motion, filed July 3, 2008, describes *Choyce v. Friar*, decided June 24, 2008, just 9 days earlier, as a 'very recent decision," (p. 12, n. 13). Plaintiffs proceeds to string-cite "more recent decisions from this District," which were not available in legal research databases as of the time of filing of Honeywell's motion. These cited cases warrant no comment, except for *Mull v. Abbott Laboratories*, 2008 WL 2596664 (N. D. Ill. June 30, 2008). Plaintiffs' parenthetical summary claims that *Mull* stated that the "7th Circuit has reaffirmed minimal pleading standard." In fact, the *Mull* opinion referred to the "minimal pleading standards *that apply to Title VII claims*." Id. at *4. (Emphasis supplied).

[7] *Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008), cited by plaintiffs, also broke no new ground regarding the legal standards governing Rule 12(b)(6) motions. *Tamaya*, a Title VII sex discrimination case, cited and followed *E.E.O.C.*, and discussed it at length.

Plaintiffs claim that Honeywell's counsel should have, in effect, orally presented Honeywell's Rule 12(b)(6) motion to dismiss to plaintiffs at the parties' Rule 26 conference on July 2, 2008. Nothing in the rules or case law requires a party to attempt to persuade another party of the substantial insufficiency of its pleadings before bringing a Rule 12(b)(6) motion. Furthermore, plaintiffs' Response suggests any such oral presentation would have been futile. Honeywell has filed its motion to strike or dismiss, and plaintiffs have not asserted that they will voluntarily correct the complaint.

### IV. Conclusion

The Court should strike paragraphs 4 through 12 of the complaint as immaterial and impertinent. The allegations about Hamilton Sundstrand's alleged acts and omissions are not offered as "background facts." These allegations are prejudicial to Honeywell, while the striking of the allegations of wrongdoing by Hamilton Sundstrand will not prejudice any party.

The Court should also dismiss the complaint for failure to state a claim. It is not enough to simply allege the conclusion that there was a duty to warn and a breach of that duty. To be sufficient, the pleading must put Honeywell on notice of the grounds for the claim with some factual allegations containing "enough facts" to state a plausible claim. The complaint does not meet that test.

          /s/ William F. DeYoung
One of the Attorneys for Defendant
HONEYWELL INTERNATIONAL, INC.

William F. DeYoung
Loretto M. Kennedy
Mark A. Stang
Kendall E. Woods
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 444-9300

STATE OF ILLINOIS      )
                       ) ss:
COUNTY OF COOK         )

## AFFIDAVIT OF SERVICE

I, Kendall E. Woods, an attorney, state that I caused a true and correct copy of Honeywell International's Reply Memorandum in Support of its Motion to Strike and Dismiss the Complaint, a copy of said document having been simultaneously served upon the parties, to be served via the CM/ECF system, which will send notification of such filing to all parties listed as attorneys of record, before 4:00 p.m. on the 19th day of August, 2008, upon the following counsel of record:

Floyd A. Wisner, Esq.
Wisner Law Firm
934 S. 4th St.
St. Charles, IL 60174
Telephone: (630) 513-9434
Facsimile: (630) 513-0716

/s/ Kendall E. Woods