# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Ronald A. Guzman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2178 | **DATE** | 9/2/2008 |
| **CASE TITLE** | Ella Madanella Dwi Mustika, et al. vs. Honeywell International | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, the Court dismisses this suit for lack of subject matter jurisdiction and strikes as moot plaintiffs' motion to reassign and consolidate [doc. no. 11] and defendant's motion to dismiss [doc. no. 16]. Plaintiffs have fourteen days from the date of this Order to amend their complaint, if they can do so and comply with Federal Rule of Civil Procedure 11.

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

This case and *Sumiati v. Hamilton Sunstrand Corp.*, No. 08 C 3289, assigned to Judge Hibbler, arise from a 1997 airplane crash in Indonesia. Hamilton Sunstrand asks the Court to reassign *Sumiati* to its calendar as related to this case so the actions can be consolidated pursuant to Federal Rule of Civil Procedure ("Rule") 42.

Two actions can be consolidated under Federal Rule of Civil Procedure 42 if, among other things, both "actions [are] before the court." Fed. R. Civ. P. 42(a). A case is before the court, within the meaning of this Rule, only if the Court has subject matter jurisdiction over it. *Empire Distrib., Inc. v. Am. Express Travel Related Servs. Co.*, No. 89 C 9571, 1990 WL 78030, at *3 (N.D. Ill. Jun. 1, 1990) ("[A] federal court has no power to consolidate a case over which it is has no jurisdiction." (citations omitted)); *see U.S. ex rel. Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) (holding that "an improperly removed action" is not pending before the court for purposes of Rule 42). Thus, the Court must determine whether it has subject matter jurisdiction over the two cases before it can determine whether consolidation is appropriate.

Plaintiffs contend that the Court has diversity jurisdiction over this case. (Compl. ¶ 3.) In support of that contention, plaintiffs allege that they are "residents" of Singapore or Indonesia and defendant is "a foreign corporation which does business in this state and district." (*Id.* ¶ 1.)

However, diversity jurisdiction is premised on the parties' citizenship, not their residences or places of business. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . *citizens* of a State and citizens or subjects of a foreign state . . . ." (emphasis added)); *id.* (c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."); *Metro. Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991) ("That Metropolitan Life does lots of business in Illinois is . . . irrelevant, so long as the record reveals (as it does) that its 'principal' place of business is elsewhere."). Because plaintiffs have not identified the states or countries of which the parties are citizens, they have not established that the Court has diversity jurisdiction over this suit.

Given plaintiffs' defective jurisdictional allegations, the Court dismisses this suit without prejudice, and strikes as moot plaintiffs' motion to consolidate and defendant's motion to dismiss.